UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

| | | |
|---|---|---|
| ALEC SHARP, et al. | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 3:02 CV 1572 (CFD) |
| | : | |
| PRICEWATERHOUSECOOPERS LLP | : | |
| D/B/A PRICE WATERHOUSE LLP, | : | |
|     Defendant. | : | |

_____

| | | |
|---|---|---|
| GOLDEN WEST REFINING CORP. LTD., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 3:02 CV 1379 (CFD) |
| | : | |
| PRICEWATERHOUSECOOPERS LLP | : | |
| AND COOPERS & LYBRAND LLP, | : | |
|     Defendants. | : | |

_____

| | | |
|---|---|---|
| HANDY & HARMAN REFINING | : | |
| GROUP, INC. | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 3:02 CV 1803 (CFD) |
| | : | |
| PRICEWATERHOUSECOOPERS LLP | : | |
| | : | |
|     Defendant. | : | January 23, 2004 |

-2-

## ANSWER TO FIRST AMENDED COMPLAINT OF
## GOLDEN WEST REFINING CORPORATION LIMITED

Defendant, PricewaterhouseCoopers LLP, on behalf of itself and its predecessor, defendant Coopers & Lybrand L.L.P. (collectively, "PwC"), by its counsel, Day, Berry & Howard LLP, answers the First Amended Complaint of plaintiff Golden West Refining Corporation Limited ("GWRC") dated January 8, 2004, as follows:

### COUNT ONE:  NEGLIGENCE

### The Parties

1.      States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1, and therefore leaves plaintiff to its proof.

2.      States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2, and therefore leaves plaintiff to its proof, except admits, upon information and belief, that between August 1996 and March 2000, GWRC owned 100% of the common stock of Handy & Harman Refining Group, Inc. ("HHRG"), a Connecticut corporation with its principal place of business in South Windsor, Connecticut.

3.      Denies the allegations set forth in paragraph 3, except admits that PricewaterhouseCoopers LLP is a Delaware limited liability partnership that does business in Connecticut, and that between mid-1996 and early June 2000, PwC and its predecessor, Coopers &

Lybrand L.L.P. (collectively, "PwC"), performed various professional engagements at the request of HHRG.

4. Denies the allegations set forth in paragraph 4, except admits that Coopers & Lybrand L.L.P. and Price Waterhouse LLP merged their professional practices on or about July 1, 1998 to form PricewaterhouseCoopers LLP; and that between mid-1996 and early June 2000, PwC performed various professional engagements at the request of HHRG.

5. Denies the allegations set forth in paragraph 5.

**Jurisdiction**

6. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6, and therefore leaves the plaintiff to its proof.

7. Admits the allegations set forth in paragraph 7.

8. Denies the allegations set forth in paragraph 8, except admits that on or about July 1, 1998 Coopers & Lybrand L.L.P. and Price Waterhouse LLP merged their professional practices to form PricewaterhouseCoopers LLP and that PricewaterhouseCoopers LLP is the successor to Coopers & Lybrand L.L.P.

**The Relationship Between The Parties**

9. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9, and therefore leaves plaintiff to its proof.

10.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10, and therefore leaves plaintiff to its proof.

11.     Denies the allegations set forth in paragraph 11, except admits that in 1996, GWRC engaged PwC to conduct due diligence in connection with the acquisition by GWRC of the Precious Metals Refining Division ("PMRD") of Handy & Harman, Inc. ("H&H") and PwC reviewed certain information and data as part of that due diligence.

12.     Denies the allegations set forth in paragraph 12.

13.     States that it is with knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and therefore leaves plaintiff to its proof, except admits, upon information and belief, that GWRC acquired the business and related assets of PMRD in August 1996.

14.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and therefore leaves plaintiff to its proof, except admits, upon information and belief, that HHRG was incorporated in Connecticut.

15.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and therefore leaves plaintiff to its proof, except admits, upon information and belief, that Attleboro Refining Company was a subsidiary of HHRG.

16. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16, and therefore leaves plaintiff to its proof, except admits, upon information and belief, that from August 1996 to in or about March, 2000 HHRG was a refiner of precious metals, including gold and silver.

17. Admits, upon information and belief, that HHRG commenced its operations in August 1996.

18. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18, and therefore leaves plaintiff to its proof.

19. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19, and therefore leaves the plaintiff to its proof.

20. Denies the allegations set forth in paragraph 20, except admits that HHRG engaged PwC to audit its financial statements for the abbreviated period ended March 31, 1997.

21. Denies the allegations set forth in paragraph 21.

22. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22, and therefore leaves the plaintiff to its proof.

23. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23, and therefore leaves the plaintiff to its proof.

24. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24, and therefore leaves the plaintiff to its proof.

25.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore leaves the plaintiff to its proof.

26.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26, and therefore leaves the plaintiff to its proof, except admits upon information and belief that Panexim SA ("Panexim") was an entity doing business in Peru in or around September 1996.

27.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27, and therefore leaves the plaintiff to its proof, except admits, upon information and belief, that beginning in or around September 1996, Panexim exported precious metals from Peru to HHRG.

