UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

| | | |
|---|---|---|
| ALEC SHARP, et al. | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 3:02 CV 1572 (CFD) |
| | : | |
| PRICEWATERHOUSECOOPERS LLP | : | |
| D/B/A PRICE WATERHOUSE LLP, | : | |
|     Defendant. | : | |

_____

| | | |
|---|---|---|
| GOLDEN WEST REFINING CORP. LTD., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 3:02 CV 1379 (CFD) |
| | : | |
| PRICEWATERHOUSECOOPERS LLP | : | |
| AND COOPERS & LYBRAND LLP, | : | |
|     Defendants. | : | |

_____

| | | |
|---|---|---|
| HANDY & HARMAN REFINING | : | |
| GROUP, INC. | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 3:02 CV 1803 (CFD) |
| | : | |
| PRICEWATERHOUSECOOPERS LLP | : | |
| | : | |
|     Defendant. | : | APRIL 1, 2004 |

**MOTION WITHOUT OBJECTION TO MODIFY**
**CASE MANAGEMENT AND SCHEDULING ORDER**

The defendant, PricewaterhouseCoopers, LLP ("PwC"), with the consent of the plaintiffs, Golden West Refining Corp. ("GWRC") and Handy & Harman Refining Group, Inc. ("HHRG"), hereby moves that the Case Management and Scheduling Order dated May 21, 2003, as modified by Endorsement Order entered May 30, 2003 be further modified in order that an adjusted case management schedule may be ordered in the above cases. Counsel for PwC has consulted with counsel for plaintiff, Alec Sharp, et al, ("Underwriters") who states that he takes no position on the relief requested herein. In support of this motion, PwC states that it believes good cause exists for the granting of this motion:

1. This is the first motion of any party to modify the Case Management and Scheduling Order entered in these actions.

2. At a Status Conference on May 21, 2003 (Smith, U.S.M.J.) a scheduling order was entered. In that scheduling order, Judge Smith indicated that the dates set forth therein were "expandable" by Judge Smith upon a showing that a suitable expansion is appropriate under the circumstances. PwC and the plaintiffs, GWRC and HHRG, believe that a suitable expansion of the scheduling order is appropriate under the circumstances.

3. In the Endorsement Order entered May 30, 2003, the court re-set the deadline for fact discovery to be completed by November 30, 2004 and re-set the date for filing dispositive motions to December 31, 2004.

4. The parties to this motion have pursued discovery diligently and have exchanged or made available for review thousands of pages of documents.

5. More specifically, PwC has directed discovery to HHRG and GWRC. PwC also has directed discovery to Dempsey, Meyers & Company, the certified public accounting firm that prepared, on behalf of HHRG, the Employee Theft Loss claim concerning which Underwriters paid to HHRG $12.5 million in settlement and which serves as the principal basis of Underwriter's subrogation claim against PwC.

6. In response to the above discovery, (a) HHRG has produced or made available for inspection and copying by PwC, more than 600 boxes of documents, comprising, on information and belief, over 1 million pages of documents; (b) GWRC has indicated that more than 400 boxes of documents, comprising, on information and belief, more than 800,000 pages of documents, have arrived from Australia, which documents are being reviewed by GWRC and HHRG; (c) Dempsey, Meyers & Company has produced more than 20 boxes of documents comprising, on information and belief, more than 40,000 pages of documents, which PwC is in the process of reviewing, but which review is not yet complete.

7. The GWRC documents were to have been made available on or about March 1, 2004 for inspection by PwC; however, due to their volume, these documents are still being reviewed by counsel for GWRC and HHRG and will not now be available for review by PwC until approximately mid-April, 2004.

8. HHRG has provided to PwC a 360 page index of HHRG's 600-plus boxes of documents. PwC has begun to conduct its review of the HHRG documents.

9. PwC anticipates that it will take four to six months to complete its review of the documents produced by GWRC, HHRG and Dempsey, Meyers & Company.

10. In addition, in view of the complexity of the cases, PwC expects to be engaging in third-party discovery directed to various individuals, including representatives of GWRC in the United States and Australia and representatives of HHRG both within and without the United States and entities, including insurance companies involved in related cases.

11. Adjustments to the discovery schedule and Case Management Order are necessary to permit a reasonable period of time within which discovery and depositions may be completed.

12. The adjustment in the schedule proposed below reflects an additional one (1) month for fact discovery, five (5) months for expert disclosure and depositions and

damages analyses and moves the dates for filing dispositive motions until one month after completion of the depositions of defendant's experts.

13. PwC, with the consent of plaintiffs, GWRC and HHRG, asserts that the foregoing showing demonstrates that the Case Management and Scheduling Order should be expanded, as initially contemplated by the court in setting the May 21, 2003 Case Management and Scheduling Order.

14. PwC, with the consent of plaintiffs, GWRC and HHRG, requests that the Case Management and Scheduling Order be expanded and modified as set forth below:

   a. All fact discovery, including fact depositions, will be completed by December 31, 2004;
   b. Plaintiff's experts will be disclosed by September 1, 2004, with reports turned over by that date;
   c. Plaintiff's experts will be deposed by November 1, 2004;
   d. Defendant's experts will be disclosed by December 1, 2004, with reports turned over by that date;
   e. Defendant's experts will be deposed by January 15, 2005;
   f. A Damages Analysis will be filed by September 1, 2004.
   g. Dispositive motions, if any, shall be filed by February 15, 2005.

      h.  A Joint Trial Memorandum will be filed by March 15, 2005 or 30 days after the issuance of a ruling on dispositive motions.

WHEREFORE, the defendant, PricewaterhouseCoopers, with the consent of the plaintiffs, GWRC and HHRG, hereby moves to modify the Case Management and Scheduling Order in accordance with this motion.  As set forth above, counsel for Underwriters takes no position with respect to the relief requested herein.

           DEFENDANTS,
           PRICEWATERHOUSECOOPERS LLP and
           COOPERS & LYBRAND L.L.P.


By _____
   David J. Elliott (ct 04301)
   Thomas D. Goldberg (ct 04386)
   Kathleen D. Warner (ct 23973)
   Day, Berry & Howard LLP
   CityPlace I
   Hartford, CT 06103
   (860) 275-0100 – telephone
   (860) 275-0343 – facsimile
   djelliott@dbh.com

      Their Attorneys

## CERTIFICATION

THIS IS TO CERTIFY that on this day, a copy of the foregoing was sent via first class, postage prepaid, to:

Edward J. Boyle, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639

Steven R. Humphrey, Esq.
Dina S. Fisher, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Daniel McMahon, Esq.
Stefan Dandelles, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
120 N. LaSalle Street
Chicago, IL 60602

Fred N. Knopf, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
3 Gannett Drive
White Plains, NY 10604-3407

William H. Champlin III, Esq.
William S. Fish, Jr., Esq.
Tyler, Cooper & Alcorn
CityPlace – 35th Floor
Hartford, CT 06103

Joseph A. Oliva
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400

Wolf, Horowitz, Etlinger & Case
99 Pratt Street, 4th Floor
Hartford, CT 06103

_____
David J. Elliott