UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOLDEN WEST REFINING CORPORATION LIMITED,<br>　　　　Plaintiff,<br><br>　　v.<br><br>PRICEWATERHOUSECOOPERS LLP AND COOPERS & LYBRAND LLP,<br>　　　　Defendants. | CIVIL ACTION NO.<br>3:02 CV 1379 (CFD) |
| ALEC SHARP, ET AL,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>PRICEWATERHOUSE COOPERS LLP D/B/A PRICE WATERHOUSE LLP,<br>　　　　Defendant. | CIVIL ACTION NO.<br>3:02 CV 1572 (CFD) |
| HANDY & HARMAN REFINING GROUP, INC.,<br>　　　　Plaintiff,<br><br>　　v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br>　　　　Defendant. | CIVIL ACTION NO.<br>3:02 CV 1803 (CFD) |
| IN RE:<br><br>HANDY & HARMAN REFINING GROUP, INC.,<br>　　　　Debtor.<br><br>HANDY & HARMAN REFINING GROUP, INC., ET AL.,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE CHUBB CORPORATION, ET AL.,<br>　　　　Defendants. | CIVIL ACTION NO.<br>3:03 CV 1243 (CFD)<br><br><br>APRIL 29, 2004 |

**MOTION FOR PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Credit Suisse First Boston LLC

("CSFB"), moves for the entry of the attached Stipulation and Protective Order (the "Stipulation") concerning documents made available by CSFB in response to a subpoena *duces tecum* served upon it by PricwaterhouseCoopers LLP.  This Motion has been consented to by counsel for Alec Sharp, et al.

| | |
|---|---|
| Dated: Hartford, Connecticut | CREDIT SUISSE FIRST BOSTON INTERNATIONAL |
| April 29, 2004 | |

By:_____\S_____
   Gregory Nye, Esq.
   Email. gregory. nye@bingham. com
   Susan Kim, Esq.
   Email: susan.kim@bingham.com
   Bingham McCutchen LLP
   One State Street
   Hartford, CT 06103-3178
   Tel: (860) 240-2751
   Fax: (860) 278-8968 Its Attorneys

2.1
CTDOCS/1587138.1

| | |
|---|---|
| GOLDEN WEST REFINING CORPORATION LIMITED,<br>　　　　Plaintiff,<br><br>　　v.<br><br>PRICEWATERHOUSECOOPERS LLP AND COOPERS & LYBRAND LLP,<br>　　　　Defendants. | CIVIL ACTION NO.<br>3:02 CV 1379 (CFD) |
| ALEC SHARP, ET AL,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>PRICEWATERHOUSE COOPERS LLP D/B/A PRICE WATERHOUSE LLP,<br>　　　　Defendant. | CIVIL ACTION NO.<br>3:02 CV 1572 (CFD) |
| HANDY & HARMAN REFINING GROUP, INC.,<br>　　　　Plaintiff,<br><br>　　v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br>　　　　Defendant. | CIVIL ACTION NO.<br>3:02 CV 1803 (CFD) |
| IN RE:<br><br>HANDY & HARMAN REFINING GROUP, INC.,<br>　　　　Debtor.<br><br>HANDY & HARMAN REFINING GROUP, INC., ET AL.,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE CHUBB CORPORATION, ET AL.,<br>　　　　Defendants. | CIVIL ACTION NO.<br>3:03 CV 1243 (CFD)<br><br><br><br><br><br>APRIL 28, 2004 |

## STIPULATION AND PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Stipulation and Protective Order ("Order") at the request of Alec Sharp, individually and as

representative of Certain Underwriters at Lloyd's London, Chubb Insurance Company of Europe, Reliance National Insurance Company (Europe) Limited, New Hampshire Insurance Company Per AIG Europe (UK) Limited, Liberty Mutual Insurance Company (UK Limited), Scor UK Limited, Sorema UK Limited Per Specialist Underwriters Limited (Trenwick), Eagle Star Re (ERC Frankona), Zurich Insurance Company, Swiss Re International, Royal Sun Alliance PLC, all subscribing to Policy No. 834/FB9700166 (collectively, "Underwriters"), and Credit Suisse First Boston International ("CSFB"), for the purpose of assuring the confidentiality of certain information that may be disclosed in this action by CSFB.

1. Any information designated by CSFB as "Confidential Information" that may be produced by CSFB in documentary form, as an oral statement, or in any other form (a) shall be used solely for the purpose of this action; (b) shall be disclosed only to the individuals identified in paragraph 2(a)-(d) of this Order; and (c) shall not be published to the public in any form by the parties or their counsel or by the individuals identified in paragraph 2(a)-(d) of this Order.

