UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GOLDEN WEST REFINING CORP. LTD., : | | |
| Plaintiff, : | | |
| : | NO. 3:02CV1379 (MRK) | |
| v. : | | |
| : | | |
| PRICEWATERHOUSECOOPERS LLP : | | |
| AND COOPERS & LYBRAND LLP, : | | |
| Defendants. : | | |
| | | |
| ALEC SHARP, et al. : | | |
| Plaintiffs, : | | |
| : | NO. 3:02CV1572 (MRK) | |
| v. : | | |
| : | | |
| PRICEWATERHOUSECOOPERS LLP : | | |
| D/B/A PRICE WATERHOUSE LLP, : | | |
| Defendants. : | | |
| | | |
| HANDY & HARMAN REFINING : | | |
| GROUP, INC. : | | |
| Plaintiff, : | NO. 3:02CV1803 (MRK) | |
| : | | |
| v. : | | |
| : | | |
| PRICEWATERHOUSECOOPERS LLP : | | |
| Defendant. : | | |

**ORDER**

The Court having conferred with the parties in open court on May 10, 2004, and for the reasons stated on the record, the Court enters the following orders:

1. PricewaterhouseCoopers LLP's Motion to Dismiss [doc. #24] is DENIED as moot in view of the amendment of plaintiffs' Complaints.

2. PricewaterhouseCoopers LLP's Motions to Dismiss, or Alternatively, to Order Joinder of Necessary Parties [doc. ## 26, 27] are DENIED as moot in view of the parties' stipulation in open court on May 10, 2004 and this Court's order herein, on oral joint motion of the parties, consolidating the above-captioned cases not only for pretrial purposes but also for trial.

3. The Motions for Protective Order [doc. ## 49, 52] are GRANTED with the exceptions of Paragraph ## 1 and 2 of doc. # 52 insofar as they relate to Court Proceedings.  If either party wants to designate anything filed with the Court as confidential and place it under seal, that party will have to make a separate motion, specifying precisely what is to be kept under seal and demonstrating good cause as to why the Court should depart from the strong presumption against sealing any court records to public inspection. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 579-99 (1978); *Video Software Dealers Assoc. v. Orion Pictures, Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994).

In limited circumstances and upon a showing of compelling circumstances, this Court may order certain records to be sealed. However, "[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *In re Orion Pictures Corp.*, 21 F.3d at 27 (citation omitted). Moreover, ordinarily, a court must make that determination on the basis of a careful document-by-document review.  Until either party demonstrates the existence of an extraordinary circumstance or compelling need to seal from public view any specific

document filed in this case, this Court will not depart from its governing presumption of open access.

The Clerk is directed to docket the Stipulation and Protective Order attached to the Motion for Protective Order [doc. #52].

IT IS SO ORDERED.

/s/        Mark R. Kravitz
                U.S.D.J.

**Dated at New Haven, Connecticut: May 11, 2004**.