| | |
|---|---|
| GOLDEN WEST REFINING CORPORATION LIMITED, | : |
|       Plaintiff, | : |
| VS. | : CIVIL ACTION NO. |
| PRICEWATERHOUSECOOPERS LLP and COOPERS & LYBRAND LLP, | : 3:02 CV 1379 (MRK) |
|       Defendants. | : |
| _____ | : |
| ALEC SHARP, et al., | : |
|       Plaintiffs, | : |
| VS. | : CIVIL ACTION NO. |
| PRICEWATERHOUSE COOPERS LLP d/b/a PRICE WATERHOUSE LLP | : 3:02 CV 1572 (MRK) |
|       Defendant. | : |
| _____ | : |
| HANDY & HARMAN REFINING GROUP, INC., | : |
|       Plaintiff, | : CIVIL ACTION NO. |
| V. | : 3:02 CV 1803(MRK) |
| PRICEWATERHOUSECOOPERS LLP, | : |
|       Defendant. | : |
| _____ | : |

## MOTION ON CONSENT FOR EXTENSION OF TIME TO FILE MEMORANDUM REGARDING SUBJECT MATTER JURISDICTION

Defendant, PricewaterhouseCoopers LLP ("PwC"), by its counsel, Day, Berry & Howard LLP, respectfully moves on consent for a two-week extension of time, through and including June 4, 2004, to file its memorandum regarding subject matter jurisdiction pursuant to paragraph 1 of the Case Management Order dated May 11, 2004. The additional time is necessary in order to explore further the appropriate basis for subject matter jurisdiction over *Golden West Refining*

*Corp. Limited v. PricewaterhouseCoopers LLP*, No. 02-1379 (MRK).[1]  PwC does not seek an extension of any of the other deadlines in the Case Management Order, and intends to file answers on May 24, 2004 pursuant to paragraph 2 of that order.

At the pretrial conference on May 10, 2004, the parties indicated that the basis for jurisdiction over *Golden West* is 28 U.S.C. § 1332.  Their understanding was that there was diversity of citizenship between the plaintiff, Golden West Refining Corp. Limited ("Golden West"), an Australian corporation, and PwC.  As counsel represented at the hearing, we understand, based on inquiries made shortly after the action was commenced, that no partner of PwC was a citizen of Australia.

As counsel have reviewed the issue further, we have concluded that determining diversity of citizenship requires further analysis.  Under 28 U.S.C. § 1332(a)(1) and (2), diversity jurisdiction exists over civil actions between "citizens of different States" and between "Citizens of a State and citizens or subjects of a foreign state."  Several legal propositions come into play:

    (a)    First, as a limited liability partnership, PwC has the citizenship of each of its partners. *E.g., Alexander & Ferdon v. Pickett*, 11 F.Supp.2d 449, 450 (S.D.N.Y. 1998) (limited

---

[1] The Court has jurisdiction over the subject matter of *Sharp et al. v. PricewaterhouseCoopers LLP*, No. 02-1572 (MRK), and *Handy & Harman Refining Group, Inc. v. PricewaterhouseCoopers LLP*, No. 02-1803 (MRK), pursuant to 28 U.S.C. § 1334(b), in that those actions are related to the Handy & Harman Refining Group, Inc. ("HHRG") bankruptcy case.  *See* Ruling and Order dated April 8, 2003 (Docket No. 25) (CFD) (finding jurisdiction under § 1334(b) over *Sharp*).

liability partnership is treated for diversity purposes as citizen of every state of which any of its members is a citizen).

      (b)    Second, diversity jurisdiction will not lie if there are aliens – *i.e.*, citizens of foreign countries – on both sides of the case.  *See, e.g., Corporation Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980).

      (c)    Third, under the law of this Circuit, "United States citizens 'domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state,' so that '§ 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties.'"  *Herrick Co. v. SCS Communications, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001), quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990).

Thus, it is not sufficient for diversity purposes that, at the time the suit was filed on August 9, 2002,[2] none of PwC's approximately 1,200 partners was a citizen of Australia.  Rather, diversity jurisdiction requires that no partner was either (1) a citizen of <u>any</u> other country or (2) a United States citizen domiciled abroad.  PwC requires additional time to review this issue, and cannot make a representation to the Court by the May 21, 2004 date on which the memorandum on subject matter jurisdiction now is due.

---

[2] The law is clear that jurisdiction is governed by the status of the parties at the time suit was filed.  *See Grupo Dataflux v. Atlas Global Group L.P.*, No. 02-1689, 72 U.S.L.W. 4388 (U.S. May 17, 2004).

Further, PwC believes that, regardless of whether there is diversity of citizenship, the Court has jurisdiction over the subject matter of *Golden West* pursuant to 28 U.S.C. § 1334. Under the liberal test for bankruptcy-related jurisdiction, an action is "related to" a bankruptcy case if its outcome "could conceivably have any effect on the estate being administered in bankruptcy." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995); *see also In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992). That appears to be the case for the *Golden West* action. By the time this action was filed, Golden West and HHRG had been negotiating for more than a year to cooperate and share any recoveries from PwC, which reflected, as HHRG put it in a pleading filed shortly after commencement of these actions, that Golden West and HHRG "have significant, and in some respects, competing claims against PwC." Motion For Order Authorizing Debtor To Enter Into Pooling Agreement And Approving Preference Claim Settlement With Golden West Refining Corporation Limited, *In re Handy & Harman Refining Group, Inc.*, Case No. 00-20845 (Bankr. D. Conn. Mar. 6, 2003), at 2. As a result of those negotiations, HHRG and Golden West reached an agreement, approved by the bankruptcy court, pursuant to which they will pool and share any recoveries from the *Golden West* and *HHRG* actions, so that the disposition of *Golden West* will have a direct effect on the value of the HHRG estate. *Id.*, Exhibit A. The requested extension of time will allow the parties to confirm this alternative basis of jurisdiction.

Wherefore, the Court should extend PwC's time to file its memorandum regarding subject matter jurisdiction through and including June 4, 2004.  Counsel for plaintiffs consent to this extension.

**DEFENDANT**,
**PRICEWATERHOUSECOOPERS LLP**


By _____
    David J. Elliott (ct 04301)
    E-mail:  djelliott@dbh.com
    Thomas D. Goldberg (ct 04386)
    E-mail:  tdgoldberg@dbh.com
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, CT 06103
    (860) 275-0100 – telephone
    (860) 275-0343 – facsimile


    Its Attorneys

## **CERTIFICATION**

THIS IS TO CERTIFY that on this day, a copy of the foregoing was sent via facsimile and also mailed first class, postage prepaid, to:

Edward J. Boyle, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639

Daniel McMahon, Esq.
Stefan Dandelles, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
120 N. LaSalle Street
Chicago, IL 60602

William H. Champlin III, Esq.
William S. Fish, Jr., Esq.
Tyler, Cooper & Alcorn
CityPlace – 35th Floor
Hartford, CT 06103

Wolf, Horowitz, Etlinger & Case
99 Pratt Street, 4th Floor
Hartford, CT 06103

Steven R. Humphrey, Esq.
Dina S. Fisher, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Fred N. Knopf, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
3 Gannett Drive
White Plains, NY 10604-3407

Joseph A. Oliva
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400

_____
Thomas D. Goldberg