UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GOLDEN WEST REFINING CORPORATION LIMITED, | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION NO. |
| PRICEWATERHOUSECOOPERS LLP and | : | 3:02 CV 1379 (MRK) |
| COOPERS & LYBRAND LLP, | : | |
| Defendants. | : | |
| ———————————————— | : | |
| | : | |
| ALEC SHARP, et al., | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| VS. | : | 3:02 CV1572 (MRK) |
| PRICEWATERHOUSE COOPERS LLP d/b/a | : | |
| PRICE WATERHOUSE LLP | : | |
| Defendant. | : | |
| ———————————————— | | |
| HANDY & HARMAN REFINING GROUP, | : | |
| INC., | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| V. | : | 3:02 CV 1803(MRK) |
| PRICEWATERHOUSECOOPERS LLP, | : | |
| Defendant. | : | |
| ———————————————— | : | MAY 24, 2004 |

# ANSWER

Defendant, PricewaterhouseCoopers LLP ("PwC"), answers the Complaint of plaintiff

Handy & Harman Refining Group, Inc. ("HHRG") dated August 9, 2002, as follows:

1.      Denies the allegations set forth in paragraph 1, except admits that the Complaint

initiated an adversary proceeding by HHRG against PwC.

## JURISDICTION AND VENUE

2.      States that it is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 2, and therefore leaves plaintiff to its proof.

3.      States that it is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 3, and therefore leaves plaintiff to its proof.

4.      States that it is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 4, and therefore leaves plaintiff to its proof.

5.      States that it is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 5, and therefore leaves plaintiff to its proof.

6.      States that it is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 6, and therefore leaves plaintiff to its proof.

7.      Admits that the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), and states

that no response is required to the remaining allegations set forth in paragraph 7 because this Court

has withdrawn the reference to the bankruptcy court.

8.      In response to paragraph 8, admits that this is a non-core adversary proceeding under 28 U.S.C. § 157 (b) and states that the statements regarding HHRG's consent to a jury trial and consent to having this proceeding before the bankruptcy judge do not require a response by PwC because this court has withdrawn the reference to the bankruptcy court; and further states that, to the extent any response is required, PwC does not consent to a bankruptcy judge conducting a jury trial of this proceeding or hearing this proceeding for all purposes.

9.      Admits the allegations set forth in paragraph 9.

**PARTIES**

10.      Admits, upon information and belief, that HHRG is a Connecticut corporation, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10, and therefore leaves plaintiff to its proof.

11.      Denies the allegations set forth in paragraph 11, except admits that PwC is a Delaware limited liability partnership, that it is one of the largest firms of certified public accountants and auditors in the United States, that it offers accounting, auditing and other services to its clients, and that between mid-1996 and early 2000, PwC and its predecessor, Coopers & Lybrand L.L.P. (collectively, "PwC"), performed various professional engagements at the request of HHRG.

**FIRST COUNT: BREACH OF CONTRACT**

12.    States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12, and therefore leaves plaintiff to its proof, except admits, upon information and belief, that from August 1996 to in or about March, 2000 HHRG was a refiner of precious metals, including gold and silver, with headquarters in South Windsor, Connecticut.

13.    States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13, and therefore leaves plaintiff to its proof, except admits, upon information and belief, that between August 1996 and March 2000, GWRC owned 100% of HHRG.

14.    States that it is with knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14, and therefore leaves plaintiff to its proof, except admits, upon information and belief, that in August 1996 HHRG acquired the business and related assets of the Precious Metals Refining Division ("PMRD") of Handy & Harmon, Inc.

15.    States that it is with knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and therefore leaves plaintiff to its proof, except admits, upon information and belief, that from August 1996 until sometime before March 28, 2000, HHRG provided refining services related to the recovery of precious metals.

16.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 and therefore leaves the plaintiff to its proof, except admits that upon information and belief, Orion SA ("Orion") was a company doing business in South America.

