UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GOLDEN WEST REFINING CORPORATION LIMITED, | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION NO. |
| PRICEWATERHOUSECOOPERS LLP and | : | 3:02 CV 1379 (MRK) |
| COOPERS & LYBRAND LLP, | : | |
| Defendants. | : | |
| _____ | : | |
| ALEC SHARP, et al., | : | |
| Plaintiffs, | : | |
| VS. | : | CIVIL ACTION NO. |
| PRICEWATERHOUSE COOPERS LLP d/b/a | : | 3:02 CV1572 (MRK) |
| PRICE WATERHOUSE LLP | : | |
| Defendant. | : | |
| _____ | : | |
| HANDY & HARMAN REFINING GROUP, INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| V. | : | 3:02 CV 1803(MRK) |
| PRICEWATERHOUSECOOPERS LLP, | : | |
| Defendant. | : | |
| _____ | : | MAY 24, 2004 |

## ANSWER

Defendant, PricewaterhouseCoopers LLP ("PwC") answers the Complaint of plaintiffs Alec Sharp, et al. ("Underwriters"), dated August 9, 2002, as follows:

## NATURE OF THE CASE

1.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 and therefore leaves plaintiffs to their proof.

2.     Admits, upon information and belief, that from 1996 until early 2000, HHRG conducted business with entities in South America; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2, and therefore leaves plaintiffs to their proof.

3.     Admits that between mid-1996 and early June 2000, PwC performed certain professional engagements at the request of HHRG; admits that during the course of its engagements, PwC was aware that HHRG conducted business with entities in South America; denies that the allegations set forth in paragraph 3 fully or accurately characterize PwC's professional responsibilities and denies that PwC breached any such obligation; denies that PwC was aware of any violation of company policy that was not reported to HHRG's board of directors; states that it is without knowledge or information sufficient to form a belief as to the truth of the

allegations that there were violations of company policy, and therefore leaves plaintiffs to their

proof; and denies the remaining allegations set forth in paragraph 3.

      4.     Denies the allegations set forth in paragraph 4.

      5.     States that it is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 5, and therefore leaves plaintiffs to their proof,

except denies that Exhibit A was attached to the Complaint.

## PARTIES AND RELEVANT NON-PARTIES

      6.     States that it is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 6, and therefore leaves plaintiffs to their proof,

except denies that Exhibit A was attached to the Complaint and admits upon information and

belief that HHRG was a Connecticut corporation with its principal place in South Windsor,

Connecticut.

      7.     Denies the allegations set forth in paragraph 7, except admits that Coopers &

Lyband L.L.P. and PriceWaterhouse merged to form PwC, that PwC is a Delaware limited liability

partnership, that PwC does business in Connecticut, and that between mid-1996 and early June

2000, PwC performed various professional engagements at the request of HHRG.

      8.     States that it is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 8, and therefore leaves plaintiff to their proof,

except admits, upon information and belief, that from August 1996 to in or about March, 2000

HHRG was a refiner of precious metals, including gold and silver, with headquarters in South Windsor, Connecticut.

9.      States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9, and therefore leaves plaintiffs to their proof, except admits, upon information and belief, that between August 1996 and March 2000, GWRC owned 100% of the common stock of HHRG.

10.     States that it is with knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10, and therefore leaves plaintiffs to their proof, except admits, upon information and belief, that in August 1996, HHRG acquired the business and related assets of the Precious Metals Refining Division ("PMRD") of Handy & Harman, Inc.

11.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11, and therefore leaves plaintiffs to their proof, except admits upon information and belief, that Panexim SA ("Panexim") was an entity doing business in Peru.

12.     Denies the allegations set forth in paragraph 12, except admits that in 1996, PwC was engaged to conduct due diligence in connection with the acquisition of PMRD, and that in 1996, 1997, 1998 and 1999, HHRG engaged PwC to provide certain professional services for HHRG.

