United States District Court
District of Connecticut
FILED AT NEW HAVEN

6/9 2004

Kevin F. Rowe, Clerk

By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOLDEN WEST REFINING CORPORATION LIMITED,<br>  Plaintiff,<br>VS.<br>PRICEWATERHOUSECOOPERS LLP and COOPERS & LYBRAND LLP,<br>  Defendants. | CIVIL ACTION NO.<br>3:02 CV 1379 (MRK) |
| ALEC SHARP, et al.,<br>  Plaintiffs,<br>VS.<br>PRICEWATERHOUSE COOPERS LLP d/b/a PRICE WATERHOUSE LLP<br>  Defendant. | CIVIL ACTION NO.<br>3:02 CV1572 (MRK) |
| HANDY & HARMAN REFINING GROUP, INC.,<br>  Plaintiff,<br>V.<br>PRICEWATERHOUSECOOPERS LLP,<br>  Defendant. | CIVIL ACTION NO.<br>3:02 CV 1803 (MRK) |
| IN RE:<br>HANDY & HARMAN REFINING GROUP, INC.,<br>  Debtor.<br>HANDY & HARMAN REFINING GROUP, INC., ET AL.,<br>  Plaintiffs,<br>VS.<br>THE CHUBB CORPORATION, ET AL.,<br>  Defendants. | CIVIL ACTION NO.<br>3:03 CV 1243 (MRK)<br><br>MAY 12, 2004 |

## **STIPULATION AND PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Stipulation and Protective Order ("Order") at the request of PricewaterhouseCoopers LLP ("PWC") and Fleet Precious Metals ("Fleet"), for the purpose of assuring the confidentiality of certain information that may be disclosed in this action by FLEET.

1. Any information designated by FLEET as "Confidential Information" that may be produced by FLEET in documentary form, as an oral statement, or in any other form (a) shall be used solely for the purpose of this action; (b) shall be disclosed only to the individuals identified in paragraph 2(a)-(d) of this Order; and (c) shall not be published to the public in any form by the parties or their counsel or by the individuals identified in paragraph 2(a)-(d) of this Order.

2. Use of information designated by FLEET as "Confidential Information" shall be restricted to the following persons:

   (a) Attorneys employed by PwC to the above-captioned action and employees of such attorneys to whom it is necessary that the information be disclosed for purposes of this action;

   (b) Such employees of PwC as are necessary to assist in the prosecution of this action;

-2-

(c) Independent persons (including independent accountants, statisticians, economists, or other technical experts) retained by PwC to the above captioned action, or by their attorneys, solely for the purpose of assisting in the preparation of this action, provided that any such independent persons have executed a written agreement to be bound by the terms of the Order and have been provided with a copy of the Order;

(d) Court reporters or stenographers engaged to record deposition testimony, and their employees;

(e) A witness at deposition or trial, but only after such witness first agrees to be bound by the terms of this Order either on the record or by written acknowledgement;

(f) Other persons as may be authorized by the Court.

3. Information shall constitute "Confidential Information" when FLEET marks each page of a document (or any copy of that document) "Confidential"; when FLEET provides written notice to counsel that a document (or part of a document) is "Confidential"; or when FLEET states on the record during an oral deposition that a statement is "Confidential."

4. Nothing shall prevent disclosure beyond the terms of this Order in the event that FLEET consents to such disclosure in writing or in the event that the Court orders such disclosure.

5. This confidentiality obligation shall not extend to Confidential Information that the receiving party can demonstrate (a) is or becomes known or available to the public without fault of the receiving party, (b) was in the receiving party's possession prior to its receipt from the other

-3-

party, or (c) is or becomes rightfully available to the receiving party from a source in lawful possession of the Confidential Information who is not under an obligation of confidentiality.

6. All information designated by FLEET as "Confidential Information" that may appear in any pleading, motion, transcript, or other paper that is submitted or filed with the Court shall be submitted or filed, in whole or in part, under seal and maintained under seal until further order of the Court.

7. Any inadvertent disclosure by FLEET of "Confidential Information," regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of FLEET's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or as to the same or related subject matter.

8. Within sixty (60) days after the conclusion of this action, the originals and reproductions of any documents produced by FLEET that contain information designated by FLEET as "Confidential Information" shall either be returned to FLEET or the party to which such documents were produced shall certify to FLEET that such documents have been destroyed, provided that counsel for PwC shall be entitled to retain one copy for their files of any material filed with the Court, subject to the continued protections of this Order.

Dated: __Boston__, __Mass.__
May 19, 2004

FLEET PRECIOUS METALS

By: _/s/ E. Busny_
Elise Busny
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111
Direct 617.856.8246
Fax 617.856.8201
E-mail: ebusny@brbilaw.com
Its Attorneys

Dated: Hartford, Connecticut

May 12, 2004

DEFENDANT,
PRICEWATERHOUSECOOPERS LLP

By _/s/_
Kathleen D. Warner (ct23973)
E-mail: kdwarner@dbh.com
Thomas D. Goldberg (ct 04386)
E-mail: tdgoldberg@dbh.com
David J. Elliott (ct04301)
E-mail: djelliott@dbh.com
William H. Erickson (ct18117)
E-mail: wherickson@dbh.com
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103
Telephone: (860) 275-0100
Fax: (860) 275-0343
Its Attorneys

SO ORDERED:

_____