UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOLDEN WEST REFINING CORPORATION LIMITED,<br>        Plaintiff,<br>VS.<br>PRICEWATERHOUSECOOPERS LLP and COOPERS & LYBRAND LLP,<br>        Defendants. | CIVIL ACTION NO.<br>3:02 CV 1379 (CFD) |
| ALEC SHARP, et al.,<br>        Plaintiffs,<br>VS.<br>PRICEWATERHOUSE COOPERS LLP d/b/a PRICE WATERHOUSE LLP<br>        Defendant. | CIVIL ACTION NO.<br>3:02 CV1572 (CFD) |
| HANDY & HARMAN REFINING GROUP, INC.,<br>        Plaintiff,<br>V.<br>PRICEWATERHOUSECOOPERS LLP,<br>        Defendant. | CIVIL ACTION NO.<br>3:02 CV 1803(CFD) |
| IN RE:<br>HANDY & HARMAN REFINING GROUP, INC.,<br>        Debtor.<br>HANDY & HARMAN REFINING GROUP, INC., ET AL.,<br>        Plaintiffs,<br>VS.<br>THE CHUBB CORPORATION, ET AL.,<br>        Defendants. | CIVIL ACTION NO.<br>3:03 CV 1243 (CFD)<br><br>JUNE 17, 2004 |

## MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Fleet Precious Metals ("Fleet"), moves for the entry of the attached Stipulation and Protective Order (the "Stipulation")

concerning documents made available by Fleet in response to a subpoena *duces tecum* served upon it by PricwaterhouseCoopers LLP. This Motion has been consented to by counsel for Alec Sharp, et al.

| | |
|---|---|
| Dated: Hartford, Connecticut<br><br>June 17, 2004 | FLEET PRECIOUS METALS<br><br>By: *[signature]*<br>Howard L. Siegel (CT #07092)<br>Brown Rudnick Berlack Israels LLP<br>CityPlace I<br>185 Asylum Street<br>Hartford, CT 06103<br>(860) 509-6500 |

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, via first-class mail, to each of the following counsel of record in each of the consolidated cases:

Edward J. Boyle, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY  10017-5639

Daniel McMahon, Esq.
Stefan Dandelles, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
120 N. LaSalle Street
Chicago, IL  60602

William H. Champlin III, Esq.
William S. Fish, Jr., Esq.
Tyler, Cooper & Alcorn
CityPlace, 35th Floor
185 Asylum Street
Hartford, CT  06103

Joseph J. Koltun, Esq.
Philip H. Kalban, Esq.
Fischbein-Badillo-Wagner-Harding
909 Third Avenue
New York, NY  10022

Thomas D. Goldberg
David J. Elliott
William H. Erickson
Kathleen D. Warner
Day, Berry & Howard LLP
CityPlace I
185 Asylum Street
Hartford, CT  06103

Steven R. Humphrey, Esq.
Dina S. Fisher, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597

Fred N. Knopf, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
3 Gannett Drive
White Plains, NY  10604-3407

Charles T. Lee, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT  06901

James McCullough, Esq.
Joseph A. Oliva, Esq.
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, NY  10004-2400

_____
Howard L. Siegel

#40185012 v\1 - milesar - x@yc01!.doc - 16467/41

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOLDEN WEST REFINING CORPORATION LIMITED,<br>        Plaintiff,<br>VS.<br>PRICEWATERHOUSECOOPERS LLP and COOPERS & LYBRAND LLP,<br>        Defendants. | CIVIL ACTION NO.<br>3:02 CV 1379 (CFD) |
| ALEC SHARP, et al.,<br>        Plaintiffs,<br>VS.<br>PRICEWATERHOUSE COOPERS LLP d/b/a PRICE WATERHOUSE LLP<br>        Defendant. | CIVIL ACTION NO.<br>3:02 CV1572 (CFD) |
| HANDY & HARMAN REFINING GROUP, INC.,<br>        Plaintiff,<br>V.<br>PRICEWATERHOUSECOOPERS LLP,<br>        Defendant. | CIVIL ACTION NO.<br>3:02 CV 1803(CFD) |
| IN RE:<br>HANDY & HARMAN REFINING GROUP, INC.,<br>        Debtor.<br>HANDY & HARMAN REFINING GROUP, INC., ET AL.,<br>        Plaintiffs,<br>VS.<br>THE CHUBB CORPORATION, ET AL.,<br>        Defendants. | CIVIL ACTION NO.<br>3:03 CV 1243 (CFD)<br><br>JUNE _____, 2004 |

