UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GOLDEN WEST REFINING CORP. LTD., : | | |
| Plaintiff, : | | |
| : | NO. 3:02CV1379 (MRK) | |
| v. : | | |
| : | | |
| PRICEWATERHOUSECOOPERS LLP : | | |
| AND COOPERS & LYBRAND LLP, : | | |
| Defendants. : | | |
| | | |
| ALEC SHARP, et al. : | | |
| Plaintiffs, : | | |
| : | NO. 3:02CV1572 (MRK) | |
| v. : | | |
| : | | |
| PRICEWATERHOUSECOOPERS LLP : | | |
| D/B/A PRICE WATERHOUSE LLP, : | | |
| Defendants. : | | |
| | | |
| HANDY & HARMAN REFINING : | | |
| GROUP, INC. : | | |
| Plaintiff, : | NO. 3:02CV1803 (MRK) | |
| : | | |
| v. : | | |
| : | | |
| PRICEWATERHOUSECOOPERS LLP : | | |
| Defendant. : | | |

**<u>ORDER</u>**

The Parties' Motion For Protective Order [doc. # 64] is GRANTED and the Stipulation and Protective Order is approved with the exception of Paragraph 6, relating to documents filed with the Court. If either party wants to designate anything filed with the Court as confidential and place it under seal, that party will have to make a separate motion in accordance with District

of Connecticut Local Rule 5(d), specifying precisely what the parties wish to be kept under seal and making a particularized showing of good cause as to why the Court should depart from the strong presumption against sealing any court records to public inspection. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 579-99 (1978); *United States v. Graham*, 257 F.3d 143, 150 (2d Cir. 2001); *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995); *Video Software Dealers Assoc. v. Orion Pictures, Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994).

In limited circumstances and upon a showing of compelling circumstances, this Court may order certain records to be sealed. However, "[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *Id.* at 27 (citation omitted); *see Securities & Exchange Comm'n v. The Street.com*, 273 F.3d 222, 232 (2d Cir. 2001). Moreover, ordinarily, a court must make that determination on the basis of a careful document-by-document review of the particular portions of the document that a party wishes to be kept under seal and after considering whether the requested order is no broader than necessary to serve the interests that require protection. *See United States v. Amodeo*, 71 F.3d 1044, 1051-51 (2d Cir. 1995). A blanket sealing order such as that requested in Paragraph 6 would rarely, if ever, be appropriate. Furthermore, the parties' agreement to seal or limit disclosure of documents on file is not a sufficient basis for granting such an order. *Id.* Until either party demonstrates the existence of extraordinary circumstances or a compelling need to seal from public view any particular portion of any specific document filed in this case, this Court will not depart from the governing strong presumption of open access.

IT IS SO ORDERED.

/s/     Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: June 23, 2004.