Westlaw.

Not Reported in A.2d
2001 WL 254276 (Conn.Super.)
(Cite as: 2001 WL 254276 (Conn.Super.))

Page 1

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.

Alphonse COLOMBO, et al.,
v.
CITY of BRISTOL, et al.

No. CV980411649S.

March 2, 2001.

*MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT # 125 AND # 126*

THOMPSON.

*1 The plaintiffs in this action have sued the City of Bristol and Alferio Patrizi, its employee essentially alleging that the negligence of Patrizi, acting on behalf of the City caused damage to the plaintiffs. The employer of the plaintiff Alphonse Colombo that being H. Krevit & Company has filed an intervening complaint seeking reimbursement from the defendants for sums paid to Colombo for workers' compensation.

The City of Bristol has filed a counterclaim against Krevit seeking indemnification for any sums which it may be required to pay to the plaintiffs including the cost of defending this action. The counterclaim is based upon indemnification language which is included in a contract between the City and Krevit, the performance of which was the basis of Colombo's activity when he allegedly sustained the injuries complained of.

Both the City of Bristol and Krevit have moved for summary judgment based upon the indemnification clause in the contract between them which forms the basis of the counterclaim.

The language in question is as follows:
 The Bidder, in contracting for goods, services, materials, labor and the like with the City of Bristol and its respective officers, agents and servants, does hereby agree that the bidder will indemnify and save harmless the City of Bristol, its respective officers, agents and servants from and against any and all claims, damages, losses, litigation expenses, counsel fees and compensation arising out of any injuries (including death) sustained by, or alleged to have been sustained by, the servants, employees or agents of the City of Bristol, or of the bidder or of any participant or spectator, and from injuries (including death) sustained by, or alleged to have been sustained by, the public or any persons on or near the site, or on any other person or damage to property, real or personal, including property of the City of Bristol and their respective officers, agents and servants, caused in whole or in part by the acts or omission of the bidder or any participant or spectator or anyone directly or indirectly employed or working for the bidder while engaged in the activity in the City of Bristol.

It is the claim of Krevit, that since the above language provides that Krevit must indemnify the City only for the negligence of Krevit or its employees, there is no scenario in which indemnification would come into play since the allegations of the complaint allege negligence only against the City through its employee, Patrizi. The City on the other hand, claims that the indemnification language in question does provide that Krevit must indemnify the City for the City's own negligence under the circumstances of this case.

The City relies in large part on *Laudano v. General Motors Corporation,* 34 Conn.Supp. 684, 388 A.2d 842 (1977), in which the court held that an agreement that required the indemnitor to hold the indemnitee harmless "against all liabilities, claims or demands ... growing out of the performance of this contract ..." was broad enough to require that the indemnitor hold the indemnitee harmless for the latter's own negligence.

It is axiomatic that contract language to the extent that it may be subject to interpretation, must be construed against the party who drew the contract. In this case that party is the City. "An intention to indemnify one against his own negligence must be expressed in clear and unequivocal language." *Burkle v. Car & Truck Leasing Co.,* 1 Conn.App. 54, 56, 467 A.2d 1255 (1983).

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-01379-MRK   Document 83-2   Filed 08/24/2004   Page 3 of 6

Not Reported in A.2d
2001 WL 254276 (Conn.Super.)
(Cite as: 2001 WL 254276 (Conn.Super.))

Page 2

*2 The language in this case requires Krevit to hold the City harmless "against any and all claims, damages, losses, litigation expenses, counsel fees and compensation arising out of any injuries ... caused in whole or in part by the acts or omission of the bidder ... or anyone directly or indirectly employed or working for the bidder."

Thus, the language in this case is not like that in *Laudano* as it requires some act or omission on that part of Krevit in order to trigger the indemnification requirement. Nor does the language of the hold harmless require that Krevit hold the City harmless for the City's own negligence.

Thus, since the indemnity language in question does not require that Krevit indemnify the City for its own negligence, and the only claims in the complaint relate to negligence on the part of the City, there cannot be a scenario where the hold harmless would come into play. Therefore, the court agrees with Krevit that it cannot be required to indemnify the City with respect to any sums which the City may be required to pay to the plaintiffs for bodily injury or loss of consortium.

The City argues however, that the indemnification language also includes reimbursement for costs of defense. Specifically the language in question requires Krevit to "indemnify and save harmless the City of Bristol ... against any and all ... litigation expenses, counsel fees ... arising out of any injuries ... sustained by, or alleged to have been sustained by, the servants, employers or agents ... of the bidder ... caused in whole or in part by the acts or omission of the bidder ... or anyone ... working for the bidder while engaged in the activity in the City of Bristol."

Thus, there could be a situation where the plaintiffs in this case do not recover damages or their damages are reduced, due to comparative negligence on the part of the plaintiff, Alphonse Colombo. Thus, the City claims that such negligence on the part of Colombo would trigger that part of the hold harmless that requires Krevit to indemnify the City for costs of defense arising "in whole or in part" from an act or omission of an employee of the bidder.

It could of course be argued that the intent of the parties was that the indemnification for costs of defense would logically come into play only if Krevit were called upon to indemnify the City for any damages which might be required to pay to the plaintiffs, which for the reasons stated above, the court believes cannot occur in this case.

