UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOLDEN WEST REFINING CORPORATION<br>Plaintiff<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS, LLP and<br>COOPERS & LYBRAND, LLP<br>Defendants | CIVIL ACTION NO.<br>3:02 CV 1379 (MRK) |
| ALEC SHARP, et al.<br>Plaintiffs<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS, LLP d/b/a<br>PRICE WATERHOUSE, LLP<br>Defendant. | CIVIL ACTION NO.<br>3:02 CV 1572 (MRK) |
| HANDY & HARMAN REFINING GROUP, INC.,<br>Plaintiff<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS, LLP,<br>Defendant | CIVIL ACTION NO.<br>3:02 CV 1803 (MRK)<br><br>SEPTEMBER 17, 2004 |

**MOTION WITH CONSENT TO MODIFY CASE MANAGEMENT AND
SCHEDULING ORDER**

The Plaintiff, Handy & Harman Refining Group, Inc. ("HHRG"), with the consent of the plaintiffs, Golden West Refining Corp. ("GWRC") and Alec Sharp, et al. ("Underwriters"), and the Defendant, PricewaterhouseCoopers LLP ("PwC"), hereby moves that the Case Management and Scheduling Order dated May 21, 2003, as modified by

Endorsement Order entered May 30, 2003, and further modified by the Case Management Order entered on May 11, 2004, be further modified in order that an adjusted case management schedule may be ordered in the above cases. Counsel for HHRG has consulted with counsel of record for the parties in this case and represents that all parties consent to the granting of this motion.

In support of this motion, HHRG states that it believes good cause exists for the granting of this motion and specifically states the following:

1. This is the first motion of HHRG to modify the Case Management and Scheduling Order entered in these actions.

2. In the Case Management Order entered on May 11, 2004, the Court indicated that the Case Management Order could be modified on a showing of good cause.

3. Under the circumstances, all parties to this case believe that good cause exists to modify the Case Management Order entered on May 11, 2004. Specifically, in response to discovery, (a) HHRG has produced or made available for inspection and copying by PwC, more than 700 boxes of documents, comprising, on information and belief, over 1 million pages of documents. PwC is in the process of reviewing such documents but additional time is needed to complete the review; (b) GWRC has produced or made available for inspection and copying by PwC, more than 400 boxes of documents, comprising, on information and belief, more than 800,000 pages

of documents. PwC is in the process of reviewing such documents but additional time is needed to complete the review; (c) Dempsey, Myers & Company has produced, or made available for inspection and copying by PwC, more than 20 boxes of documents, comprising, on information and belief, more than 40,000 pages of documents. PwC is in the process of reviewing such documents but additional time is needed to complete the review; (d) Underwriters has produced 2 boxes of documents. PwC is in the process of reviewing such documents but additional time is needed to complete the review. PwC has produced, or made available to Underwriters, HHRG, and GWRC, 19 boxes of documents for inspection and copying. HHRG is in the process of reviewing the documents produced by PwC, but additional time is needed to complete the review.

4. The parties have diligently pursued non-party discovery including document production subpoenas to Fleet Bank, Credit Suisse, the accounting firm HSNO, the Federal Insurance Company, Alex Stewart Assayers, Inc., and other non-parties.

5. Additional time is needed for each party to complete their review of the documents recently produced and to consult with expert witnesses for purposes of having expert reports prepared and to guide future discovery, including depositions.

6. Adjustments to the discovery schedule and Case Management Order are also necessary to permit a reasonable period of time within which discovery and depositions may be completed.

7. The adjustment in the schedule proposed below reflects an additional three (3) months for fact discovery; an additional three and one-half (3.5) months for expert disclosure and depositions; and an additional three (3) months for the filing of damages analyses. The adjustment in the proposed schedule also moves the dates for filing dispositive motions until one (1) month after completion of the depositions of defendant's experts.

8. The parties submit that the foregoing showing demonstrates that good cause exists for modifying the Case Management and Scheduling Order entered on May 11, 2004.

9. The parties request that the Case Management and Scheduling Order be modified as set forth below:

   a. All fact discovery, including fact depositions, will be completed by June 13, 2005;

   b. Plaintiffs' liability experts will be disclosed by January 17, 2005, with reports turned over by that date;

   c. Plaintiffs' damages experts will be disclosed by January 30, 2005, with reports and a damages analysis turned over by that date;

   d. Plaintiffs' experts will be deposed by March 31, 2005;

4

  e. Defendant's liability and damages experts will be disclosed by April 30, 2005;

  f. Defendant's experts will be deposed by June 13, 2005;

  g. Dispositive motions, if any, including all motions to exclude testimony of experts pursuant to Fed. R. Evid. 702-05 and the *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) line of cases shall be filed by July 8, 2005; and

  h. The Joint Trial Memorandum will still be filed by August 12, 2005.

 10. The parties agree that the dates set forth in paragraph 9 may be subject to further modification at the discretion of the Court. The parties intend to raise with the Court at the telephonic status conference to be held on November 15, 2004 any issues with the schedule which may require further adjustment which may include, among other things, the following:

  a. Status of the production of GWRC's electronic data;

  b. Status of the production of HHRG's electronic data;

  c. Status of PwC's discovery responses;

  d. Status of disputes regarding the privilege logs provided by each of the parties;

  e. Status of production from third parties pursuant to outstanding subpoenas; and

  f. Other outstanding discovery issues, if any.

The parties will address these issues in the joint status report to be filed no later than November 8, 2004.

WHEREFORE, the plaintiff, Handy & Harman Refining Group, with the consent of Golden West Refining Corporation, Alec Sharp et al., and PricewaterhouseCoopers, respectfully requests that its motion be granted and that the Court enter an order modifying the Case Management Order as set forth in paragraph 9 of this motion.

Respectfully submitted,

PLAINTIFFS
HANDY & HARMAN REFINING GROUP, INC.,

By_____
William H. Champlin III, (ct04202)
William S. Fish, Jr., (ct05349)
Michael T. McCormack, (ct13799)
Tyler Cooper & Alcorn, LLP
CityPlace, 35th Floor
185 Asylum Street
Hartford, CT  06103
Tel:  (860) 725-6200
Fax:  (860) 278-3802

## CERTIFICATION

      I hereby certify that a copy of the foregoing was mailed on September 17, 2004 postage prepaid to all counsel of record as follows:

David J. Elliott, Esq.
Thomas D. Goldberg, Esq.
Kathleen D. Warner, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103

Steven Humphrey, Esq.
Dina Fisher, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

Edward J. Boyle, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd St.
New York, NY 10017-5639

Daniel McMahan, Esq.
Stefan Dandelles, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
120 N. LaSalle Street
Chicago, IL 60602

_____
William H. Champlin III