UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GOLDEN WEST REFINING CORP. LTD., : | | |
| Plaintiff, : | | |
| : | NO. 3:02CV1379 (MRK) | |
| v. : | | |
| : | | |
| PRICEWATERHOUSECOOPERS LLP : | | |
| AND COOPERS & LYBRAND LLP, : | | |
| Defendants. : | | |
| | | |
| ALEC SHARP, et al. : | | |
| Plaintiffs, : | | |
| : | NO. 3:02CV1572 (MRK) | |
| v. : | | |
| : | | |
| PRICEWATERHOUSECOOPERS LLP : | | |
| D/B/A PRICE WATERHOUSE LLP, : | | |
| Defendants. : | | |
| | | |
| HANDY & HARMAN REFINING : | | |
| GROUP, INC. : | | |
| Plaintiff, : | NO. 3:02CV1803 (MRK) | |
| : | | |
| v. : | | |
| : | | |
| PRICEWATERHOUSECOOPERS LLP : | | |
| Defendant. : | | |

**<u>ORDER</u>**

The Court issues the following orders regarding pending motions:

1. Plaintiff Handy & Harman Refining Group's has moved to dismiss the First and Second Counterclaims of Defendant PriceWaterhouseCoopers, *see* Answer [doc. #59] at 28-29, on the ground that these counterclaims fail to state a claim for which relief can be granted. The

Court has decided to DENY the Motion to Dismiss [**doc. #72**] without prejudice to renewal, as the Court believes that it needs a more developed record before it can, or should, address the issues raised by the motion.  *See, e.g., Bolt Elec. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995) (internal quotation omitted) (the court should grant a motion to dismiss *only* when "it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief.").

Plaintiff correctly asserts that the Connecticut Supreme Court has held that a party may not be indemnified for his own negligence "in the absence of language that expressly so provides."  *Hyson v. White Water Mountain Resorts*, 265 Conn. 636, 643 (2003).  However, this holding was issued in the context of a consumer contract and a claim of personal injury.  *Hyson* did not overrule the Appellate Court's previous decision in *B&D Assoc. Inc. v. Russell*, 73 Conn. App. 66, 73 (2002) regarding commercial contracts entered into between "sophisticated business entities" such as are involved in this case.  *See Hyson*, 265 Conn. at 641 n. 6.  In *B&D Assoc.*, the Appellate Court held that an exculpatory clause may insulate a party from liability for its own negligent acts only when the intention of the parties is expressed in "unmistakable language," but the Appellate Court did not require the clause to explicitly refer to negligence, as the *Hyson* Court appeared to require in the context of consumer contracts and personal injury claims.  *Id*. at 72-73.

In interpreting the contract at issue in this case, this Court, pursuant to *Erie v. Tompkins*, 304 U.S. 64 (1938), is required to follow the Appellate Court's decision in *B& D Assoc.* unless and until the Connecticut Supreme Court suggests otherwise.  In deciding whether the parties in this case unmistakeably expressed the intention to insulate PricewaterhouseCoopers for its own

negligent acts, it is possible (if not highly likely) that the context in which the agreement was entered into will bear on the intent of the parties as expressed in their contract. Therefore, the Court will not decide this issue at this time, but will permit Handy Harman Refining Group to renew this issue at the dispositive motion stage after discovery is complete. Similarly, at this early stage and on the basis of the allegations of PricewaterhouseCoopers' counterclaim alone, the Court cannot decide whether PricewaterhouseCoopers breached the contract and what effect any such breach would have on its alleged indemnification rights.

    2. Given that the parties agree that PricewaterhouseCoopers' theories of setoff and recoupment are defenses rather than counterclaims for affirmative relief, *see* Def.'s Mem. in Opp. to Mot. to Dismiss [doc. #75] at 14-16, Alec Sharp, et al.'s ("Underwriters") Motion to Dismiss [**doc. # 69**] is GRANTED IN PART. The Court grants PricewaterhouseCoopers leave to amend its Answer [doc. #60] on or before **November 17, 2004**, so that the Seventeenth Affirmative Defense is no longer also captioned as the First Counterclaim and the Eighteenth Affirmative Defense is no longer also captioned as the Second Counterclaim.

    3. Plaintiff Golden West Refining Corporation's Motion to Amend First Amended Complaint [**doc. #62**] is GRANTED. Plaintiff shall file an amended complaint on or before **November 17, 2004**.

    IT IS SO ORDERED.

/s/     Mark R. Kravitz
     United States District Judge

Dated at New Haven, Connecticut: November 5, 2004.