UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOLDEN WEST REFINING CORPORATION<br>Plaintiff<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS, LLP and<br>COOPERS & LYBRAND, LLP<br>Defendants | CIVIL ACTION NO.<br>3:02 CV 1379 (MRK) |
| ALEC SHARP, et al.<br>Plaintiffs<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS, LLP d/b/a<br>PRICE WATERHOUSE, LLP<br>Defendant. | CIVIL ACTION NO.<br>3:02 CV 1572 (MRK) |
| HANDY & HARMAN REFINING GROUP, INC.,<br>Plaintiff<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS, LLP,<br>Defendant | CIVIL ACTION NO.<br>3:02 CV 1803 (MRK)<br><br>JANUARY 7, 2005 |

### MEMORANDUM OF HANDY AND HARMAN REFINING GROUP IN SUPPORT OF MODIFICATION OF CASE MANAGEMENT AND SCHEDULING ORDER

The Plaintiff, Handy & Harman Refining Group, Inc. ("HHRG"), on behalf of itself and on behalf of the plaintiff, Golden West Refining Corp. ("GWRC"), hereby submits this memorandum in support of its request that certain deadlines in the Case Management and Scheduling Order entered by this Court on October 4, 2004 be modified. HHRG submits this memorandum pursuant to the Court's order following the

1

telephonic status conference on December 23, 2004 and in anticipation of the status conference on January 10, 2005.

1. **Trial Date**

The trial of this case is currently scheduled to commence on September 26, 2005. HHRG and GWRC anticipate that it will take seven (7) trial days for the plaintiffs to complete their case. Based upon conversations with counsel for the parties, plaintiffs understand that PricewaterhouseCoopers ("PwC") believes that the trial of this case will last thirty (30) days. Plaintiffs do not agree with this estimate. HHRG and GWRC believe that the modified discovery deadlines set forth in this memorandum can be accomplished without moving the trial date. If, however, the trial date is to be changed, HHRG and GWRC suggest that jury selection take place on October 4, 2005 and that evidence commence on October 24, 2005.

2. **Fact Witness Depositions**

Plaintiffs believe that the current discovery deadline date of June 13, 2005 in which the parties are to complete all discovery should be modified to June 30, 2005. For purposes of determining whether to modify the dates with respect to expert disclosures due to the fact that fact witness depositions of PwC representatives have not commenced, however, HHRG and GWRC submit the following suggestions with respect to depositions of fact witnesses.

    a. **Depositions of PwC Representatives**

    1. HHRG and GWRC anticipate deposing nine (9) PwC representatives: (1) Elizabeth Milaniak, (2) Barrett Brown, (3) Jennifer Lada, (4) Raj

2

Dansinghani, (5) Chad Albano, (6) David Devore, (7) Alexander Corl, (8) Joseph Tiroletto, (9) George Ingram. HHRG and GWRC anticipate commencing depositions of the PwC representatives on January 24, 2005 and completing them by March 3, 2005.

2.  HHRG and GWRC formally requested documents relating to services that PwC's affiliate in Australia ("PwC Australia") rendered to GWRC on November 18, 2004. HHRG and GWRC are awaiting receipt of documents responsive to the production request. Upon receipt and review of the documents, HHRG and GWRC anticipate deposing representatives of PwC Australia, including (1) Alan Good, (2) Rachel Perry and other representatives that become known to HHRG and GWRC after review of the documents to be produced. It is unknown whether these depositions will occur in Connecticut or Australia.

b.  <u>Depositions HHRG Former Employees</u>

Counsel for PwC has indicated PwC's desire to depose ten (10) HHRG representatives. Many of these individuals were employed by HHRG before HHRG filed for bankruptcy in 2000 and counsel for HHRG does not presently have control over the representatives. HHRG does not know whether these witnesses will voluntarily attend depositions in Connecticut. HHRG anticipates being able to produce Jed Horwitt, the liquidating custodian for HHRG, for a deposition in Connecticut. HHRG also anticipates being able to produce John Dempsey for a deposition in Connecticut. HHRG expects that depositions of these witnesses can be completed between February 28 and March 4, 2005.

3

c.     <u>Depositions of GWRC Representatives</u>

Counsel for PwC has indicated that they wish to depose eight (8) former employees of GWRC, all of whom reside and work in Australia. HHRG and GWRC believe that one deponent, Sean Russo, will be able to attend a deposition in Connecticut. Depositions of six (6) other deponents would be most cost effective if taken in Australia. HHRG and GWRC suggest that these depositions could take place beginning the week of March 21, 2005 in Perth, Australia where the witnesses reside.

HHRG and GWRC believe that the other former employee of GWRC whom PwC seeks to depose, Robert Guy, is located in London, England. HHRG and GWRC understand that certain depositions of plaintiff Underwriters may have to take place in London, England and, therefore, the plaintiffs suggest that this deposition take place when the other depositions in London take place.

### 3.  Expert Witness Discovery

Plaintiffs require additional time to disclose reports of their liability and damages experts due to the fact that depositions of the PwC fact witnesses have not commenced as of this date and they have not received documents requested of PwC from PwC Australia. If plaintiffs are able to commence depositions of the PwC witnesses during the week of January 24, 2005, plaintiffs suggest the following dates for expert discovery:

a.     Plaintiffs will disclose all expert reports and expert witnesses by March 15, 2005;

b.     Depositions of plaintiffs' experts will be completed by April 29, 2005;

     c.    Defendant will disclose all expert reports and witnesses by May 31, 2005;

     d.    Depositions of defendant's expert witnesses will be completed by June 30, 2005.

**4.    Discovery Deadline**

Plaintiffs suggest that the present discovery cutoff date be modified so as to allow the parties to complete discovery by June 30, 2005.

**5.    Dispositive Motions**

HHRG and GWRC suggest that any dispositive motions involving pure legal issues, including the statute of limitations, be filed by the defendant on or before April 1, 2005. Any opposition to such a motion will be filed by April 22, 2005 and any reply brief will be filed by May 1, 2005. Oral argument on any such motions will take place on May 8, 2005.

Dispositve motions that rely upon depositions of fact witnesses or expert witnesses are to be filed by July 15, 2005. Any opposition to such a motion will be filed by August 5, 2005 and reply briefs will be filed on or before August 15, 2005. Dispositve motions filed by July 8, 2005 will be argued on August 22, 2005.

**6.    Joint Trial Memorandum**

The parties will submit a joint trial memorandum by September 23, 2005.

7.  **Pretrial Conference**

A pretrial conference will be held on October 10, 2005.

Respectfully submitted,

PLAINTIFFS
HANDY & HARMAN REFINING GROUP, INC.,

By: _____
William H. Champlin III, (ct04201)
William S. Fish, Jr., (ct05349)
Michael T. McCormack, (ct13709)
Tyler Cooper & Alcorn, LLP
CityPlace, 35th Floor
185 Asylum Street
Hartford, CT 06103
Tel: (860) 725-6200
Fax: (860) 278-3802

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent this 7th day of January 2005 via facsimile and U.S. postage prepaid to all counsel of record as follows:

David J. Elliott, Esq.
Thomas D. Goldberg, Esq.
Kathleen D. Warner, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103

Steven Humphrey, Esq.
Dina Fisher, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

Edward J. Boyle, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd St.
New York, NY 10017-5639

Daniel McMahan, Esq.
Stefan Dandelles, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
120 N. LaSalle Street
Chicago, IL 60602

William H. Champlin III