UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOLDEN WEST REFINING CORP. LTD., : | |
| : | |
| Plaintiff, : | |
| : | NO. 3:02CV1379 (MRK) (LEAD) |
| v. : | |
| : | |
| PRICEWATERHOUSECOOPERS LLP : | |
| AND COOPERS & LYBRAND LLP, : | |
| : | |
| Defendants. : | |

**RULING AND ORDER**

Defendant Pricewaterhouse Coopers LLP ("PWC") has challenged the assertion of the attorney-client and work product privilege by Plaintiffs Alec Sharp, et al. ("Underwriters"), and both parties have submitted briefs to the Court on the subject. *See* PricewaterhouseCoopers LLP's Memorandum of Law Regarding Production of Underwriters' Documents [doc. # 107]; Underwriters' Memorandum of Law Regarding Application of the Attorney-Client Privilege and Work Product Doctrine [doc. # 116]. In addition, at the suggestion of the Court and with the knowledge and consent of PWC, Underwriters submitted to the Court for *in camera* review redacted and unredacted copies of documents that it had produced to PWC. *See* Letter from Mr. Dandelles, dated February 22, 2005. Having reviewed the parties briefs and conducted a lengthy *in camera* inspection of the documents in question, this Ruling and Order is intended to provide the parties with the results of the court's review.

At the outset, the Court should state the governing legal principle that it applied in reviewing the documents so that either party may challenge the Court's review on the ground that

1

the Court applied an incorrect legal principle. Broadly stated, the Court believes that the attorney-client and work product privileges protect documents reflecting communications between the Underwriters and their lawyers in which legal advice is either sought or provided regarding anticipated litigation between or among the Underwriters, their assured and/others, and/or regarding the settlement of any such claims. *See generally United States v. Adlman*, 134 F.3d 1194 (2d Cir. 1998); *Travelers Cas. & Sur. Co. v. J.D. Elliott & Co.*, No. 03Civ9720 (GBD), 2004 WL 2339549 (S.D.N.Y. 2004); *Met Life Ins. Co. v. Aetna Cas. & Sur. Co.*, 249 Conn. 36 (1999). By contrast, communications between the Underwriters and their lawyers regarding the factual investigation of a claim and determination whether that claim is a covered claim, would not be protected. *See J.D. Elliott & Co.*, 2004 WL 2339549 at *2.

Applying those principles to the documents provided to the Court by the Underwriters, the Court is of the view that by and large the documents, and (where redacted) portions of documents, withheld by the Underwriters were proper because those documents and/or portions were protected by the attorney-client and/or work product privilege. Therefore, to the extent PWC seeks production of those documents or portions thereof, the Court would deny PWC's motion.

That said, as set forth below, the Court needs clarification regarding certain documents and the Court believes that certain portions of certain documents that were redacted, should not have been redacted:

| | |
|---|---|
| UL-1529-30 | This document appeared in both the withheld pile and in the redacted pile, yet the Court could not find any redactions. Does that mean that the document has been fully produced, or that the document was never produced? |

|              |                                                                                                                                                                                                                                                                                                                                                 |
|--------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| UL-1541-48   | Again, this document appears in both the redacted and unredacted pile and the Court could not find any redactions. The document also appears quite factual in nature, though one copy has certain hand-written comments. Was this document fully produced, without redactions, or was it never produced? It would appear that the document should be produced in its entirety with the possible exception of the handwriting. |
| UL-1982-1983 | This document also appears in both the redacted and unredacted pile, but the court could not find any redactions. Was this document fully produced, without redactions, or was it never produced? |
| UL-1825-1884 | The redactions on UL-1841, 1842, 1854 and 1857 (all but last sentence) do not appear warranted. Also, the Court does not understand the basis for deleting the bills and time sheets from p. 1860 forward. |
| UL-2173-2316 | The redactions on pp. 2176, bottom (under section II) 2178, 2179 do not appear to be warranted. |
| UL-1944-1967 | The redactions from the last paragraph on p. 1947 up through the last sentence of p. 1948 do not appear to be warranted. |

Underwriters have until **March 18, 2005** to either produce to PWC the documents or portions thereof identified above, or to provide the Court with a memorandum stating precisely why those documents or portions thereof should not be produced. Underwriters should also arrange to retrieve the copies of the documents that it provided to the Court for its *in camera* review. Should the parties have further disputes of this nature, they should be prepared to submit them to a Special Master.

IT IS SO ORDERED.

/s/     Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut on**: **March 7, 2005**.