## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GOLDEN WEST REFINING CORP., LTD.,

          Plaintiff,

vs.                                        No.  3:02CV1379 (MRK)

PRICEWATERHOUSECOOPERS, LLP,
And COOPERS & LYBRAND, LLP,

          Defendants.

---

ALEC SHARP, et al.,

          Plaintiffs,

vs.                                        No.  3:02CV1572 (MRK)

PRICEWATERHOUSECOOPERS, LLP,
d/b/a PRICE WATERHOUSE, LLP,

          Defendant.

---

HANDY & HARMAN REFINING GROUP, INC.,

          Plaintiff,

vs.                                        No.  3:02CV1803 (MRK)

PRICEWATERHOUSECOOPERS, LLP,

          Defendant.                         APRIL 21, 2005

---

## JOINT STATUS REPORT

Pursuant to this Court's order, plaintiffs Handy & Harman Refining Group, Inc.

("HHRG"), Golden West Refining Corporation Limited ("GWRC"), and Alec Sharp,

individually and as representative of certain Underwriters at Lloyd's and Insurance Companies

("Underwriters") and the defendant PricewaterhouseCoopers LLP ("PwC") file this Joint Status Report.

A.    Status of the Case.

These three separate actions were filed by HHRG, GWRC (HHRG's Australian parent corporation), and Underwriters, HHRG's insurer. These cases were previously consolidated for all purposes, including for trial.

Fact Discovery:

The plaintiffs have taken the depositions of 7 PwC witnesses, both current and former PwC employees. Five have been completed; one remains open (Joseph Tiroletto); and there is a dispute as to whether the seventh deposition (Chad Albano) is subject to continuation. With respect to the seventh deposition, Underwriters believe that they reserved their right to resume the deposition of Chad Albano after having received and reviewed the transcript of his deposition which was taken on Saturday, April 16, 2005 – a day on which Underwriters were not available. PwC takes the position that that deposition is closed because such deposition proceeded with the full knowledge of all counsel, all counsel were informed that counsel for HHRG would take that deposition (which he did), and no agreement regarding the continuation of this deposition was discussed with counsel for PwC. Underwriters dispute PwC's position.

The plaintiffs deposed Mr. Tiroletto for almost an entire day on Saturday, March 19, 2005, at the witness's request. Also at the witness's request, the deposition did not consume a full day. Underwriters are seeking to conclude the Tiroletto deposition in April 2005. However, there has been disagreement regarding the day of the week the deposition of Mr. Tiroletto should

be completed. This witness is a former employee of PwC and the first day of his deposition took place on a Saturday as an accommodation to the witness's schedule as this Court had suggested. The witness has requested that the deposition also be completed on a Saturday. Underwriters believe there is no continuing justification to require that the deposition be concluded on a Saturday. The estimated time to conclude this deposition is 4 hours and Underwriters have suggested that the continuation start either early in the morning or late in the afternoon on a business day as an accommodation to the witness. As a further accommodation, on the morning of April 20, 2005, Underwriters offered to complete the deposition on Saturday, April 30. Neither counsel for PwC nor the witness is available on this date. Counsel for PwC previously offered to continue such deposition on May 7, 2005, but Underwriters' counsel is committed to concluding this deposition by April 30, 2005. PwC has agreed to a continuation of the deposition but has not committed to any particular length of examination beyond seven hours total. PwC did not make this point when the witness requested an adjournment after less than 6 hours of testimony. The above represents Underwriters' position on Mr. Tiroletto's deposition; PwC does not necessarily agree with this characterization of events.

In addition, Plaintiffs agreed not to proceed with depositions of two additional PwC witnesses subject to an agreement that plaintiffs would have the right to examine either witness before trial if PwC intends to call either witness at trial.

At present, it appears the depositions of all of the PwC fact witnesses that Plaintiffs currently seek will be completed well within the current discovery deadline of June 30, 2005. Underwriters are seeking to conclude these depositions by April 30, 2005, as these examinations are relevant to their expert's report and their expert's examination scheduled for May 16, 2005.

PwC has deposed one Rule 30(b)(6) witness for Underwriters and three such witnesses designated by GWRC, two of whom are former members of the board of directors of GWRC. PwC has commenced, but not finished, the depositions of John King, the former treasurer and a former board member of HHRG, and William Myles, the former controller of HHRG. Other than continuation of Messrs. King and Myles, and perhaps additional Australian witnesses, PwC has not noticed or subpoenaed any other fact depositions. PwC has indicated that it may take additional fact depositions consistent with the current scheduling order. Accordingly, Underwriters believe the depositions of those witnesses PwC currently seeks will be completed by the end of June 2005. As discussed below, certain discovery in Australia may impact the parties' ability to complete all discovery before the June 30 deadline.

Expert Discovery:

Plaintiffs disclosed a total of 6 expert witnesses: 3 by HHRG; 2 by GWRC, and 1 by Underwriters. In the motion for extension of time filed on April 14, 2005, the parties have requested extensions of the deadlines by which to disclose and depose experts. Such motion sets forth that the depositions of each of the Plaintiffs' experts would be completed by May 20, 2005, that PwC would disclose its experts by June 21, 2005, and that the depositions of such experts would be completed by July 21, 2005, the deadlines proposed in the April 14, 2005 motion for extension of time. Counsel for PwC and Underwriters expected that such expert depositions and disclosures would be completed by these dates. HHRG's counsel reports that HHRG does not anticipate being able to complete plaintiffs' expert depositions by May 20. HHRG counsel is available May 10, 11, 12, and 13, and June 9 through 20, and will make efforts to make other dates available. HHRG anticipates completing plaintiffs' expert depositions by June 20. PwC

-4-

believes that if HHRG does not make available plaintiffs' experts according to the schedule set forth in the April 14, 2005 motion, PwC must be provided with additional time within which to disclose its experts, which in turn, would impact the deadline by which Plaintiffs must depose PwC's experts. Underwriters believe that all expert discovery should be completed within the time frames set forth in the April 14, 2005 Motion for Extension of Time.

