UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOLDEN WEST REFINING CORPORATION LIMITED,<br>        Plaintiff,<br>VS.<br>PRICEWATERHOUSECOOPERS LLP and COOPERS & LYBRAND LLP,<br>        Defendants. | CIVIL ACTION NO.<br>3:02 CV 1379 (MRK) |
| ALEC SHARP, et al.,<br>        Plaintiffs,<br>VS.<br>PRICEWATERHOUSE COOPERS LLP d/b/a PRICE WATERHOUSE LLP<br>        Defendant. | CIVIL ACTION NO.<br>3:02 CV1572 (MRK) |
| HANDY & HARMAN REFINING GROUP, INC.,<br>        Plaintiff,<br>V.<br>PRICEWATERHOUSECOOPERS LLP,<br>        Defendant. | CIVIL ACTION NO.<br>3:02 CV 1803(MRK)<br><br>JUNE 9, 2005 |

## MOTION ON CONSENT TO MODIFY SCHEDULING ORDER

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Rule 7(b) of the Local Rules of Civil Procedure for the United States District Court for the District of Connecticut, the defendant PricewaterhouseCoopers LLP ("PwC") hereby moves the Court to modify the Court's January 11, 2005 Modified Scheduling Order, as modified on April 27, 2005 ("Scheduling Order") in order to provide brief extensions of time to complete fact discovery, regarding expert disclosures and depositions, and for filing dispositive motions, which are necessitated principally by the scheduling of certain depositions in Australia later this month.

Plaintiffs Handy & Harman Refining Group, Inc. ("HHRG"), Golden West Refining Corporation ("GWRC") and Certain Underwriters Subscribing to Policy No. 834/FB9700166, as

-2-

assignees and subrogees of Handy & Harman Refining Group, Inc. ("Underwriters"), consent to this motion.

PwC requests that the Scheduling Order be modified as follows:

1. The date by which PwC must serve its expert disclosures is extended from June 21, 2005 to July 7, 2005. PwC agrees to provide copies of the cv's of any audit-related expert and any expert otherwise related to Underwriters' claims by June 21, 2005.

2. The date by which the depositions of PwC's expert witnesses must be completed is extended from July 21, 2005 to August 5, 2005. PwC has agreed, however, that any audit-related expert or expert otherwise related to Underwriters' claims will be made available for deposition on July 20 and 21, 2005; and will use best efforts to work with all parties to arrange additional time if needed.

3. The date by which the parties must file dispositive motions or motions to exclude expert testimony is extended from July 29, 2005 to August 12, 2005.

4. The date by which all fact discovery must be completed is extended from June 30, 2005 to July 15, 2005.

Good cause exists for the granting of this motion. The parties have been proceeding diligently with discovery. The parties' counsel expect to be traveling to Sydney, Australia to complete depositions scheduled there between June 24 and 28, 2005. This includes the deposition of Ian Hobson, an expert witness identified by GWRC who, at the request of GWRC's counsel, is being deposed in Australia after the deadline for deposing plaintiffs' experts in order to avoid that witness having to travel unnecessarily to the United States. In addition, at the request of HHRG's counsel, PwC has adjourned the deposition of another expert witness, John Dempsey, from June 15 to the end of June. Because PwC will not have completed

-3-

discovery of plaintiff's expert witnesses by June 21, the parties have agreed that PwC's time for its expert disclosures should be extended until July 7, after PwC's counsel has returned from Australia and after the Fourth of July weekend. That extension, in turn, will trigger an extension of time to complete the depositions of PwC's expert witnesses and the time for filing dispositive motions and motions challenging expert testimony. In addition, an extension of the deadline for completing fact discovery is appropriate because, despite counsel's efforts, it will be impracticable to complete fact discovery by June 30 because of the unavailability of some witnesses, scheduling conflicts with counsel, and the fact that counsel for the parties will be traveling to Australia for depositions at the end of this month.

*Trial of this case is scheduled for November, 2005, and the requested extensions will not impact the trial date.* This is PwC's first request for an extension of the fact discovery deadline and its second request for modification of the deadline in the Scheduling Order relating to disclosure of expert witnesses.

DEFENDANT,
PRICEWATERHOUSECOOPERS LLP


By      /s/ William H. Erickson
        David J. Elliott (ct 04301)
        E-mail: djelliott@dbh.com
        Thomas D. Goldberg (ct 04386)
        E-mail: tdgoldberg@dbh.com
        William H. Erickson (ct18117)
        E-mail: wherickson@dbh.com
        Day, Berry & Howard LLP
        CityPlace I
        Hartford, Connecticut 06103
        Tel: (860) 275-0100
        Fax: (860) 275-0343
        Its Attorneys

-4-

## CERTIFICATION

     I HEREBY CERTIFY that on June 9, 2005 a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing] on the parties listed below. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

| | |
|---|---|
| Edward J. Boyle, Esq.<br>Wilson, Elser, Moskowitz, Edelman & Dicker LLP<br>150 East 42nd Street<br>New York, NY 10017-5639 | Steven R. Humphrey, Esq.<br>Dina S. Fisher, Esq.<br>Robinson & Cole LLP<br>280 Trumbull Street<br>Hartford, CT 06103-3597 |
| Daniel McMahon, Esq.<br>Stefan Dandelles, Esq.<br>Wilson, Elser, Moskowitz, Edelman & Dicker<br>120 N. LaSalle Street<br>Chicago, IL 60602 | William H. Champlin III, Esq.<br>Michael T. McCormack, Esq.<br>Tyler, Cooper & Alcorn<br>CityPlace – 35th Floor<br>Hartford, CT 06103 |

                                    ___/s/ William H. Erickson_____
                                    William H. Erickson