UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOLDEN WEST REFINING CORPORATION<br>Plaintiff<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS, LLP and<br>COOPERS & LYBRAND, LLP<br>Defendants | CIVIL ACTION NO.<br>3:02 CV 1379 (MRK) |
| ALEC SHARP, et al.<br>Plaintiffs<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS, LLP d/b/a<br>PRICE WATERHOUSE, LLP<br>Defendant. | CIVIL ACTION NO.<br>3:02 CV 1572 (MRK) |
| HANDY & HARMAN REFINING GROUP, INC.,<br>Plaintiff<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS, LLP,<br>Defendant | CIVIL ACTION NO.<br>3:02 CV 1803 (MRK)<br><br>AUGUST 12, 2005 |

**PLAINTIFFS, HANDY & HARMAN REFINING GROUP AND GOLDEN WEST REFINING CORPORATION'S, JOINT MOTION TO PRECLUDE EXPERT TESTIMONY OF R. GENE BROWN**

Pursuant to Rules 702 and 403 of the Federal Rules of Evidence, plaintiffs, Handy & Harman Refining Group ("HHRG") and Golden West Refining Corporation ("GWRC"), jointly move to preclude the defendant, PricewaterhouseCoopers ("PWC"), from offering the expert testimony of R. Gene Brown ("Brown") in support of the defendant's affirmative

1

defense that GWRC's board of directors and HHRG's board of directors and management failed to exercise reasonable care and that those failures were a substantial contributing factor to HHRG's business losses.

Brown should not be permitted to testify as an expert because: (1) his opinion lacks the minimum threshold of reliability necessary for admission under Federal Rule of Evidence 702; (2) he is not qualified under Rule 702 to deliver his opinion to the jury; and (3) his opinion will not assist the trier of fact to understand the evidence or to determine a fact at issue. Each of these requirements is a prerequisite to admissibility under Rule 702 of the Federal Rules of Evidence.

As set forth in more detail in the plaintiff's memorandum of law filed in support of this motion and made a part hereof, the Court, using its authority as the gatekeeper for expert opinion, should preclude the expert testimony of Brown in its entirety because such testimony is speculative, unreliable, and because of the prejudicial impact of permitting such opinions to be presented to the jury.

WHEREFORE, the plaintiffs, Handy & Harman Refining Group and Golden West Refining Corporation, respectfully request that their motion be granted.

Respectfully submitted,

PLAINTIFF
HANDY & HARMAN REFINING GROUP, INC.,

By: _____
William H. Champlin III, (ct04202)
Michael T. McCormack, (ct13799)
Tyler Cooper & Alcorn, LLP
CityPlace, 35th Floor
185 Asylum Street
Hartford, CT 06103
Tel: (860) 725-6200
Fax: (860) 278-3802

PLAINTIFF,
GOLDEN WEST REFINING CORPORATION

By: /s/ Steven R. Humphrey
Steven R. Humphrey
(ct06053)
shumphrey@rc.com
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103
Tel: (860) 275-8221
Fax: (860) 275-8299

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent this 12th day of August 2005 via U.S Mail to all counsel of record as follows:

David J. Elliott, Esq.
Thomas D. Goldberg, Esq.
Kathleen D. Warner, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103

Steven Humphrey, Esq.
Dina Fisher, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

Edward J. Boyle, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd St.
New York, NY 10017-5639

Daniel McMahan, Esq.
Stefan Dandelles, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
120 N. LaSalle Street
Chicago, IL 60602

_____
Michael T. McCormack