UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOLDEN WEST REFINING CORPORATION<br>Plaintiff<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS, LLP and<br>COOPERS & LYBRAND, LLP<br>Defendants | CIVIL ACTION NO.<br>3:02 CV 1379 (MRK) |
| ALEC SHARP, et al.<br>Plaintiffs<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS, LLP d/b/a<br>PRICE WATERHOUSE, LLP<br>Defendant. | CIVIL ACTION NO.<br>3:02 CV 1572 (MRK) |
| HANDY & HARMAN REFINING GROUP, INC.,<br>Plaintiff<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS, LLP,<br>Defendant | CIVIL ACTION NO.<br>3:02 CV 1803 (MRK)<br><br>AUGUST 12, 2005 |

## PLAINTIFFS, HANDY & HARMAN REFINING GROUP AND GOLDEN WEST REFINING CORPORATION'S, JOINT MOTION TO PRECLUDE EXPERT TESTIMONY OF WILLIAM PINNEY

Pursuant to Rules 702 and 403 of the Federal Rules of Evidence, plaintiffs, Handy & Harman Refining Group ("HHRG") and Golden West Refining Corporation ("GWRC"), jointly move to preclude the defendant, PricewaterhouseCoopers ("PWC"), from offering the expert testimony of William Pinney ("Pinney") at trial of this case. Pinney should not be

1

permitted to offer expert testimony or opinion because he does not have experience in the precious metals refining industry and he intends to testify about how certain general conditions that could have affected the precious metals refining industry in 1999 and 2000 could have affected HHRG. Mr. Pinney, however, performed no analysis with respect to whether such conditions did affect HHRG. Pinney's opinions are unreliable, speculative, and will not assist the trier of fact. Accordingly, the opinions should be precluded under Rule 702 of the Federal Rules of Evidence.

As set forth in more detail in the plaintiff's memorandum of law filed in support of this motion and made a part hereof, the Court, using its authority as the gatekeeper for expert opinion, should preclude the expert testimony of Pinney in its entirety because such testimony is speculative and unreliable. Pinney has no relevant experience with the precious metals refining industry, and he has never testified as an expert witness. Pinney also performed no financial analysis of HHRG's business conditions and he does not know important facts or data that must support an expert opinion. Accordingly, he should be precluded from testifying as an expert at trial.

WHEREFORE, the plaintiffs, Handy & Harman Refining Group and Golden West Refining Corporation, respectfully request that their motion be granted.

Respectfully submitted,

PLAINTIFF
HANDY & HARMAN REFINING GROUP, INC.,

By /s/ _____
William H. Champlin III, (ct04202)
champlin@tylercooper.com
Michael T. McCormack, (ct13799)
mmccormack@tylercooper.com
Tyler Cooper & Alcorn, LLP
CityPlace, 35th Floor
185 Asylum Street
Hartford, CT 06103
Tel: (860) 725-6200
Fax: (860) 278-3802

PLAINTIFF,
GOLDEN WEST REFINING CORPORATION

By: /s/ Steven R. Humphrey
Steven R. Humphrey
(ct06053)
shumphrey@rc.com
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103
Tel: (860) 275-8221
Fax: (860) 275-8299

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent this 12th day of August 2005 via U.S Mail to all counsel of record as follows:

David J. Elliott, Esq.
Thomas D. Goldberg, Esq.
William F. Erickson, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103

Steven Humphrey, Esq.
Dina Fisher, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

Edward J. Boyle, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd St.
New York, NY 10017-5639

Daniel McMahan, Esq.
Stefan Dandelles, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
120 N. LaSalle Street
Chicago, IL 60602

_____
Michael T. McCormack

4