UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOLDEN WEST REFINING CORPORATION : <br> Plaintiff : <br> : <br> VS. : <br> : <br> PRICEWATERHOUSECOOPERS, LLP and : <br> COOPERS & LYBRAND, LLP : <br> Defendants : | CIVIL ACTION NO. <br> 3:02 CV 1379 (MRK) |
| ALEC SHARP, et al. : <br> Plaintiffs : <br> : <br> VS. : <br> : <br> PRICEWATERHOUSECOOPERS, LLP d/b/a : <br> PRICE WATERHOUSE, LLP : <br> Defendant. : | CIVIL ACTION NO. <br> 3:02 CV 1572 (MRK) |
| HANDY & HARMAN REFINING GROUP, INC., : <br> Plaintiff : <br> : <br> VS. : <br> : <br> PRICEWATERHOUSECOOPERS, LLP, : <br> Defendant : | CIVIL ACTION NO. <br> 3:02 CV 1803 (MRK) <br><br> SEPTEMBER 2, 2005 |

<u>**HHRG'S OPPOSITION TO PWC'S MOTION TO EXCLUDE
CRAIG T. ELSON AS AN EXPERT WITNESS**</u>

**PRELIMINARY STATEMENT**

PwC has moved to exclude the expert testimony of Craig T. Elson on the grounds that his testimony is irrelevant.[1] Mr. Elson will testify to the fair market value of HHRG as of June 30, 1998 – the approximate date that HHRG received

---

[1] In support of his testimony, Mr. Elson has produced a detailed report describing his methodology, his calculations, his qualifications, and the extensive documentation he relied on to arrive at his conclusion.

PwC's 1998 Audit Report and Management Letter, and, therefore, the date of PwC's breach and negligence. Mr. Elson's valuation of HHRG represents the total going concern value of HHRG as of that date. Other witnesses will testify to the destruction of that value by PwC. Mr. Elson's methodology and the valuation date he uses are consistent with those approved by the Connecticut Supreme Court. Clearly, therefore, his opinion is highly relevant.

## LEGAL DISCUSSION

### I.     Standard.

PwC attacks Mr. Elson's proffered testimony only on the grounds of relevance. The Federal Rules of Evidence embody a liberal test for relevance. Rule 401 sets the standard: evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Expert testimony is relevant if it "will assist the trier of fact to understand the evidence or to determine a fact at issue." Fed. R. Evid. 702.

### II.    PwC's Motion Is Based on Grounds Identical to Its Motion for Summary Judgment.

PwC claims that Mr. Elson's testimony will be irrelevant because "HHRG has failed as a matter of law causally to connect PwC's conduct with any diminution in value of HHRG after June 30, 1998." PwC Brief, p. 2. This argument is nothing more than a rehashing of PwC's motion for summary judgment, and is not really directed to Mr. Elson, at all. Indeed, the Court's disposition of PwC's motion for summary judgment will render this motion moot.

Significantly, PwC does not challenge Mr. Elson's qualifications, methodology or conclusions. He was not retained to, and will not, testify about causation. Instead, evidence of causation will come from other witnesses and evidence. In its Joint Memorandum of Law in Opposition to PwC's Motion for Summary Judgment ("SJ Opposition Br.") and in its supporting Affidavits, HHRG establishes the direct causal link between PwC's misconduct and HHRG's destruction. Based on that evidence, the Court should deny not only the motion for summary judgment, but this motion, as well.

### III.   Mr. Elson's Testimony Is Highly Relevant.

HHRG seeks damages for the destruction of its business in each of its three claims for breach of contract, negligent misrepresentation and negligence. On approximately June 30, 1998, PWC provided its Audit Report and Management Letter without disclosing the unsecured advances to South American companies in violation of HHRG company policy. These advances grew in size over the following seven months to a fatal level, which, upon subsequent discovery and public disclosure by HHRG, destroyed the company. See SJ Opposition Br. § E. Had PwC disclosed the unsecured advances, consistent with its contractual and common law duties, HHRG's board and GWRC's board would have prevented the advances and avoided the destruction of HHRG.

"The general rule in breach of contract cases is that the award of damages is designed to place the injured party ... in the same position it would have been in had the contract been performed." West Haven Sound Dev't Corp. v. West Haven, 201 Conn. 305, 319 (1986). A business destroyed by a breach of contract may be valued

at the time of the breach, id. 201 Conn. at 321; while a business destroyed by a tort may be valued at the time the injury commences. See Mattingly, Inc. v. Beatrice Foods Co., 435 F.2d 1547, 1560 (10th Cir. 1987), vacated following settlement, 852 F.2d 526 (1982); see also Restatement (Second) of Torts, § 906 cmt. a.

Mr. Elson calculates the fair market value of HHRG as of June 30, 1998, the value of the company at the time of PwC's breach and negligence. He values HHRG by using the capitalized value of projected profits, a methodology expressly approved by the Connecticut Supreme Court. West Haven Sound, 201 Conn. at 325 n.5. The date selected for the valuation, contrary to PwC's suggestion that it is arbitrary, is an appropriate date for valuing a destroyed business. Id. at 321. Accordingly, Mr. Elson's opinion is perfectly acceptable and highly relevant to the issues raised by HHRG's claims.

