**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GOLDEN WEST REFINING CORPORATION<br>Plaintiffs<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS, LLP and<br>COOPERS & LYBRAND, LLP<br>Defendant | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO.<br>3:02 CV 1379(MRK) |
| ALEC SHARP, et al.<br>Plaintiffs<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS, LLP d/b/a<br>PRICE WATERHOUSE, LLP<br>Defendant | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO.<br>3:02 CV 1572 (MRK) |
| HANDY & HARMAN REFINING GROUP, INC.,<br>Plaintiff<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS, LLP,<br>Defendant | : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO.<br>3:02 CV 1803 (MRK) |

**AFFIDAVIT OF ERIC HENZY**

I, Eric Henzy, being duly sworn hereby state as follows:

1. I am over the age of eighteen and believe in the obligations of the oath.

2. I have personal knowledge of the facts set forth herein, and the statements made herein are true to the best of my knowledge and belief.

3. I am a citizen of the United States.

4. I am an attorney licensed to practice in the State of Connecticut and in the State of New York. I am a shareholder with the law firm of Reid & Riege, P.C.

5. I have extensive experience with respect to bankruptcy matters and regularly represent debtors and creditors in complex commercial bankruptcy cases in Connecticut and other states.

6. In March of 2000, I began to represent Handy & Harman Refining Group, Inc. ("HHRG"), and its wholly owned subsidiary Attleboro Refining Company, Inc. ("ARC"), in connection with serious financial difficulties that they were confronting.

7. As part of my representation of HHRG, I became familiar with its refining business and operations and with the financing facilities that it had with Fleet Precious Metals and Credit Suisse. Pursuant to the facility with Credit Suisse, Credit Suisse agreed to purchase from ARC, and ARC agreed to sell to and refine for Credit Suisse, certain precious metals. ARC used the funding obtained by it under the Credit Suisse facility to purchase from HHRG unrefined precious metals (or material containing precious metals) that HHRG had acquired from its refining customers. The funding from Credit Suisse through purchases under the facility was a principal source of liquidity for the business operations of HHRG. All of the precious metal refined at the Attleboro refinery was owned by Credit Suisse while in the refining process, and without purchases of precious metal by Credit Suisse, HHRG had no ability to continue its business or to operate.

8. The financial difficulties that HHRG was confronting and that I was advising it on were related to a situation involving a customer in Peru called Panexim.

9. In late February 2000, HHRG advised Credit Suisse and Fleet Precious Metals that an HHRG receivable from Panexim in the amount of approximately $12.5 million that previously had been reported to be secured was, in fact, not covered by gold in a vault in Peru.

10. In early March, 2000, Credit Suisse and Fleet Precious Metals terminated the financing facilities, leaving HHRG with no ability to acquire unrefined precious metal to put into its refining operations. On March 28, 2000, HHRG filed a Chapter 11 petition with the United States Bankruptcy Court for the District of Connecticut. I was lead counsel to HHRG in that case.

11. A creditors committee was appointed in the HHRG bankruptcy case, and Jed Horwitt of Zeisler & Zeisler, P.C., was appointed counsel to the creditors' committee.

12. At the time of HHRG's bankruptcy filing, many of HHRG's largest refining customers were interested only in recovering the precious metal that they believed HHRG was holding for them and were not interested in continuing to do business with HHRG. Given in part the strenuous opposition of refining customers, HHRG had no ability to put in place any new financing facility that would have allowed it to acquire new unrefined precious metal and recommence normal operations.

13. Given the inability to obtain unrefined precious metal, among other things, and therefore the inability to operate, in consultation with the creditors committee, I and HHRG determined that HHRG would not be able to reorganize as a going concern and generate profits. It therefore had no alternative but to liquidate its assets. The plan of reorganization that HHRG proposed and that the Bankruptcy Court confirmed

was a liquidating plan that provided for the liquidation of all of HHRG's assets.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 1st, 2005.

_____
Eric Henzy