UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOLDEN WEST REFINING CORPORATION LIMITED,<br>       Plaintiff,<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS LLP and COOPERS & LYBRAND LLP,<br>       Defendants. | CIVIL ACTION NO.<br>3:02 CV 1379 (MRK) |
| ALEC SHARP, et al.,<br>       Plaintiffs,<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS LLP d/b/a PRICE WATERHOUSE LLP,<br>       Defendant. | CIVIL ACTION NO.<br>3:02 CV 1572 (MRK) |
| HANDY & HARMON REFINING GROUP, INC.,<br>       Plaintiff,<br><br>V.<br><br>PRICEWATERHOUSECOOPERS LLP,<br>       Defendant. | CIVIL ACTION NO.<br>3:02 CV 1803(MRK)<br><br>SEPTEMBER 7, 2005 |

**NOTICE OF FILING
OF SUPPLEMENTAL AFFIDAVIT OF RICHARD GORDON HAYES
IN SUPPORT OF GWRC'S MEMORANDUM OF LAW IN OPPOSITION TO
PwC'S MOTION FOR SUMMARY JUDGMENT**

Golden West Refining Corporation ("GWRC") hereby submits a supplemental affidavit, referenced in and in support of "GWRC's Memorandum of Law In Opposition to PwC's Motion for Summary Judgment," filed on September 2, 2005.

HART1-1278364-3

**PLAINTIFF
GOLDEN WEST REFINING
CORPORATION LIMITED**

By  /S/ Steven R. Humphrey
   Steven R. Humphrey (ct06053)
   shumphrey@rc.com
   Dina S. Fisher (ct14896)
   dfisher@rc.com
   Robinson & Cole LLP
   280 Trumbull Street
   Hartford, CT  06103-3597
   Tel. No.:  (860) 275-8200
   Fax No.:  (860) 275-8299

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2005, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept filing]. Parties may access this filing through the Court's system.

David J. Elliott, Esq.
William H. Erickson, Esq.
Steven D. Goldberg, Esq.
Steven M. Greenspan, Esq.
Day, Berry & Howard LLP
CityPlace
185 Asylum Street
Hartford, CT 06103-3499

Edward J. Boyle, Esq.
Wilson, Elser, Moskowitz, Edelman &
 Dicker LLPs
150 East 42nd St.
New York, NY 10017-5639

Daniel McMahon, Esq.
Stefan Dandelles, Esq.
Daniel E. Tranen, Esq.
Wilson, Elser, Moskowitz, Edelman &
 Dicker LLP
120 N. LaSalle Street
Chicago, IL 60602

Kathleen DiGennaro Warner, Esq.
Thomas D. Goldberg, Esq.
Day, Berry & Howard
One Canterbury Green
Stamford, CT 06901-2047

William H. Champlin, III, Esq.
Michael T. McCormack, Esq.
William S. Fish, Jr., Esq.
Tyler Cooper & Alcorn, LLP
William S. Fish, Jr., Esq.
CityPlace - 35th Floor
185 Asylum Street
Hartford, CT 06103

Fred N. Knopf, Esq.
Wilson, Elser, Moskowitz, Edelman &
 Dicker LLP
3 Gannett Drive
White Plains, NY 10604-3407

Jed Horwitt, Esq.
Zeisler & Zeisler, P.C.
558 Clinton Ave.
P.O. Box 3186
Bridgeport, CT 06605-0186

Kevin J. O'Connor, Esq.
U.S. Attorney's Office-NH
157 Church Street, 23rd Floor
P.O. Box 1824
New Haven, CT 06510

/s/ Dina S. Fisher
Dina S. Fisher

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOLDEN WEST REFINING CORPORATION LIMITED,<br>　　　　　Plaintiff,<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS LLP and COOPERS & LYBRAND LLP,<br>　　　　　Defendants. | CIVIL ACTION NO.<br>3:02 CV 1379 (MRK) |
| ALEC SHARP, et al.,<br>　　　　　Plaintiffs,<br><br>VS.<br><br>PRICEWATERHOUSECOOPERS LLP d/b/a PRICE WATERHOUSE LLP,<br>　　　　　Defendant. | CIVIL ACTION NO.<br>3:02 CV 1572 (MRK) |
| HANDY & HARMON REFINING GROUP, INC.,<br>　　　　　Plaintiff,<br><br>V.<br><br>PRICEWATERHOUSECOOPERS LLP,<br>　　　　　Defendant. | CIVIL ACTION NO.<br>3:02 CV 1803(MRK)<br><br>September 2, 2005 |