28.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28, and therefore leaves the plaintiff to its proof, except admits, upon information and belief, that beginning in or around September 1996, Panexim exported precious metals from Peru to HHRG..

29.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29, and therefore leaves the plaintiff to its proof.

30.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30, and therefore leaves the plaintiff to its proof.

31.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31, and therefore leaves the plaintiff to its proof.

32.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32, and therefore leaves the plaintiff to its proof.

33.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33, and therefore leaves the plaintiff to its proof.

34.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34, and therefore leaves the plaintiff to its proof.

35.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35, and therefore leaves the plaintiff to its proof.

36.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36, and therefore leaves the plaintiff to its proof.

37.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37, and therefore leaves the plaintiff to its proof.

38.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38, and therefore leaves the plaintiff to its proof.

39.     Denies the allegations set forth in paragraph 39, except admits that the subject of an advance to Panexim was reflected in a PwC workpaper, which workpaper speaks for itself.

40. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40, and therefore leaves the plaintiff to its proof.

41. Denies the allegations set forth in paragraph 41.

42. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42, and therefore leaves the plaintiff to its proof.

43. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43, and therefore leaves the plaintiff to its proof.

44. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44, and therefore leaves the plaintiff to its proof.

45. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45, and therefore leaves the plaintiff to its proof.

46. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46, and therefore leaves the plaintiff to its proof.

47. Admits, upon information and belief, the allegations set forth in paragraph 47.

48. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48, and therefore leaves the plaintiff to its proof.

49. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49, and therefore leaves the plaintiff to its proof.

50. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50, and therefore leaves the plaintiff to its proof.

51. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51, and therefore leaves the plaintiff to its proof.

52. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52, and therefore leaves the plaintiff to its proof.

53. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53, and therefore leaves the plaintiff to its proof.

54. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 and therefore leaves the plaintiff to its proof.

55. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 and therefore leaves the plaintiff to its proof.

56. Denies the allegations set forth in paragraph 56, except admits that HHRG engaged PwC to audit its financial statements for the abbreviated period ended March 31, 1997, and refers to the 1997 engagement letter which speaks for itself.

57. Denies the allegations set forth in paragraph 57, except admits that as part of its audit planning process for 1997, PwC prepared a service plan and refers to the service plan which speaks for itself.

58. PwC admits that it prepared a service plan and refers to the service plan which speaks for itself.

59. PwC admits that it prepared a service plan and refers to the service plan which speaks for itself.

60. Denies the allegations set forth in paragraph 60.

61. Denies the allegations set forth in paragraph 61.

62. Denies the allegations set forth in paragraph 62, except admits that representatives of PwC met periodically with representatives of GWRC.

63. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63, and therefore leaves the plaintiff to its proof.

64. Admits that PwC issued an audit opinion on HHRG financial statements for the period ended March 31, 1998, which speaks for itself; and further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64, and therefore leaves the plaintiff to its proof.

65. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65, and therefore leaves the plaintiff to its proof.

66. Denies the allegations set forth in paragraph 66.

67. Denies the allegations set forth in paragraph 67.

68. Denies the allegations set forth in paragraph 68.

69. Denies the allegations set forth in paragraph 69.

70. Denies the allegations set forth in paragraph 70.

71. Denies the allegations set forth in paragraph 71.

72. Denies the allegations set forth in paragraph 72.

73. Denies the allegations set forth in paragraph 73.

74. Denies the allegations set forth in paragraph 74.

75. Denies the allegations set forth in paragraph 75.

76. Denies the allegations set forth in paragraph 76.

**COUNT TWO: NEGLIGENT MISREPRESENTATION**

1-75. PwC's answers to paragraphs 1-75 of Count One are hereby incorporated by reference as if fully set forth herein.

76. Denies the allegations set forth in paragraph 76.

77. Denies the allegations set forth in paragraph 77.

78. Denies the allegations set forth in paragraph 78.

79. Denies the allegations set forth in paragraph 79.

80. Denies the allegations set forth in paragraph 80.

81. Denies the allegations set forth in paragraph 81.

**COUNT THREE: BREACH OF THIRD PARTY BENEFICIARY CONTRACT**

1-69.   PwC's answers to paragraphs 1-69 of Count One are hereby incorporated by reference as if fully set forth herein.

70.   Denies the allegations set forth in paragraph 70.

71.   Denies the allegations set forth in paragraph 71.

72.   Denies the allegations set forth in paragraph 72.

73.   Denies the allegations set forth in paragraph 73.

74.   Denies the allegations set forth in paragraph 74.

75.   Denies the allegations set forth in paragraph 75.

**COUNT FOUR: BREACH OF FIDUCIARY DUTY**

1-69.   PwC's answers to paragraphs 1-69 of Count One are hereby incorporated by reference as if fully set forth herein.

70.   Denies the allegations set forth in paragraph 70.

71.   Denies the allegations set forth in paragraph 71.

72.   Denies the allegations set forth in paragraph 72.

**FIRST AFFIRMATIVE DEFENSE**

The First Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

At all times, PwC, its employees, agents, and representatives applied proper methods of accounting and conducted all audits in accordance with generally accepted auditing standards.