2. Use of information designated by CSFB as "Confidential Information" shall be restricted to the following persons:

(a) Attorneys employed by Underwriters to the above-captioned action and employees of such attorneys to whom it is necessary that the information be disclosed for purposes of this action;

(b) Such employees of Underwriters as are necessary to assist in the prosecution of this action;

(c) Independent persons (including independent accountants, statisticians, economists, or other technical experts) retained by Underwriters to the above captioned action, or by their attorneys, solely for the purpose of assisting in the preparation of this action, provided that any such independent persons have executed a written agreement to be bound by the terms of the Order and have been provided with a copy of the Order;

(d) Court reporters or stenographers engaged to record deposition testimony, and

their employees;

   (e)  A witness at deposition or trial, but only after such witness first agrees to be bound by the terms of this Order either on the record or by written acknowledgement;

   (f)  Other persons as may be authorized by the Court.

  3. Information shall constitute "Confidential Information" when CSFB marks each page of a document (or any copy of that document) "Confidential"; when CSFB provides written notice to counsel that a document (or part of a document) is "Confidential"; or when CSFB states on the record during an oral deposition that a statement is "Confidential."

  4.  Nothing shall prevent disclosure beyond the terms of this Order in the event that CSFB consents to such disclosure or in the event that the Court orders such disclosure.

  5. This confidentiality obligation shall not extend to Confidential Information that the receiving party can demonstrate (a) is or becomes known or available to the public without fault of the receiving party, (b) was in the receiving party's possession prior to its receipt from the other party, or (c) is or becomes rightfully available to the receiving party from a source in lawful possession of the Confidential Information who is not under an obligation of confidentiality.

  6.  All information designated by CSFB as "Confidential Information" that may appear in any pleading, motion, transcript, or other paper that is submitted or filed with the Court shall be submitted or filed, in whole or in part, under seal and maintained under seal until further order of the Court.

  7.  Any inadvertent disclosure by CSFB of "Confidential Information," regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of CSFB's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or as to the same or related subject matter.

  8.  Within sixty (60) days after the conclusion of this action, the originals and reproductions of any documents produced by CSFB that contain information designated by CSFB as "Confidential Information" shall either be returned to CSFB or the party to which such documents were produced shall certify to CSFB that such documents have been destroyed, provided that counsel

213717.1
CTDOCS/1587138.1

for Underwriters shall be entitled to retain one copy for their files of any material filed with the Court, subject to the continued protections of this Order.

| | |
|---|---|
| Dated: Hartford, Connecticut<br><br>April 29, 2004 | CREDIT SUISSE FIRST BOSTON INTERNATIONAL<br><br>By:_____\S_____<br>Gregory Nye, Esq.<br>Email. gregory. nye@bingham. com<br>Susan Kim, Esq.<br>Email: susan.kim@bingham.com<br>Bingham McCutchen LLP<br>One State Street<br>Hartford, CT 06103-3178<br>Tel: (860) 240-2751<br>Fax: (860) 278-8968  Its Attorneys |

-5

Dated:  Chicago, Illinois

April 28, 2004

          PLAINTIFFS,
ALEC SHARP, et al.,

By:_____\S_____
   Daniel McMahon, Esq.
   Email:  mcmahond@wemed.com
   Stefan Dadelles, Esq.
   Email:  dandelless@wemed.com
   Wilson, Elser, Moskowitz, Edelman & Dicker
   120 N. LaSalle Street
   Chicago, IL 60602
   Tel: (312) 704-0550
   Fax: (312) 704-1522
   Its Attorneys

SO ORDERED:

_____

**CERTIFICATE OF SERVICE**

This certifies that on this 29th day of April, 2004, a copy of the foregoing Motion for Protective Order was sent via first-class U.S. mail, postage paid to:

Thomas D. Goldberg, Esq. David J. Elliott, Esq. William H. Erickson, Esq.
Day, Berry & Howard LLP CityPlace I
Hartford, Connecticut 06103

Daniel McMahon, Esq.
Stefan Dandelles, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
120 N. LaSalle Street Chicago, Illinois 60602

Joseph J. Koltun, Esq.
Philip H. Kalban, Esq. Fischbein-Badillo-Wagner-Harding 909 Third Avenue New York, New York 10022

Fred N. Knopf, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
3 Gannett Drive
White Plains, New York 10604-3407

James McCullough, Esq.
Joseph A. Oliva, Esq.
Segwick, Detert, Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400

Edward J. Boyle, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, New York 10017-5639

William H. Champlin III, Esq.
William S. Fish, Jr., Esq. Tyler, Cooper & Alcorn
CityPlace - 35th Floor
Hartford, Connecticut 06103

Steven R. Humphrey, Esq.
Dina S. Fisher, Esq.
Robinson & Cole LLP 280 Trumbull Street
Hartford, Connecticut 06103-3597

Charles T. Lee, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, Connecticut 06901

\s\
Susan Kim

CTDOCS/1587138.1