17.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17, and therefore leaves plaintiff to its proof, except admits that, upon information and belief, HHRG purported to do business with Orion.

18.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18, and therefore leaves plaintiff to its proof, except admits that, upon information and belief, Darwill Bol SA ("Darwill") was a company doing business in South America.

19.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19, and therefore leaves plaintiff to its proof, except admits that, upon information and belief, HHRG purported to do business with Darwill.

20.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20, and therefore leaves plaintiff to its proof, except admits that, upon information and belief, Panexim SA ("Panexim") was a company doing business in Peru, South America.

21.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21, and therefore leaves the plaintiff to its proof, except admits that, upon information and belief, Panexim exported precious metals from Peru to HHRG.

22.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22, and therefore leaves plaintiff to its proof, except admits that, upon information and belief, Ladison was a company doing business in South America.

23.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23, and therefore leaves plaintiff to its proof.

24.     Denies the allegations set forth in paragraph 24, except admits that PwC provided certain professional services to HHRG between 1996 and 2000.

25.     Denies the allegations set forth in paragraph 25, except admits that in 1996, PwC was engaged to conduct due diligence in connection with the acquisition of PMRD, and that in 1996, 1997, 1998 and 1999, HHRG engaged PwC to provide certain professional services.

26.     Denies the allegations set forth in paragraph 26, except admits that PwC conducted an audit for HHRG for the periods March 31, 1997, 1998 and 1999 and conducted certain procedures regarding HHRG's financial statements for the six month periods ending September 30, 1997, 1998 and 1999.

27.     Denies the allegations set forth in paragraph 27, except admits that PwC knew that GWRC owned all of the common stock of HHRG and that PwC knew that HHRG's board of directors included persons who also were officers of GWRC.

28.     Denies the allegations set forth in paragraph 28, except admits that PwC was engaged to conduct certain due diligence in connection with the acquisition of PMRD by GWRC and reviewed certain information and data as part of that due diligence.

29.     Denies the allegations set forth in paragraph 29 and refers to PwC's draft due diligence report which speaks for itself.

30.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30, and therefore leaves the plaintiff to its proof.

31.     Denies the allegations set forth in paragraph 31, and refers to PwC's draft due diligence report which speaks for itself.

32.     Denies the allegations set forth in paragraph 32.

33.     Denies the allegations set forth in paragraph 33.

34.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34, and therefore leaves plaintiff to its proof.

35.     Denies that the allegations set forth in paragraph 35 fairly characterize PwC's professional responsibilities; states that it is without knowledge or information sufficient to form a

belief as to the truth of the allegation with respect to the alleged HHRG policy, and therefore leaves plaintiff to its proof; and denies the remaining allegations set forth in paragraph 35.

36.    Denies that the allegations set forth in paragraph 36 fairly characterize PwC's due diligence work, and denies the remaining allegations set forth in paragraph 36.

37.    Denies that the allegations set forth in paragraph 37 fairly characterize PwC's professional responsibilities, and denies the remaining allegations set forth in paragraph 37.

38.    Denies the allegations set forth in paragraph 38.

39.    Denies the allegations set forth in paragraph 39, except admits that it was engaged to audit HHRG's financial statements for the abbreviated period ended March 31, 1997, but denies that the remaining allegations fairly characterize PwC's audit work and professional responsibilities.

40.    Denies the allegations set forth in paragraph 40.

41.    Denies that the allegations set forth in paragraph 41 fairly characterize PwC's professional responsibilities; denies that the allegations fully or accurately characterize PwC's obligations to HHRG's board of directors; denies that PwC breached any such obligation; states that is without knowledge or information sufficient to form a belief as to the truth of the allegation that there was a violation of an HHRG policy, and therefore leaves plaintiff to its proof; and denies the remaining allegations set forth in paragraph 41.