13.     Denies the allegations set forth in paragraph 13, except admits that PwC conducted an audit for HHRG for the abbreviated period ended March 31, 1997, conducted an audit for HHRG for the periods ended March 31, 1998 and 1999 and conducted certain procedures regarding HHRG's financial statements for the periods ended September 30, 1997, 1998 and 1999.

14.     Denies the allegations set forth in paragraph 14, except admits that between 1996 and 1999 HHRG engaged PwC to provide certain professional services for HHRG.

**PwC's Initial Engagement**

15.     Denies the allegations set forth in paragraph 15, except admits that PwC was engaged to conduct due diligence in connection with the acquisition of PMRD by GWRC and PwC reviewed certain information and data as part of that due diligence.

16.     Denies the allegations set forth in paragraph 16, except admits that in connection with its engagement to conduct due diligence, PwC prepared a draft due diligence report, and refers to that report which speaks for itself.

17.     Denies the allegations set forth in paragraph 17.

18.     Denies the allegations set forth in paragraph 18.

19.     Denies the allegations set forth in paragraph 19.

20.    Denies the allegations set forth in paragraph 20, except admits that PwC knew that GWRC owned all of the common stock of HHRG and that PwC knew that HHRG's board of directors included persons who also were officers of GWRC.

**The 1997 Engagement**

21.    Denies the allegations set forth in paragraph 21, except admits that it was engaged to audit HHRG's financial statements for the abbreviated period ended March 31, 1997, but denies that the allegations fairly or accurately characterize PwC's professional responsibilities and further refers to the 1997 engagement letter, which speaks for itself.

22.    Denies the allegations set forth in paragraph 22.

23.    Denies that the allegations set forth in paragraph 23 fully or accurately characterize PwC's professional responsibilities; and denies the remaining allegations set forth in paragraph 23.

24.    Denies that the allegations set forth in paragraph 24 fully or accurately characterize PwC's professional responsibilities; and denies the remaining allegations set forth in paragraph 24.

25.    Denies that the allegations set forth in paragraph 24 fully or accurately characterize PwC's professional responsibilities; and denies the remaining allegations set forth in paragraph 25.

26.    Denies that the allegations set forth in paragraph 26 fully or accurately characterize PwC's professional responsibilities; denies that PwC breached any such obligation; and denies the remaining allegations set forth in paragraph 26.

27.     Denies the allegations set forth in paragraph 27, except admits that PwC performed certain procedures regarding HHRG's financial statements for the period ended September 30, 1997.

28.     Denies that the allegations set forth in paragraph 28 fully or accurately characterize PwC's professional responsibilities; denies that PwC breached any such obligation; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that an HHRG policy was being violated by employees of HHRG, and therefore leaves plaintiffs to their proof; and denies the remaining allegations set forth in paragraph 28.

**The 1998 Engagement**

29.     Denies the allegations set forth in paragraph 29, except admits that in early 1998, representatives of PwC met with HHRG management to discuss the engagement of PwC to provide professional services to HHRG.

30.     Denies the allegations set forth in paragraph 30, except admits that PWC prepared a service plan and refers to the service plan which speaks for itself.

31.     Denies the allegations set forth in paragraph 31, except admits that PwC referred to the collectability of foreign accounts receivable in its service plan for 1998, and refers to the service plan which speaks for itself.

32.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that in 1998 HHRG's board of directors continued a policy regarding advances to companies in third world countries, and therefore leaves plaintiffs to their proof; and denies the remaining allegations set forth in paragraph 32.

33.     Denies the allegations set forth in paragraph 33.

34.     Denies the allegations set forth in paragraph 34.

35.     Denies the allegations set forth in paragraph 35  and refers to PwC's service plan which speaks for itself.

36.     Denies the allegations set forth in paragraph 36, and refers to PwC's service plan which speaks for itself.

37.     Denies the allegations set forth in paragraph 37, except admits that the service plan is referred to in the 1998 engagement letter and refers to the engagement letter which speaks for itself.