## STIPULATION AND PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Stipulation and Protective Order ("Order") at the request of Alec Sharp, individually and as representative of Certain Underwriters at Lloyd's London, Chubb Insurance Company of

218185.1

-2-

Europe, Reliance National Insurance Company (Europe) Limited, New Hampshire Insurance Company Per AIG Europe (UK) Limited, Liberty Mutual Insurance Company (UK Limited), Scor UK Limited, Sorema UK Limited Per Specialist Underwriters Limited (Trenwick), Eagle Star Re (ERC Frankona), Zurich Insurance Company, Swiss Re International, Royal Sun Alliance PLC, all subscribing to Policy No. 834/FB9700166 (collectively, "Underwriters"), and Fleet Precious Metals ("Fleet"), for the purpose of assuring the confidentiality of certain information that may be disclosed in this action by Fleet.

1. Any information designated by Fleet as "Confidential Information" that may be produced by Fleet in documentary form, as an oral statement, or in any other form (a) shall be used solely for the purpose of this action; (b) shall be disclosed only to the individuals identified in paragraph 2(a)-(d) of this Order; and (c) shall not be published to the public in any form by the parties or their counsel or by the individuals identified in paragraph 2(a)-(d) of this Order.

2. Use of information designated by Fleet as "Confidential Information" shall be restricted to the following persons:

(a) Attorneys employed by Underwriters to the above-captioned action and employees of such attorneys to whom it is necessary that the information be disclosed for purposes of this action;

(b) Such employees of Underwriters as are necessary to assist in the prosecution of this action;

(c) Independent persons (including independent accountants, statisticians, economists, or other technical experts) retained by Underwriters to the above captioned action, or by their attorneys, solely for the purpose of assisting in the preparation of this action, provided

218185.1

-3-

that any such independent persons have executed a written agreement to be bound by the terms of the Order and have been provided with a copy of the Order;

    (d)    Court reporters or stenographers engaged to record deposition testimony, and their employees;

    (e)    A witness at deposition or trial, but only after such witness first agrees to be bound by the terms of this Order either on the record or by written acknowledgement;

    (f)    Other persons as may be authorized by the Court.

3.    Information shall constitute "Confidential Information" when Fleet marks each page of a document (or any copy of that document) "Confidential"; when Fleet provides written notice to counsel that a document (or part of a document) is "Confidential"; or when Fleet states on the record during an oral deposition that a statement is "Confidential."

4.    Nothing shall prevent disclosure beyond the terms of this Order in the event that Fleet consents to such disclosure in writing or in the event that the Court orders such disclosure.

5.    This confidentiality obligation shall not extend to Confidential Information that the receiving party can demonstrate (a) is or becomes known or available to the public without fault of the receiving party, (b) was in the receiving party's possession prior to its receipt from the other party, or (c) is or becomes rightfully available to the receiving party from a source in lawful possession of the Confidential Information who is not under an obligation of confidentiality.

6.    All information designated by Fleet as "Confidential Information" that may appear in any pleading, motion, transcript, or other paper that is submitted or filed with the Court shall be submitted or filed, in whole or in part, under seal and maintained under seal until further order of the Court.

218185.1

-4-

7.   Any inadvertent disclosure by Fleet of "Confidential Information," regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of Fleet's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or as to the same or related subject matter.

8.   Within sixty (60) days after the conclusion of this action, the originals and reproductions of any documents produced by Fleet that contain information designated by Fleet as "Confidential Information" shall either be returned to Fleet or the party to which such documents were produced shall certify to Fleet that such documents have been destroyed, provided that counsel for Underwriters shall be entitled to retain one copy for their files of any material filed with the Court, subject to the continued protections of this Order.

Dated: Boston, Massachusetts

June 16, 2004

FLEET PRECIOUS METALS

By: /s/ Elise Busny

Elise Busny, Esq.
Email: ebusny@brbilaw.com
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111
Tel: (617) 856-8246
Fax: (617) 856-8201
Its Attorneys

218185.1

-5-

Dated: Chicago, Illinois

June 15, 2004

PLAINTIFFS,
ALEC SHARP, et al.,

By _____
Daniel McMahon, Esq.
E-mail: mcmahond@wemed.com
Stefan Dandelles, Esq.
E-mail: dandelless@wemed.com
Wilson, Elser, Moskowitz, Edelman & Dicker
120 N. LaSalle Street
Chicago, IL 60602
Tel: (312) 704-0550
Fax: (312) 704-1522
Their attorneys

SO ORDERED:

_____

218185.1