What the intent of the parties was in this regard is not appropriately determined on a motion for summary judgment. Therefore, although the court agrees with Krevit that the hold harmless does not provide the City with indemnification for its own negligence and thus cannot apply to any recovery by the plaintiffs against the City, there does appear to be a question of fact as to whether the City may be entitled to claim indemnity for costs of defense depending upon the outcome of the initial action brought by the plaintiffs, thus precluding summary judgment.

As to the City's motions for summary judgment against Krevit, there clearly exists a question of fact.

*3 Therefore, the motions for summary judgment of H. Krevit & Company, Inc. against the City of Bristol, and of the City against Krevit are both denied.

2001 WL 254276 (Conn.Super.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Exhibit B

**Westlaw.**

Not Reported in A.2d  
1999 WL 94903 (Conn.Super.)  
**(Cite as: 1999 WL 94903 (Conn.Super.))**

Page 1

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.

EMPLOYMENT STORE, INC.,
v.
METROPOLITAN DISTRICT COMMISSION.

No. CV 98576928S.

Feb. 11, 1999.

MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (# 108)

TELLER.

*1 The plaintiff, Employment Store, Inc., filed a complaint against the defendant, Metropolitan District Commission, under General Statutes § 31-293, to recover compensation the plaintiff has paid or will be obligated to pay in the future under the Workers' Compensation Act to one of its employees, Max Hines, who was injured while working at the defendant's facilities. According to the allegations in the complaint, the injuries to Hines were caused by the negligence of the defendant.

The defendant has filed a motion for summary judgment, arguing that there exists no genuine issue of material fact, and it is entitled to judgment as a matter of law, because the plaintiff was contractually obligated to indemnify the defendant for such loss which it pleaded as a special defense. The defendant provides an affidavit of its purchasing agent, a copy of the contract between it and the plaintiff and a certificate of insurance, together with a memorandum of law, in support of its motion.

The plaintiff filed an objection to the motion for summary judgment and a memorandum in opposition. The plaintiff argues that the indemnity provision in the contract does not require the plaintiff to indemnify the defendant for its own negligence. [FN1]

   FN1. In the alternative, the plaintiff argues that if the contract provision can be construed as requiring indemnity even for the defendant's own negligence, such a provision is void under General Statues § 52-572k. This basis for the plaintiff's opposition to the motion for summary judgment need not be addressed, however, since I conclude that the plaintiff's first argument precludes summary judgment. In any event, it is doubtful whether § 52-572k is applicable to the present case.

"Practice Book § [17-49, formerly § 384] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Thompson & Peck, Inc. v. Division Drywall, Inc.*, 241 Conn. 370, 374, 696 A.2d 326 (1997).

"[W]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) *Gateway Co. v. DiNoia*, 232 Conn. 223, 229, 654 A.2d 342 (1995). "The unambiguous language of an indemnity clause should be given effect as expressing the parties' intention." *Laudano v. General Motors Corp.*, 34 Conn.Supp. 684, 687, 388 A.2d 842 (1977) (Appellate Session). "The intention of the parties is to be ascertained from the language used in the contract and that language must be given its common meaning and usage where it can be sensibly applied to the subject matter of the contract." *Scribner v. O'Brien, Inc.*, 169 Conn. 389, 398-99, 363 A.2d 160 (1975).

Paragraph 00510.15 of the contract at issue, entitled Liability-Indemnity, provides in pertinent part that "The Contractor [plaintiff] shall at all times indemnify and save harmless the District, any municipality included therein, the State of Connecticut, and their respective officers, agents and servants on account of any and all claims, damages, losses, litigation, expenses, counsel fees and compensation: (a) arising out of injuries (including

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
1999 WL 94903 (Conn.Super.)  
**(Cite as: 1999 WL 94903 (Conn.Super.))**

Page 2

death) sustained by or alleged to have been sustained by the servants, employees or agents of the District, any municipality included therein, the State of Connecticut or the Contractor, its subcontractors or material suppliers; and (b) arising out of injuries (including death) sustained by or alleged to have been sustained by the public, any or all persons on or near the Work, or by any other person or property, real or personal (including property of the District) caused in whole or in part by the acts or omissions of the Contractor, any subcontractor, material suppliers or anyone directly or indirectly employed by them or any of them while engaged in the performance of this Contract and including any maintenance period ..." Defendant's Memorandum in Support of Motion for Summary Judgment, Exhibit B, ¶ 00510.15.

**\*2** The plaintiff's complaint alleges that it seeks recovery under General Statutes § 31-293 based on the defendant's negligence. Although broad, the language of ¶ 00510.15 is devoid of any intent that the plaintiff must indemnify and hold the defendant harmless from the defendant's *own* negligence. Indeed, "[t]he general rule of law is that an intention to indemnify one against his own negligence must be expressed in clear and unequivocal language." *Laudano v. General Motors Corp., supra,* 34 Conn.Sup. 687.

As the agreement the defendant relies upon does not contain such clear and unequivocal language, it has not demonstrated the nonexistence of a genuine issue of material fact, and hence is not entitled to judgment as a matter of law.

Therefore, its motion for summary judgment must be, and is, denied.

1999 WL 94903 (Conn.Super.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.