Pending Motions

The following motions are pending in these cases: (i) Motion to Compel filed by Underwriters on February 15, 2005 (Docket # 112.); and (ii) Motion for Extension of Time filed on April 14, 2005 (Docket #126). The Court has scheduled a hearing regarding Underwriters' motion to compel for May 5, 2005 at 1:00 p.m. PwC filed an opposition to the motion to compel on February 22, 2005 (Docket # 113) and Underwriters filed their reply on March 1, 2005 (Docket # 115). All parties have consented to the Motion for Extension of Time.

Circumstances Potentially Interfering With The Parties' Compliance With The Scheduling Order

PwC anticipates taking a number of depositions of former GWRC board members. Counsel for GWRC has indicated its willingness to make such individuals available in Australia although they are no longer employees and GWRC does not have control over them. Counsel intend to work together to use best efforts to have those depositions concluded within the existing schedule. Counsel for HHRG and GWRC have indicated that they may seek certain discovery from PwC's counterpart entity in Australia. If the parties are unable to reach agreement on this aspect of discovery, the parties may be unable to complete such discovery from Australia before the June 30, 2005 discovery deadline.

Underwriters and HHRG take exception to the suggestion that "this aspect of discovery" (i.e., Australian depositions) will interfere with the parties' compliance with this Court's Modified Scheduling Order entered on January 11, 2005. Underwriters and HHRG contend that there is no reason that this matter cannot be resolved by the parties and to the extent it cannot, it should be presented at this time for judicial intervention. With more than three months having passed since the January 11 Order and with more than two months remaining until the June 30, 2005 discovery cut-off, Underwriters and HHRG do not believe this is a matter that should interfere with the dates presently in place.

B.    <u>Referral To Magistrate Judge Or The Special Master Program For Settlement Purposes</u>

On Wednesday, April 13, 2005, the parties participated in a settlement conference with Magistrate Judge Garfinkel. The parties did not reach a settlement at that conference.

C.    <u>Trial Before A Magistrate Judge</u>

The parties do not consent to a trial of these cases before a Magistrate Judge.

D.    <u>Estimated Length of Trial</u>

PwC estimates that the length of the trial of these cases, including jury selection, will be 20 days.

HHRG and GWRC estimate that the length of the trial of these cases, including jury selection, will be 7 days.

Underwriters estimate that the length of the trial of these cases, including jury selection, will be no more than 14 days.

PLAINTIFF, GOLDEN WEST REFINING
CORPORATION, LIMITED

By _____
    Steven R. Humphrey, Esq.
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT 06103-3597
    Tel.:  (860) 275-8221
    Fax:  (860) 275-8299
    Email:  shumphrey@rc.com

PLAINTIFFS ALEC SHARP, INDIVIDUALLY
AND AS REPRESENTATIVE OF CERTAIN
UNDERWRITERS AT LLOYD'S AND
INSURANCE COMPANIES SUBSCRIBING TO
POLICY NO. 834/FB9700166

By _____

Edward J. Boyle, Esq.
BoyleE@wemed.com
Daniel J. McMahon, Esq.
Mcmahond@wemed.com
Stefan R. Dandelles, Esq.
Dandelless@wemed.com
Daniel E. Tranen, Esq.
Tranend@wemed.com
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
150 East 42nd Street
New York, NY  10017-5639
Business:  (212) 490-3000
Fax:  (212) 490-3038

PLAINTIFF, HANDY & HARMAN REFINING
GROUP, INC.

By _____
William H. Champlin, Esq.
Tyler, Cooper & Alcorn LLP
CityPlace - 35th Floor
185 Asylum Street
Hartford, CT  06103
Tel:  (860) 725-6206
Fax: (860) 278-3802
Email:  champlin@tylercooper.com

DEFENDANT,
PRICEWATERHOUSECOOPERS LLP

By _____

      Thomas D. Goldberg  (ct 04386)
      E-mail:  tdgoldberg@dbh.com
      David J. Elliott (ct04301)
      E-mail:  djelliott@dbh.com
      William H. Erickson (ct18117)
      E-mail:  wherickson@dbh.com
      Day, Berry & Howard LLP
      CityPlace I
      Hartford, Connecticut 06103
      Telephone:  (860) 275-0100
      Fax:  (860) 275-0343
      Its Attorneys

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed this day via first-class mail, to the following counsel of record in each of the consolidated cases:

Edward J. Boyle, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639

Daniel McMahon, Esq.
Stefan Dandelles, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
120 N. LaSalle Street
Chicago, IL 60602

William H. Champlin III, Esq.
Michael T. McCormick, Esq.
Tyler, Cooper & Alcorn
CityPlace – 35th Floor
Hartford, CT 06103

Steven R. Humphrey, Esq.
Dina S. Fisher, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Fred N. Knopf, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
3 Gannett Drive
White Plains, NY 10604-3407

_____
William H. Erickson