### IV.   The Case Law Cited by PwC Is Easily Distinguishable.

The judicial decisions that PwC cites stand for the unremarkable principle that evidence of damages should not be allowed absent evidence of causation. However, as HHRG's Opposition to PwC's Motion for Summary Judgment makes clear, there is ample proof of causation to support HHRG's claimed damages. Each of the cases cited by PwC is distinguishable from this case because proof of causation in this case is clear.

In Fashion Boutique of Short Hills. v. Fendi USA, Inc., 314 F.3d 48 (2d Cir. 2002), the only decision cited by PwC that involves a claim for lost business value, the plaintiff, a retail apparel store, claimed that its business had been destroyed by the defendant's alleged campaign of disparagement. Id., 314 F.3d at 60. The Second

Circuit affirmed the district court's decision to preclude the plaintiff's damage expert because plaintiff could not produce any evidence that the defendant's conduct caused the plaintiff's alleged damage. In fact, the only evidence of the "campaign" was evidence that the defendant made a disparaging remark to a single customer before the business began the sharp decline that led to its closing. Id. In sharp contrast to the plaintiff in Fashion Boutique, HHRG has established the direct causal connection between PwC's breach and negligence, and the destructive impact they had on HHRG's business.[2]

The remainder of the cases that PwC cites are distinguishable for two reasons: (1) each involves a damages expert who offers or is disclosed to offer an opinion which, unlike Mr. Elson's, includes both damages and causation; and (2) each involves an opinion wholly unsupported by any evidence of causation. Tyger Constr. Co., Inc. v. Pensacola Constr. Co., 29 F.3d 137, 142-43 (4th Cir. 1994) (expert's testimony concerning delay damages for construction project based on unavailability of sand excluded where uncontradicted testimony proved availability of sand throughout relevant time period), CMI, Inc.v. Intoxicometers, Inc., 918 F. Supp. 1068, 1078-79 (W. Ky. 1995) (expert testimony concerning damages for claim of lost contracts precluded where plaintiff could not identify a single contract lost as a result of defendant's alleged wrongdoing), El Aguila Food Products, Inc. v. Gruma Corp., 301 F. Supp.2d 612, 624-25 (S.D. Tex. 2003) (plaintiff's expert precluded where plaintiff could not produce any evidence that defendant engaged in actionable conduct, or that defendant's conduct injured the plaintiff in any way), KW Plastics v.

---

[2] In his September 2, 2005 Affidavit submitted with HHRG and GWRC's Joint Memorandum of Law in Opposition to PwC's Motion for Summary Judgment, Mr. Elson describes how his valuation fits with the evidence provided by other witnesses to prove HHRG's damages.

United States Can Co., 131 F. Supp.2d 1289, 1294-96 (M.D. Ala. 2001) (expert precluded from testifying about damages for unjust enrichment where expert failed to tie the profits the defendants made to the trade secrets allegedly misappropriated), and First Sav. Bank, F.S.B. v. U.S. Bancorp, 117 F. Supp.2d 1078, 1083-85 (D. Kan. 2000) (expert precluded from testifying that defendant's use of similar trade name caused damages where defendant could not articulate any factual basis for his conclusion concerning causation).

Unlike the experts in the cases PwC cites, Mr. Elson will not testify about causation. Unlike the plaintiffs' claims in those cases, HHRG's claims are fully supported by evidence of causation. Mr. Elson's expert testimony is highly relevant to the issue of HHRG's damages, applying the approach the Connecticut Supreme Court approved in West Haven Sound, 201 Conn. at 321, 325 n.5. For these reasons, the cases that PwC cites in support of its motion are inapposite.

## CONCLUSION

Elson's testimony will thus assist the trier of fact in measuring the damage PwC caused to HHRG. It is both relevant and admissible under Rule 702. Accordingly, PwC's Motion to Exclude Mr. Elson should be denied.

Respectfully submitted,

PLAINTIFF
HANDY & HARMAN REFINING
GROUP, INC.,


By: _____
William H. Champlin III, (ct04202)
Michael T. McCormack, (ct13799)
Tyler Cooper & Alcorn, LLP
CityPlace, 35th Floor
185 Asylum Street
Hartford, CT  06103
Tel:  (860) 725-6200
Fax:  (860) 278-3802

## CERTIFICATION

I hereby certify that on September 2, 2005, a copy of the foregoing HHRG's Opposition to PWC's Motion to Preclude the Testimony of Craig T. Elson as an Expert Witness was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept filing]. Parties may access this filing through the Court's system.

David J. Elliott, Esq.
Thomas D. Goldberg, Esq.
Kathleen D. Warner, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103

Steven Humphrey, Esq.
Dina Fisher, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

Edward J. Boyle, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd St.
New York, NY 10017-5639

Daniel McMahan, Esq.
Stefan Dandelles, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
120 N. LaSalle Street
Chicago, IL 60602

_____
Michael T. McCormack