**SUPPLEMENTAL**
**AFFIDAVIT OF RICHARD GORDON HAYES**

STATE OF WESTERN AUSTRALIA　　)
　　　　　　　　　　　　　　　　) ss:  _____
PERTH, AUSTRALIA　　　　　　　)

HAR1-1278322-2
09/05/05 5:13 PM

RICHARD GORDON HAYES, being duly sworn, hereby deposes and says:

1. I am over the age of 18, and I understand the obligations of an oath.

2. I am submitting this affidavit in support of plaintiff Golden West Refining Corporation Limited's ("GWRC's") Memorandum of Law in Opposition to defendant PriceWaterhouseCoopers LLP's ("PwC (US)") motion for summary judgment against GWRC. I am familiar with and have knowledge as to the statements contained herein which are based upon my personal knowledge and my review of GWRC's business records.

3. I am making this affidavit as a supplement to my affidavit in support of HHRG's opposition to PwC's motion for summary judgment.

4. GWRC was incorporated under the laws of Australia and was a public company listed and traded on the Australian stock exchange. I was employed by GWRC as its Chief Financial Officer in November 1997, and I served in that capacity until November 30, 1998.

5. At all times relevant to this lawsuit, Handy & Harman Refining Group ("HHRG") was a wholly owned subsidiary of GWRC.

6. HHRG engaged the services of PwC (US) to provide professional auditing services for the Fiscal years 1997 and 1998. GWRC engaged the services of PwC (Australia) to provide professional auditing services for Fiscal years 1997 and 1998.

7. As part of its work in auditing the financial statements of HHRG, PwC (US) was charged with the task of providing its factual findings and audit opinions to its affiliate, PwC

2



(Australia), for the purpose of allowing PwC (Australia) to incorporate and consolidate such factual findings and opinions in the audit PwC (Australia) provided to GWRC. An audit opinion was necessary because GWRC was a publicly traded company and had financial reporting obligations, pursuant to Australian law.

8. As the CFO of GWRC, I relied upon the judgment and oversight of PwC (US) which fact PwC (US) was aware of in the performance of its auditing services with regard to HHRG's financial statements for Fiscal 1998. GWRC's reliance upon PwC (US) was especially significant due to the fact that I and the other officers and directors of GWRC were resident in Australia and HHRG's principal office was in Connecticut. GWRC was dependent upon and relied upon PwC (US) performing its audit responsibilities in accordance with GAAP. PwC (US) performed its auditing services with full knowledge that they would be used and relied upon by GWRC to satisfy GWRC's statutory obligations as a publicly traded company.

9. In or about August or September 1998, in my capacity as CFO for GWRC, I communicated to employees of PwC (US) that its auditing work with regard to the financial statements of HHRG prepared during 1997 and 1998 had been unsatisfactory in that they had not been completed within the time deadlines GWRC had imposed. Specifically, I requested that the PwC (US) "Engagement Partner" in charge of the HHRG account, George Ingram, be replaced by another PwC partner that could ensure the performance of the HHRG audit within the time deadlines required by GWRC.

3



10. In response to my request, PwC (US) removed George Ingram as its Engagement Partner in charge of the HHRG account, and replaced him with Alex Corl.

11. In the weeks following Mr. Corl's assignment to the HHRG audit by PwC (US), I met with both Mr. Corl and the PwC (US) manager on the account, Joseph Tiroletto, at the PwC (US) offices. During this meeting, I discussed with Corl and Tiroletto GWRC's dissatisfaction with the tardiness of the two previous HHRG audits (for Fiscal 1997 and 1998) performed by PwC (US), and the need for PwC (US) to complete the HHRG audit for Fiscal 1999 by the time deadline imposed by GWRC and to address other concerns and requirements that GWRC had with respect to the audit of HHRG. Corl and Tiroletto stated their intention to complete the HHRG audit for Fiscal 1999 by GWRC's time deadline and to be responsive to GWRC's concerns and requirements.

_____
Richard Gordon Hayes