**THIRD AFFIRMATIVE DEFENSE**

PwC's alleged conduct and actions were not the legal cause of any damages suffered by GWRC.

**FOURTH AFFIRMATIVE DEFENSE**

The claims asserted in the First Amended Complaint are barred by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

The claims asserted in the First Amended Complaint are barred by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

The claims asserted in the First Amended Complaint are barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims asserted in the First Amended Complaint are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

A portion of the claims asserted in the First Amended Complaint are barred by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

If GWRC suffered any harm, injuries and damages as alleged in the First Amended Complaint, which PwC expressly denies, the harm, injury and damages were caused by the negligence and carelessness of GWRC, in that it, and/or its agents or representatives failed to review, to obtain, or properly to analyze or construe information available to GWRC concerning HHRG's business transactions with South American entities such as Casa Piena and Panexim and with other businesses and enterprises.

### TENTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by GWRC's failure to mitigate damages.

### ELEVENTH AFFIRMATIVE DEFENSE

GWRC lacks standing to bring the claims asserted in the First Amended Complaint because the wrongful acts that GWRC alleges should have been discovered by PwC were perpetrated by GWRC, HHRG or their agents and must be imputed to GWRC.

### TWELFTH AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of in pari delicto.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claims are barred by principles of common law indemnity.

**FOURTEENTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM**

1.     In 1997, 1998, and 1999, HHRG engaged PwC to audit the financial statements of HHRG ("the Engagements").  The terms of the engagements were set forth in engagement letters, countersigned on behalf of HHRG, dated April 10, 1997; March 30, 1998; and March 1, 1999.

2.     In accordance with the terms of the Engagements and as required by GAAS, before the conclusion of each audit, PwC obtained from HHRG management a representation letter that, among other things, confirmed the completeness and truthfulness of representations made to PwC during the audit, including representations regarding the absence of fraud involving management of other employees who had significant roles within HHRG's internal control or those involving others that could have a material effect on the financial statements.

3.     Under the terms of the Engagements, HHRG agreed to fully indemnify and hold PwC harmless from all claims, liabilities, losses and costs arising in circumstances where there has been a knowing misrepresentation by a member of HHRG's management, regardless of whether such person was acting in the company's interest.

4.  Upon information and belief, one or more members of management or other employees with significant roles within HHRG engaged in fraud and other such conduct, contrary to representations made by HHRG's management to PwC.

5.  The claims asserted against PwC in this and related actions arise out of the circumstances where there has been a knowing misrepresentation by one or more members of HHRG management to PwC.

6.  GWRC, as alleged third party beneficiary of the Engagement, which PwC expressly denies, is subject to the terms and limitations of the Engagement.

7.  Accordingly, if GWRC suffered any harm, injuries and damages as alleged in the the First Amended Complaint, which PwC expressly denies, GWRC must fully indemnify and hold PwC harmless for all claims, liabilities, losses and costs arising out of this and all related actions, including for the costs of defense against these claims.

### **FIFTEENTH AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM**

1-7. PwC repeats paragraphs 1 through 7 of the Fourteenth Affirmative Defense and First Counterclaim as if fully set forth herein.

8.  Under the doctrines of recoupment and/or setoff, any judgment against PwC must be reduced on account of all amounts to which PwC is entitled as indemnification under the terms of the Engagement agreements.

WHEREFORE, PwC requests that the Court:

(A)  enter judgment in its favor on all Counts and on the Counterclaims;

(B)  award PwC its costs; and

(C)  grant such other and further relief as is just and equitable.

> DEFENDANTS,
> **PRICEWATERHOUSECOOPERS LLP and COOPERS & LYBRAND L.L.P.**
>
> By _____
>   David J. Elliott (ct 04301)
>   Thomas D. Goldberg (ct 04386)
>   Kathleen D. Warner (ct 23973)
>   Day, Berry & Howard LLP
>   CityPlace I
>   Hartford, CT 06103
>   (860) 275-0100 – telephone
>   (860) 275-0343 – facsimile
>   djelliott@dbh.com
>
>   Their Attorneys

## **CERTIFICATION**

THIS IS TO CERTIFY that on this day, a copy of the foregoing was sent via first class mail, postage prepaid, to:

Edward J. Boyle, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639

Daniel McMahon, Esq.
Stefan Dandelles, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
120 N. LaSalle Street
Chicago, IL 60602

William H. Champlin III, Esq.
William S. Fish, Jr., Esq.
Tyler, Cooper & Alcorn
CityPlace – 35th Floor
Hartford, CT 06103

Wolf, Horowitz, Etlinger & Case
99 Pratt Street, 4th Floor
Hartford, CT 06103

Steven R. Humphrey, Esq.
Dina S. Fisher, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Fred N. Knopf, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
3 Gannett Drive
White Plains, NY 10604-3407

Joseph A. Oliva
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400

_____
David J. Elliott