42.    Denies that the allegations set forth in paragraph 42 fully or accurately characterize PwC's professional responsibilities; and denies the remaining allegations set forth in paragraph 42.

43.    Denies that the allegations set forth in paragraph 43 fully or accurately characterize PwC's professional responsibilities; that PwC breached any such obligation; and denies the remaining allegations set forth in paragraph 43.

44.    States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44, and therefore leaves plaintiff to its proof.

45.    Denies that PwC knew or should have known about any purported loans made by Banco de Lima to Panexim or about the terms, condition and securitization of such loans; denies that the allegations fully or accurately characterize PwC's professional responsibilities; and denies the remaining allegations set forth in paragraph 45.

46.    Denies that PwC knew or should have known of any purported loans made by Banco de Lima to Panexim or about the terms, condition and securitization of such loans; denies that the allegations fully or accurately characterize PwC's professional responsibilities; and denies the remaining set forth in paragraph 46.

47.    Denies the allegations set forth in paragraph 47.

48.    Denies the allegations set forth in paragraph 48.

49.    Denies the allegations set forth in paragraph 49.

50.     Denies the allegations set forth in paragraph 50 fully or accurately characterize PwC's professional responsibilities; and denies the remaining allegations set forth in paragraph 50.

51.     Denies the allegations set forth in paragraph 51 fully or accurately characterize PwC's professional responsibilities; and denies the remaining allegations set forth in paragraph 51.

52.     Denies that the allegations set forth in paragraph 52 fully or accurately characterize PwC's professional responsibilities; and denies the remaining allegations set forth in paragraph 52.

53.     Denies that the allegations set forth in paragraph 53 fully or accurately characterize PwC's professional responsibilities; denies that PwC breached any such obligation; avers that HHRG's board of directors was aware of the nature and terms of HHRG's transactions with companies in the third world countries; and denies the remaining allegations set forth in paragraph 53.

54.     Denies the allegations set forth in paragraph 54, except admits that PwC conducted certain procedures with regard to HHRG's financial statements for the six month period ended September 30, 1997.

55.     Denies that the allegations set forth in paragraph 55 fully or accurately characterize PwC's professional responsibilities; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that an HHRG policy was being violated by employees of HHRG and therefore leaves the plaintiff to its proof; and denies the remaining allegations set forth in paragraph 55.

56.     Denies the allegations set forth in paragraph 56, except admits that PwC issued an audit opinion on the consolidated financial statements of HHRG and its subsidiaries as of March 31, 1997 and refers to that opinion which speaks for itself.

57.     Denies the allegations set forth in paragraph 57, except refers to PwC's audit opinion on the consolidated financial statements of HHRG and its subsidiaries as of March 31, 1997 which speaks for itself.

58.     Denies the allegations set forth in paragraph 58, except admits that PwC issued a letter to management in 1997 and refers to that letter which speaks for itself.

59.     Denies the allegations set forth in paragraph 59, except admits that in early 1998, representatives of PwC met with HHRG management to discuss the engagement of PwC to provide professional services to HHRG.

60.     Denies the allegations set forth in paragraph 60, except admits that HHRG engaged PwC to audit HHRG's 1998 financial statements, but denies that the allegations fully or accurately characterize PwC's professional responsibilities; admits that PwC prepared a service plan and refers to the service plan which speaks for itself and denies the remaining allegations set forth in paragraph 60.

61.     Denies the allegations set forth in paragraph 61.

62.    Denies the allegations set forth in paragraph 62, except admits that HHRG engaged PwC to audit HHRG's 1998 financial statements and refers to the engagement letter which speaks for itself.

63.    Denies the allegations set forth in paragraph 63.

64.    Denies the allegations set forth in paragraph 64, except admits that PwC was aware in 1998 that HHRG's books and records indicated that it had conducted business transactions with certain companies in South America.

65.    States that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that in 1998 HHRG's board of directors continued a policy regarding advances to companies in third world countries, and therefore leaves plaintiff to its proof; and denies the remaining allegations set forth in paragraph 65.