38.     Denies the allegations set forth in paragraph 38, except admits that PwC as part of its engagement agreed to communicate with HHRG management regarding certain matters and refers to PwC's 1998 engagement letter which speaks for itself.

39.     Denies the allegations set forth in paragraph 39, except admits that HHRG engaged PwC as its auditor for the period ended March 31, 1998 and that HHRG paid PwC for its professional services.

40.     States that it is without knowledge or information sufficient to form a belief as to the allegations of paragraph 40 and therefore, leaves the plaintiffs to their proof.

41.     States that it is without knowledge or information sufficient to form a belief as to the allegations of paragraph 41 and therefore, leaves the plaintiffs to their proof.

42.     States that it is without knowledge or information sufficient to form a belief as to the allegations of paragraph 42 and therefore, leaves the plaintiffs to their proof.

43.     States that it is without knowledge or information sufficient to form a belief as to the allegations of paragraph 43 and therefore, leaves the plaintiffs to their proof.

44.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44, and therefore leaves plaintiffs to their proof.

45.     Denies that PwC knew that advances were being made by employees of HHRG to Panexim in violation of an HHRG policy; denies that the allegations fully or accurately characterize PwC's professional responsibilities; denies that PwC breached any such obligation; and denies the remaining allegations set forth in paragraph 45.

46.     Denies that PwC knew that advances were being made by HHRG for payment of Panexim's VAT liability in violation of an HHRG policy; denies that the allegations fully or accurately characterize PwC's professional responsibilities; denies that PwC breached any such obligation, and denies the remaining allegations set forth in paragraph 46.

47.     Denies that the allegations set forth in paragraph 47 fully or accurately characterize PwC's professional responsibilities; and denies the remaining allegations set forth in paragraph 47.

48.     Denies that the allegations set forth in paragraph 48 fully or accurately characterize PwC's professional responsibilities; and denies the remaining allegations set forth in paragraph 48.

49.     Denies the allegations set forth in paragraph 49 fully or accurately characterize PwC's professional responsibilities; and denies the remaining allegations set forth in paragraph 49.

50.     Denies that the allegations set forth in paragraph 50 fully or accurately characterize PwC's professional responsibilities; and denies the remaining allegations set forth in paragraph 50.

51.     Denies that the allegations set forth in paragraph 51 fully or accurately characterize PwC's professional responsibilities; and denies the remaining allegations set forth in paragraph 51.

52.     Denies the allegations set forth in paragraph 52.

53.     Denies that the allegations set forth in paragraph 53 fully or accurately set forth PwC's professional responsibilities, and denies that PwC breached any such obligation.

54.     Denies that the allegations set forth in paragraph 54 fully or accurately set forth PwC's professional responsibilities; and denies that PwC breached any such obligation.

55.     Denies that the allegations set forth in paragraph 55 fully or accurately set forth PwC's professional responsibilities; and denies that PwC breached any such obligation.

56.     Denies that the allegations set forth in paragraph 56 fully or accurately characterize PwC's professional responsibilities; and denies the remaining allegations set forth in paragraph 57.

57.     Denies that the allegations set forth in paragraph 57 fully or accurately characterize PwC's professional responsibilities; and denies the remaining allegations set forth in paragraph 93.

58.     Denies that the allegations set forth in paragraph 58 fully or accurately set forth PwC's professional responsibilities; and denies that PwC breached any such obligation.

59.     Denies the allegations set forth in paragraph 59, except admits that PwC issued an audit opinion on the 1998 financial statements of HHRG and refers to that opinion which speaks for itself.

60.     Denies the allegations set forth in paragraph 60, except admits that PwC in the course of the 1998 audit was aware of information regarding Banco de Lima as reflected in PwC's workpapers.