66.    Denies the allegations set forth in paragraph 66, except admits that in connection with its audit of HHRG for the period ended March 31, 1998, PwC identified certain areas requiring attention during the course of its audit, but denies that the allegations set forth in paragraph 66 fully or accurately characterize PwC's audit work and professional responsibilities.

67.    Denies the allegations set forth in paragraph 67, except admits that PwC identified collectability of foreign accounts receivable as a matter requiring attention during the course of the 1998 audit, but denies that the allegations set forth in paragraph 67 fully or accurately characterize PwC's audit work and professional responsibilities.

68.     Denies the allegations set forth in paragraph 68.

69.     Denies the allegations set forth in paragraph 69

70.     Denies the allegations set forth in paragraph 70, except admits that PwC referred to the collectability of foreign accounts receivable in its service plan for 1998 and refers to that document which speaks for itself.

71.     Denies the allegations set forth in paragraph 71.

72.     Denies the allegations set forth in paragraph 72, and refers to PwC's 1998 service plan which speaks for itself.

73.     Denies the allegations set forth in paragraph 73, except admits that PwC prepared a service plan and that the service plan is referred to in the 1998 engagement letter and refers to the engagement letter which speaks for itself.

74.     Denies the allegations set forth in paragraph 74, except admits that PwC, as part of its 1998 audit engagement, agreed to communicate with HHRG management regarding certain matters and refers to PwC's engagement letter which speaks for itself.

75.     Denies the allegations set forth in paragraph 75, except admits that HHRG engaged PwC as its auditor for the period ended March 31, 1998 and that HHRG paid PwC for its professional services.

76.     Denies the allegations set forth in paragraph 76, except admits that PwC's audit work reflects information that HHRG had made advances to South American companies as of March 31, 1998.

77.     Denies the allegations set forth in paragraph 77.

78.     Denies the allegations set forth in paragraph 78.

79.     Denies the allegations set forth in paragraph 79.

80.     Denies the allegations set forth in paragraph 80.

81.     Denies the allegations set forth in paragraph 81.

82.     Denies that PwC knew and had discovered that advances were being made by employees of HHRG to Orion and Panexim for VAT and to Darwill in violation of an HHRG policy, denies that the allegations fully or accurately characterize PwC's professional responsibilities; denies that PwC breached any such obligation, and denies the remaining allegations set forth in paragraph 82.

83.     Denies that the allegations set forth in paragraph 83 fully or accurately characterize PwC's professional responsibilities, and denies that PwC breached any such obligation.

84.     Denies the allegations set forth in paragraph 84 fully or accurately characterize PwC's professional responsibilities and denies the remaining allegations set forth in paragraph 84.

85.     Denies the allegations set forth in paragraph 85 fully or accurately characterize PwC's professional responsibilities and denies the remaining allegations set forth in paragraph 85.

86.    Denies that the allegations set forth in paragraph 86 fully or accurately characterize PwC's professional responsibilities; states that is with knowledge or information sufficient to form a belief as to the truth of the allegation that there was a violation of an HHRG policy, and therefore leaves plaintiff to its proof; and denies the remaining allegations set forth in paragraph 86.

87.    Denies the allegations set forth in paragraph 87.

88.    Denies the allegations set forth in paragraph 88.

89.    Denies the allegations set forth in paragraph 89.

90.    Denies that the allegations set forth in paragraph 90 fully or accurately characterize PwC's professional responsibilities; and denies that PwC breached any such obligation.

91.    Denies that the allegations set forth in paragraph 91 fully or accurately set forth PwC's professional responsibilities, and denies that PwC breached any such obligation.

92.    Denies that the allegations set forth in paragraph 92 fully or accurately set forth PwC's professional responsibilities, and denies that PwC breached any such obligation.