61.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding loans obtained by Panexim from Banco de Lima, and therefore leaves plaintiffs to their proof; denies that the allegations fully or accurately characterize PwC's professional responsibilities for the 1998 audit; and denies the remaining allegations set forth in paragraph 61.

62.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding loans obtained by Panexim from Banco de Lima, and therefore leaves plaintiffs to their proof; denies that the allegations fully or accurately characterize

PwC's professional responsibilities for the 1998 audit; and denies the remaining allegations set forth in paragraph 62.

63.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding loans obtained by Panexim from Banco de Lima, and therefore leaves plaintiffs to their proof; denies that the allegations fully or accurately characterize PwC's professional responsibilities for the 1998 audit; and denies the remaining allegations set forth in paragraph 63.

64.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding loans obtained by Panexim from Banco de Lima, and therefore leaves plaintiffs to their proof; denies that the allegations fully or accurately characterize PwC's professional responsibilities for the 1998 audit; and denies the remaining allegations set forth in paragraph 64.

65.     Denies the allegations set forth in paragraph 65.

66.     Denies that the allegations set forth in paragraph 66 fully or accurately characterize PwC's professional responsibilities, and denies the remaining allegations set forth in paragraph 66.

67.     Denies the allegations set forth in paragraph 67.

68.     Denies the allegations set forth in paragraph 68.

69.     Denies that PwC was aware of any violations of company policy constituting irregularities that were not reported to HHRG's board of directors; states that it is without

knowledge or information sufficient to form a belief as to the truth of the allegations that there were violations of company policy, and therefore leaves plaintiffs to their proof; and denies the remaining allegations set forth in paragraph 69.

70.     Denies the allegations set forth in paragraph 70 and denies that the allegations set forth in paragraph 70 fully and accurately characterize PwC's professional responsibilities.

71.     Denies the allegations set forth in paragraph 71, except admits that PwC was engaged by HHRG to perform certain procedures regarding HHRG's financial statements for the period ended September 30, 1998.

72.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72, and therefore leaves plaintiffs to their proof.

73.     Denies that the allegations set forth in paragraph 73 fully or accurately characterize PwC's professional responsibilities; denies that PwC breached any obligation to HHRG; and states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations that any unsecured and unauthorized advances had been made, and therefore leaves plaintiffs to their proof.

74.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74, and therefore leaves plaintiffs to their proof.

75.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75, and therefore leaves plaintiffs to their proof.

76.     Denies that the allegations set forth in paragraph 76 fully or accurately characterize PwC's professional responsibilities; denies that PwC breached any such obligation; denies that PwC was aware of any violations of company policy that were not reported to HHRG's board of directors; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations that there were violations of company policy, and therefore leaves plaintiffs to their proof; and denies the remaining allegations set forth in paragraph 76.

77.     Denies the allegations set forth in paragraph 77.

78.     Denies that the allegations set forth in paragraph 78 fully or accurately characterize PwC's professional responsibilities; and denies the remaining allegations set forth in paragraph 78.

79.     Denies the allegations set forth in paragraph 79, except admits that during its audit for the period ended March 31, 1998, PwC reviewed certain loan covenants of HHRG.

80.     Denies that PwC was aware of any loan covenant violations that were not known to HHRG's board of directors; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations that there were such loan covenant violations, and therefore leaves plaintiffs to their proof; and denies the remaining allegations set forth in paragraph 80.

81.     Denies the allegations set forth in paragraph 81, except admits that PwC issued audit opinions regarding the consolidated financial statements of HHRG for the periods ended March 31, 1997 and 1998 and refers to those opinions which speak for themselves.

82.     Denies the allegations set forth in paragraph 82, except admits that PwC provided audit opinions regarding the consolidated financial statements of HHRG for the periods ended March 31, 1997 and 1998 and refers to those opinions which speak for themselves.

83.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83, and therefore leaves plaintiffs to their proof, except denies the allegations to the extent they assert that PwC failed to conduct its audits in accordance with generally accepted auditing standards ("GAAS").