93.    Denies that the allegations set forth in paragraph 93 fully or accurately characterize PwC's professional responsibilities, and denies the remaining allegations set forth in paragraph 93.

94.    Denies the allegations set forth in paragraph 94, except admits that PwC issued an audit opinion on the 1998 financial statements of HHRG and refers to that opinion which speaks for itself.

95.     Denies the allegations set forth in paragraph 95, except admits that PwC in the course of the 1998 audit was aware of certain information regarding Banco de Lima as reflected in the workpapers.

96.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding loans obtained by Panexim from Banco de Lima, and therefore leaves plaintiff to its proof, and denies the remaining allegations set forth in paragraph 96.

97.     Denies that the allegations set forth in paragraph 97 fully or accurately characterize PwC's professional responsibilities for the 1998 audit, and therefore denies the allegations set forth in paragraph 97.

98.     Denies that the allegations set forth in paragraph 98 fully or accurately characterize PwC's professional responsibilities for the 1998 audit, and therefore denies the allegations set forth in paragraph 98.

99.     Denies that the allegations set forth in paragraph 99 fully or accurately characterize PwC's professional responsibilities for the 1998 audit, and therefore denies the allegations set forth in paragraph 99.

100.    Denies the allegations set forth in paragraph 100.

101.    Denies the allegations set forth in paragraph 101.

102.    Denies the allegations set forth in paragraph 102.

103.     Denies the allegations set forth in paragraph 103.

104.     Denies the allegations set forth in paragraph 104.

105.     Denies that PwC was aware of any violations of company policy constituting irregularities that required notification to HHRG's board of directors; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations that there were violations of company policy, and therefore leaves plaintiff to its proof; and denies the remaining allegations set forth in paragraph 105.

106.     Denies the allegations set forth in paragraph 106, and denies that the allegations fully and accurately characterize PwC's professional responsibilities.

107.     Denies that the allegations set forth in paragraph 107 fully or accurately characterize PwC's management letter, and refers to that letter which speaks for itself.

108.     Denies the allegations set forth in paragraph 108.

109.     Denies the allegations set forth in paragraph 109, except admits that PwC was engaged by HHRG to conduct a review of HHRG's financial statements for the six-month period ending September 30, 1998.

110.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110, and therefore leaves plaintiff to its proof.

111.     Denies that the allegations set forth in paragraph 111 fully or accurately characterize PwC's professional responsibilities; denies that PwC breached any such obligation;

and states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations that HHRG employees violated company policy, and therefore leaves plaintiff to its proof.

112.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112, and therefore leaves plaintiff to its proof.

113.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113, and therefore leaves plaintiff to its proof.

114.     Denies that PwC was aware of any violations of company policy that were not reported to HHRG's board of directors; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations that there were violations of company policy, and therefore leaves plaintiff to its proof; and denies the remaining allegations set forth in paragraph 114.

115.     Denies that the allegations set forth in paragraph 115 fully or accurately characterize PwC's professional responsibilities; denies that PwC breached any such obligation; denies that PwC was aware of any violations of company policy that were not reported to HHRG's board of directors; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations that there were violations of company policy, and therefore leaves plaintiff to its proof; and denies the remaining allegations set forth in paragraph 115.

116.    Denies the allegations set forth in paragraph 116, and denies that the allegations fully or accurately characterize PwC's professional responsibilities or that PwC breached any such obligation.

117.    Denies the allegations set forth in paragraph 117.

118.    Denies the allegations set forth in paragraph 118, excepts admits that PwC learned in the course of its engagements for HHRG that HHRG had entered into transactions with Geekay Exim (India) Ltd. and/or related companies.

119.    Denies that the allegations set forth in paragraph 119 fully or accurately characterize PwC's professional responsibilities, and therefore denies the allegations set forth in paragraph 119.

120.    Denies that the allegations set forth in paragraph 120 fully or accurately characterize PwC's professional responsibilities, and therefore denies the allegations set forth in paragraph 120.