84.     Denies the allegations set forth in paragraph 84.

85.     Denies that the allegations set forth in paragraph 85 fully or accurately characterize PwC's audit opinion and denies that PwC failed to conduct its audit in conformity with GAAS.

86.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86, and therefore leaves plaintiffs to their proof.

87.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Panexim's ability to pay VAT, and therefore leaves plaintiffs to their proof, and denies the remaining allegations set forth in paragraph 87.

88.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88, and therefore leaves plaintiffs to their proof.

**The 1999 Engagement**

89.     Denies the allegations set forth in paragraph 89, except admits that in 1999 HHRG engaged PwC to provide professional services and that PwC prepared a service plan.

90.     Admits that PwC prepared a service plan for 1999 and provided the service plan to HHRG, and denies the remaining allegations set forth in paragraph 90.

91.     Denies that the allegations set forth in paragraph 91 fully or accurately characterize the service plan prepared by PwC for 1999 and refers to the service plan which speaks for itself.

92.     Denies that the allegations set forth in paragraph 92 fully or accurately characterize the contents and purpose of the service plan or the engagement, and refers to the service plan and engagement letter which speak for themselves.

93.     Denies that the allegations set forth in paragraph 93 fully or accurately characterize the contents and purpose of the service plan or engagement, and refers to the service plan and engagement letter which speak for themselves.

94.     Denies the allegations set forth in paragraph 94, except admits that HHRG paid PwC for its professional services.

95.     Denies that the allegations set forth in paragraph 95 fully or accurately characterize PwC's professional responsibilities; and denies that PwC breached any such obligation.

**Subsequent Developments**

96.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 regarding information disclosed to and actions taken by creditors, customers and lenders of HHRG in 2000 and whether there were violations of HHRG policy, and therefore leaves plaintiffs to their proof; denies that the existence of Panexim's debt to HHRG was not discovered by the board of directors until early 2000; and denies the remaining allegations set forth in paragraph 96.

97.     Admits on information and belief the allegations set forth in paragraph 97.

98.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98, and therefore leaves plaintiffs to their proof.

99.     Denies the allegations set forth in paragraph 99.

**COUNT ONE – BREACH OF CONTRACT**

100.     PwC's answers to paragraphs 1 through 99 are hereby made its answers to paragraphs 1 through 99 of Count One.

101.     Denies that the allegations set forth in paragraph 101 fully or accurately characterize the terms of PwC's engagements by HHRG and refers to the engagement letters which speak for themselves; and denies the remaining allegations set forth in paragraph 101.

102.     Denies the allegations set forth in paragraph 102.

103.    Denies the allegations set forth in paragraph 103, and refers to the terms of the engagement letters which speak for themselves.

104.    Denies the allegations set forth in paragraph 104, except admits that HHRG paid PwC for its services in 1996, 1997 and 1998, but denies that PwC has been fully paid for services rendered in 1999.

105.    Denies the allegations set forth in paragraph 105.

106.    Denies the allegations set forth in paragraph 106.

107.    Denies the allegations set forth in paragraph 107.

**COUNT TWO:  PwC MALPRACTICE – NEGLIGENCE**

108.    PwC's answers to paragraphs 1 through 107 of Count One are hereby made its answers to paragraphs 1 through 107 of Count Two.

109.    Denies the allegations set forth in paragraph 109, except admits that PwC had a professional responsibility to conduct its audits of HHRG's financial statements in accordance with GAAS.

110.    Denies the allegations set forth in paragraph 110.

111.    Denies the allegations set forth in paragraph 111.

112.    Denies the allegations set forth in paragraph 112, except admits that PwC issued an audit opinion on HHRG's financial statements for the abbreviated period ending March 31, 1997 and refers to that opinion which speaks for itself.

-18-

113.    Denies the allegations set forth in paragraph 113, except admits that PwC issued an audit opinion on HHRG's financial statements for the abbreviated period ending March 31, 1997 and refers to that opinion which speaks for itself.