121.    Denies the allegations set forth in paragraph 121, except admits that as part of its audit work for the periods ended March 31, 1997, 1998 and 1999, PwC reviewed certain loan covenants of HHRG.

122.    Denies that PwC was aware of any loan covenant violations that were not known to HHRG's board of directors; states that it is without knowledge or information sufficient to form a

belief as to the truth of the allegations that there were such loan covenant violations, and therefore leaves plaintiff to its proof; and denies the remaining allegations set forth in paragraph 122.

123.    Denies the allegations set forth in paragraph 123.

124.    Denies the allegations set forth in paragraph 124, except admits that PwC issued audit opinions regarding the consolidated financial statements of HHRG for the periods ended March 31, 1997 and 1998 and refers to those opinions which speak for themselves.

125.    Denies the allegations set forth in paragraph 125, except admits that PwC provided audit opinions regarding the consolidated financial statements of HHRG for the periods ended March 31, 1997 and 1998 and refers to those opinions which speak for themselves.

126.    States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126, and therefore leaves plaintiff to its proof, except denies the allegations to the extent they assert that PwC failed to conduct its audits in accordance with generally accepted auditing standards ("GAAS").

127.    Denies that the allegations set forth in paragraph 127 fully or accurately characterize PwC's audit opinion which speaks for itself and denies that PwC failed to conduct its audit in conformity with GAAS.

128.    Denies the allegations set forth in paragraph 128.

129.    Denies that PwC was aware of any violations of company policy that were not reported to HHRG's board of directors; states that it is without knowledge or information

sufficient to form a belief as to the truth of the allegations that there were violations of company policy, and therefore leaves plaintiff to its proof; and denies the remaining allegations set forth in paragraph 129.

130.   States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 130, and therefore leaves plaintiff to its proof.

131.   States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131, and therefore leaves plaintiff to its proof.

132.   States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131, and therefore leaves plaintiff to its proof.

133.   Denies the allegations set forth in paragraph 133, except admits that in 1999, HHRG engaged PwC to provide professional services and that PwC prepared a service plan as part of that engagement.

134.   Denies the allegations set forth in paragraph 134 fully or accurately characterize the 1999 service plan prepared by PwC and refers to the service plan which speaks for itself.

135.   Denies that the allegations set forth in paragraph 135 fully or accurately characterize the contents and purpose of the service plan, and refers to the service plan which speaks for itself.

136.    Denies that the allegations set forth in paragraph 136 fully or accurately characterize the contents and purpose of the service plan or engagement letter, and refers to the service plan and engagement letter which speak for themselves.

137.    Denies that the allegations set forth in paragraph 137 fully or accurately characterize the contents and purpose of the service plan or engagement, and refers to the service plan and engagement letter which speaks for themselves.

138.    Denies the allegations set forth in paragraph 138, except admits that HHRG paid PwC for its professional services.

139.    Denies that the allegations set forth in paragraph 139 fully or accurately characterize PwC's professional responsibilities; and denies that PwC breached any such obligation.

140.    Denies the allegations set forth in paragraph 140, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that there were violations of HHRG policy, and therefore leaves plaintiff to its proof.

141.    Denies the allegations set forth in paragraph 141.

142.    States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 142, and therefore leaves plaintiff to its proof.

143.    Denies the allegations set forth in paragraph 143.

144.    Denies the allegations set forth in paragraph 144.

145.    Denies the allegations set forth in paragraph 145.

146.    Denies the allegations set forth in paragraph 146, except admits that PwC had a professional responsibility to audit HHRG's financial statements in accordance with GAAS.

147.    Denies the allegations set forth in paragraph 147, except admits that HHRG paid PwC for its services in 1997 and 1998, and that PwC has not been fully paid for its services provided to HHRG in 1999.