114.    Denies the allegations set forth in paragraph 114, except admits that PwC conducted its audit of HHRG in accordance with GAAS.

115.    Denies the allegations set forth in paragraph 115, except admits that PwC issued an audit opinion on HHRG's financial statements for the abbreviated period ending March 31, 1997 which includes the quoted language and refers to that opinion which speaks for itself.

116.    Denies the allegations set forth in paragraph 116.

117.    Denies that the allegations set forth in paragraph 117 fully or accurately characterize PwC's professional responsibilities; avers that PwC conducted its audits of HHRG in accordance with GAAS; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that HHRG's financial statements failed to accurately represent its accounts receivable and therefore leaves plaintiffs to their proof.

118.    Denies the allegations set forth in paragraph 118.

119.    Denies that the allegations set forth in paragraph 119 fully or accurately characterize PwC's audit opinion for the abbreviated period ended March 31, 1997 and refers to that opinion which speaks for itself; denies that the allegations set forth in paragraph 119 fully or

accurately characterize PwC's professional responsibilities; and denies the remaining allegations set forth in paragraph 119.

120.    Denies that the allegations set forth in paragraph 120 fully or accurately characterize PwC's audit opinion for the abbreviated period ended March 31, 1997 and refers to that opinion which speaks for itself; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that HHRG made unsecured cash advances to Panexim and collaterized Panexim's line of credit in violation of HHRG's policies and therefore leaves plaintiffs to their proof; and denies the remaining allegations set forth in paragraph 120.

121.    States that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that HHRG violated a credit policy and therefore leaves plaintiffs to their proof; and denies the remaining allegations set forth in paragraph 121.

122.    Denies that the allegations set forth in paragraph 122 fully or accurately characterize PwC's audit opinion for the abbreviated period ended March 31, 1997 and refers to that opinion which speaks for itself; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding HHRG's transactions with Panexim, and therefore leaves plaintiffs to their proof; and denies the remaining allegations set forth in paragraph 122.

123.    Denies that the allegations set forth in paragraph 123 fully or accurately characterize PwC's audit opinion for the abbreviated period ended March 31, 1997 and refers to

that opinion which speaks for itself; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that HHRG and Panexim had a profit sharing arrangement, and therefore leaves plaintiffs to their proof; and denies the remaining allegations set forth in paragraph 123.

124.    Denies that the allegations set forth in paragraph 124 fully or accurately characterize PwC's audit opinion for the abbreviated period ended March 31, 1997 and refers to that opinion which speaks for itself; denies that the allegations set forth in paragraphy 124 fully or accurately characterize PwC's professional responsibilities; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding HHRG's corporate structure,  lack of oversight and checks and balances, and that HHRG did not establish a finance committee until 1999; and therefore leaves plaintiffs to their proof; and denies the remaining allegations set forth in paragraph 124.

125.    Denies the allegations set forth in paragraph 125, except admits that PwC issued an audit opinion on HHRG's financial statements for the period ended March 31, 1998 and refers to that opinion which speaks for itself.

126.    Denies the allegations set forth in paragraph 126, except admits that PwC issued an audit opinion on HHRG's financial statements for the period ended March 31, 1998 and refers to that opinion which speaks for itself.

127.    States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 127, and therefore leaves plaintiffs to their proof.

128.    Denies that the allegations set forth in paragraph 128 fully or accurately characterize PwC's audit opinions and professional responsibilities or that PwC's audits did not comply with GAAS; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations that HHRG misrepresented information on its financial statements, and therefore leaves plaintiffs to their proof; and denies the remaining allegations set forth in paragraph 128.

129.    Denies that the allegations set forth in paragraph 129 fully or accurately characterize PwC's professional responsibilities, and denies the remaining allegations set forth in paragraph 129.