148.    Denies that paragraph 148 fully or accurately sets forth PwC's professional responsibilities; denies that PwC breached any such obligation; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations that there were violations of HHRG policy, and therefore leaves plaintiff to its proof; and denies the remaining allegations set forth in paragraph 148.

149.    Denies the allegations set forth in paragraph 149.

150.    States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 150 regarding the actions taken in 2000 by customers and lenders of HHRG and whether there were violations of HHRG policy, and therefore leaves plaintiff to its proof; denies that the facts that purportedly violated HHRG policy were not discovered by the board of directors until 2000; and denies the remaining allegations set forth in paragraph 150.

151.    Admits on information and belief the allegations set forth in paragraph 151.

152.    Denies the allegations set forth in paragraph 152.

153.    Denies the allegations set forth in paragraph 153.

154.    Denies the allegations set forth in paragraph 154.

155.    Denies the allegations set forth in paragraph 155.

156.    Denies the allegations set forth in paragraph 156.

## SECOND COUNT – MALPRACTICE - NEGLIGENCE

1-151.  PwC's answers to paragraphs 1 through 151 of the First Count are hereby made its answers to paragraphs 1-151 of the Second Count.

152.    Denies the allegations set forth in paragraph 152, except admits that PwC had a professional responsibility to conduct its audits of HHRG's financial statements in accordance with GAAS.

153.    Denies the allegations set forth in paragraph 153.

154-158. There are no paragraphs 154-158 of the Second Count.

159.    Denies the allegations set forth in paragraph 159.

160.    Denies the allegations set forth in paragraph 160.

161.    Denies the allegations set forth in paragraph 161.

## THIRD COUNT – NEGLIGENT MISREPRESENTATION

1-151.  PwC's answers to paragraphs 1 through 151 of the First Count are hereby incorporated by reference and made its answers to paragraphs 1-151 of the Third Count.

152-61. There are no paragraphs 152-61 of the Third Count.

162.     Denies the allegations set forth in paragraph 162.

163.     Denies the allegations set forth in paragraph 163.

164.     Denies the allegations set forth in paragraph 164.

165.     Denies the allegations set forth in paragraph 165.

166.     Denies the allegations set forth in paragraph 166.

167.     Denies the allegations set forth in paragraph 167.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring some or all of the claims asserted in the Complaint because such claims are owned by Those Certain Underwriters subscribing to Policy No. 834/FB9700166 issued to HHRG ("Underwriters") as a result of assignment and subrogation.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring claims asserted in the Complaint to the extent those claims purport to be brought on behalf of creditors or equity holders of HHRG or to seek damages incurred by creditors or equity holders of HHRG.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the claims asserted in the Complaint because the wrongful acts that the plaintiff alleges should have been discovered by PwC were perpetrated by HHRG or its agents and must be imputed to plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Underwriters are necessary parties to this action because they claim an interest relating to the subject matter of the action and are so situated that the disposition of this action in their absence may leave PwC subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

## SIXTH AFFIRMATIVE DEFENSE

At all times, PwC, its employees, agents, and representatives applied proper methods of accounting and conducted all audits in accordance with generally accepted auditing standards.

## SEVENTH AFFIRMATIVE DEFENSE

PwC's alleged conduct and actions were not the legal cause of any damages suffered by plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by the doctrine of in pari delicto.

## THIRTEENTH AFFIRMATIVE DEFENSE

A portion of the claims asserted in the Complaint are barred by the applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any harm, injuries and damages as alleged in the Second and Third Counts of Complaint, which Defendants expressly deny, the harm, injury and damages were caused by the negligence and carelessness of Plaintiff, in that it, and/or its agents or representatives failed to review, to obtain, or properly to analyze or construe information available to Plaintiff concerning the advances made to such entities as Orion, Darwill, Ladison and Panexim.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Under the terms of the engagement letters, plaintiff's claims are barred to the extent they seek recovery of any consequential, indirect, lost profit or similar damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims are barred by principles of common law indemnity.

## EIGHTEENTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM

1.      In 1997, 1998, and 1999, HHRG engaged PwC to audit the financial statements of HHRG ("the Engagements").  The terms of the engagements were set forth in engagement letters, countersigned on behalf of HHRG, dated April 10, 1997; March 30, 1998; and March 1, 1999.

2.      In accordance with the terms of the Engagements and as required by GAAS, before the conclusion of each audit, PwC obtained from HHRG management a representation letter that, among other things, confirmed the completeness and truthfulness of representations made to PwC during the audit, including representations regarding the absence of fraud involving management of other employees who had significant roles within HHRG's internal control or those involving others that could have a material effect on the financial statements.

3.      Under the terms of the Engagements, HHRG agreed to fully indemnify and hold PwC harmless from all claims, liabilities, losses and costs arising in circumstances where there has

been a knowing misrepresentation by a member of HHRG's management, regardless of whether such person was acting in the company's interest.

4.    Upon information and belief, one or more members of management or other employees with significant roles within HHRG engaged in fraud and other such conduct, contrary to representations made by HHRG's management to PwC.

5.    The claims asserted against PwC in this and related actions arise out of the circumstances where there has been a knowing misrepresentation by one or more members of HHRG management to PwC.

6.    Accordingly, HHRG must fully indemnify and hold PwC harmless for all claims, liabilities, losses and costs arising out of this and all related actions, including for the costs of defense against these claims.

7.    PwC is entitled to set off against any judgment all amounts to which it is entitled as indemnification under the terms of the Engagement agreements.

## NINETEENTH AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM

1-7.    PwC repeats paragraphs 1 through 7 of the Eighteenth Affirmative Defense and first counterclaim as if fully set forth herein.

8.    Under the doctrine of recoupment, any judgment against PwC must be reduced on account of all amounts to which PwC is entitled as indemnification under the terms of the Engagement agreements.

WHEREFORE, PwC requests that the Court:

(A)    enter judgment in its favor on all Counts;

(B)    award PwC its costs;

(C)    award PwC judgment on its counterclaim allowing PwC to setoff against any judgment rendered in favor of HHRG all amounts due PwC under its rights of indemnification; and

(D)    grant such other and further relief as is just and equitable.

## **JURY DEMAND**

PwC hereby demands a trial by jury and does not consent to a jury trial before a bankruptcy judge.

**DEFENDANT**,
**PRICEWATERHOUSECOOPERS, LLP**


By _____
      David J. Elliott (ct 04301)
      E-mail:  djelliott@dbh.com
      William H. Erickson (ct18117)
       E-mail:  wherickson@dbh.com
      Thomas D. Goldberg (ct 04386)
      E-mail:  tdgoldberg@dbh.com
      Kathleen D. Warner (ct 23973)
      E-mail: kdwarner@dbh.com
      Day, Berry & Howard LLP
      CityPlace I
      Hartford, CT 06103
      (860) 275-0100 – telephone
      (860) 275-0343 – facsimile


      Its Attorneys

## CERTIFICATION

THIS IS TO CERTIFY that on this day, a copy of the foregoing was sent via facsimile and also mailed first class, postage prepaid, to:


Edward J. Boyle, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639

Steven R. Humphrey, Esq.
Dina S. Fisher, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Daniel McMahon, Esq.
Stefan Dandelles, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
120 N. LaSalle Street
Chicago, IL 60602

Fred N. Knopf, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
3 Gannett Drive
White Plains, NY 10604-3407

William H. Champlin III, Esq.
William S. Fish, Jr., Esq.
Tyler, Cooper & Alcorn
CityPlace – 35th Floor
Hartford, CT 06103

Joseph A. Oliva
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400

Wolf, Horowitz, Etlinger & Case
99 Pratt Street, 4th Floor
Hartford, CT 06103


_____
David J. Elliott