130.    Denies that the allegations set forth in paragraph 130 fully or accurately characterize PwC's audit opinion for the period ended March 31, 1998 and refers to that opinion which speaks for itself; denies that the allegations set forth in paragraph 130 fully or accurately characterize PwC's professional responsibilities; and denies the remaining allegations set forth in paragraph 130.

131.    Denies the allegations set forth in paragraph 131, except admits that PwC issued an audit opinion on HHRG's financial statements for the period ended March 31, 1999 and refers to that opinion which speaks for itself.

132.   Denies the allegations set forth in paragraph 132, except admits that PwC issued an audit opinion on HHRG's financial statements for the periods ended March 31, 1999 and refers to that opinion which speaks for itself.

133.   Denies the allegations set forth in paragraph 133, except admits that PwC issued  an audit opinion on HHRG's financial statements for the periods ended March 31, 1998 and 1999 which included the quoted language, and refers to that opinion which speaks for itself.

134.   Denies that the allegations set forth in paragraph 134 fully or accurately characterize PwC's audit opinion for the period ended March 31, 1999 and refers to that opinion which speaks for itself; states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding HHRG's relationship with Panexim, and therefore leaves plaintiffs to their proof; and denies the remaining allegations set forth in paragraph 134.

135.   States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135, and therefore leaves plaintiffs to their proof.

136.   Denies that the allegations set forth in paragraph 136 fully or accurately characterize PwC's professional responsibilities, and denies the remaining allegations set forth in paragraph 136.

137.   Denies the allegations set forth in paragraph 137.

138.   Denies the allegations set forth in paragraph 138.

139.   Denies the allegations set forth in paragraph 139.

## COUNT III: NEGLIGENT MISREPRESENTATION

140.    PwC's answers to paragraphs 1 through 139 of Count Two are hereby made its answers to paragraphs 1 through 139 of Count Three.

141.    Denies the allegations set forth in paragraph 141.

142.    Denies the allegations set forth in paragraph 142.

143.    Denies the allegations set forth in paragraph 143.

144.    Denies the allegations set forth in paragraph 144.

145.    Denies the allegations set forth in paragraph 145.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs lacks standing to bring the claims asserted in the Complaint because the wrongful acts that the plaintiffs alleges should have been discovered by PwC were perpetrated by HHRG or its agents and must be imputed to plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

HHRG is a necessary party to this action as the subrogor of plaintiffs' claims and because it claims an interest relating to the subject matter of the action and is so situated that the disposition

of this action in HHRG's absence may leave PwC subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

### FOURTH AFFIRMATIVE DEFENSE

At all times, PwC, its employees, agents, and representatives applied proper methods of accounting and conducted all audits in accordance with generally accepted auditing standards.

### FIFTH AFFIRMATIVE DEFENSE

PwC's alleged conduct and actions were not the legal cause of any damages suffered by HHRG.

### SIXTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by the doctrine of in pari delicto.

## ELEVENTH AFFIRMATIVE DEFENSE

A portion of the claims asserted in the Complaint are barred by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any harm, injuries and damages as alleged in the Second and Third Counts of Complaint, which Defendants expressly deny, the harm, injury and damages were caused by the negligence and carelessness of HHRG, which is impurted to plaintiffs, in that it, and/or its agents or representatives failed to review, to obtain, or properly to analyze or construe information available to HHRG concerning the advances made to Panexim.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by HHRG's failure to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Under the terms of the engagement letters, plaintiffs' claims are barred to the extent they seek recovery of any consequential, indirect, lost profit or similar damages allegedly suffered by HHRG.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the claims asserted in the Complaint because the wrongful acts that the plaintiff alleges should have been discovered by PwC were perpetrated by HHRG or its agents and must be imputed to Plaintiffs who stand in the shoes of HHRG for these purposes since they purport to bring these claims as subrogees and assignees of HHRG.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims are barred by principles of common law indemnity.

## SEVENTEENTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM

1.      In 1997, 1998, and 1999, HHRG engaged PwC to audit the financial statements of HHRG ("the Engagements").  The terms of the engagements were set forth in engagement letters, countersigned on behalf of HHRG, dated April 10, 1997; March 30, 1998; and March 1, 1999.

2.      In accordance with the terms of the Engagements and as required by GAAS, before the conclusion of each audit, PwC obtained from HHRG management a representation letter that, among other things, confirmed the completeness and truthfulness of representations made to PwC during the audit, including representations regarding the absence of fraud involving management of other employees who had significant roles within HHRG's internal control or those involving others that could have a material effect on the financial statements.

3.      Under the terms of the Engagements, HHRG agreed to fully indemnify and hold PwC harmless from all claims, liabilities, losses and costs arising in circumstances where there has been a knowing misrepresentation by a member of HHRG's management, regardless of whether such person was acting in the company's interest.

4.      Upon information and belief, one or more members of management or other employees with significant roles within HHRG engaged in fraud and other such conduct, contrary to representations made by HHRG's management to PwC.

5.      The claims asserted against PwC in this and related actions arise out of the circumstances where there has been a knowing misrepresentation by one or more members of HHRG management to PwC.

6.      Accordingly, HHRG must fully indemnify and hold PwC harmless for all claims, liabilities, losses and costs arising out of this and all related actions, including for the costs of defense against these claims.

7.      Plaintiffs stand in the shoes of HHRG for these purposes since they purport to bring these claims as subrogees and assignees of HHRG.

8.      PwC is entitled to set off against any judgment all amounts to which it is entitled as indemnification under the terms of the Engagement agreements.

### EIGHTEENTH AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM

1-8.    PwC repeats paragraphs 1 through 8 of the Seventeenth Affirmative Defense and First Counterclaim as if fully set forth herein.

9.    Under the doctrine of recoupment, any judgment against PwC must be reduced on account of all amounts to which PwC is entitled as indemnification under the terms of the Engagement agreements.

WHEREFORE, PwC requests that the Court:

(A)    enter judgment in its favor on all Counts;

(B)    award PwC its costs;

(C)    award PwC judgment on its counterclaim allowing PwC to setoff against any judgment rendered in favor of plaintiffs all amounts due PwC under its rights of indemnification; and

(D)    grant such other and further relief as is just and equitable.

### JURY DEMAND

PwC hereby demands a trial by jury.

**DEFENDANT**,
**PRICEWATERHOUSECOOPERS LLP**


By _____
    David J. Elliott (ct 04301)
    E-mail:  djelliott@dbh.com
    William H. Erickson (ct18117)
     E-mail:  wherickson@dbh.com
    Thomas D. Goldberg (ct 04386)
    E-mail:  tdgoldberg@dbh.com
    Kathleen D. Warner (ct 23973)
    E-mail: kdwarner@dbh.com
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, CT 06103
    (860) 275-0100 – telephone
    (860) 275-0343 – facsimile


Its Attorneys

## <u>CERTIFICATION</u>

THIS IS TO CERTIFY that on this day, a copy of the foregoing was sent via facsimile and also mailed first class, postage prepaid, to:

Edward J. Boyle, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
LLP
150 East 42nd Street
New York, NY 10017-5639

Steven R. Humphrey, Esq.
Dina S. Fisher, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Daniel McMahon, Esq.
Stefan Dandelles, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
120 N. LaSalle Street
Chicago, IL 60602

Fred N. Knopf, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
3 Gannett Drive
White Plains, NY 10604-3407

William H. Champlin III, Esq.
William S. Fish, Jr., Esq.
Tyler, Cooper & Alcorn
CityPlace – 35th Floor
Hartford, CT 06103

Joseph A. Oliva
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400

Wolf, Horowitz, Etlinger & Case
99 Pratt Street, 4th Floor
Hartford, CT 06103

_____
David J. Elliott