## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOLDEN WEST REFINING CORPORATION LIMITED, | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : 3:02 CV 1379 (MRK) |
| VS. | : |
| PRICEWATERHOUSECOOPERS LLP and COOPERS & LYBRAND LLP, | : |
| Defendants. | : |
| ALEC SHARP, et al., | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : 3:02 CV 1572 (MRK) |
| VS. | : |
| PRICEWATERHOUSECOOPERS LLP d/b/a PRICE WATERHOUSE LLP, | : |
| Defendant. | : |
| HANDY & HARMAN REFINING GROUP, INC., | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| VS. | : 3:02 CV 1803 (MRK) |
| PRICEWATERHOUSECOOPERS LLP, | : |
| Defendant. | : September 19, 2005 |

**DEFENDANT PRICEWATERHOUSECOOPERS LLP'S
RESPONSE TO THE SUPPLEMENTAL LOCAL RULE 56(a)2 STATEMENT OF
GOLDEN WEST REFINING CORPORATION LIMITED**

Defendant PricewaterhouseCoopers LLP ("PwC") respectfully submits this statement in response to the Statement of Disputed Issues of Material Fact set forth in the Supplemental Local Rule 56(a)2 Statement of Golden West Refining Group Limited ("GWRC"), dated September 2, 2005.

## RESPONSE TO PLAINTIFF'S STATEMENT OF DISPUTED ISSUES OF MATERIAL FACT

To the extent that plaintiffs have relied upon documents, transcripts, reports or other written material, PwC refers to and incorporates the text as set forth in such written material.

1. Solely for purposes of PwC's motions for summary judgment, this is not a matter in dispute. As set forth in PwC's Memorandum of Law in Support of its Motion for Summary Judgment Against Golden West Refining Corp. Limited, dated August 12, 2005, at p. 6 and PwC's Memorandum of Law in Support of Its Motion for Summary Judgment Against Handy & Harman Refining Group, Inc., dated August 12, 2005, at p. 3 & n. 4, we assume as true solely for purposes of these motions that PwC failed to perform its services for HHRG in accordance with applicable professional standards; that these failures related directly to the examination of the Panexim account and similar South American accounts; that if PwC had performed its services properly HHRG's board would have acted to prevent or limit HHRG's advances to Panexim; that if the board had taken these actions, such losses would have been avoided; and that the HHRG bankruptcy in turn precipitated GWRC's insolvency. PwC will vigorously contest these issues and the facts related thereto at trial.[1]

2. This matter is not in dispute for purposes of PwC's motions for summary judgment. *See* ¶ 1.

---

[1] PwC's response to this and similar statements may not be deemed an admission for purposes of trial. PwC reserves the right to dispute at trial all allegations and characterizations set forth in plaintiffs' Rule 56(a)2 statements. Similarly, PwC's responses are not intended as admissions to any allegations made by plaintiffs Alec Sharp et al. ("Underwriters") which are the subject of Underwriters' motion for partial summary judgment.

3. PwC denies plaintiff's characterization regarding the time frames of professional services, but admits that this matter is not in dispute for purposes of PwC's motions for summary judgment. *See* ¶ 1.

4. PwC admits for purposes of PwC's motions for summary judgment that it and its predecessor provided audit opinions to PwC-Australia at the request of HHRG, for whom PwC and its predecessor performed professional engagements pursuant to engagement letters between PwC and HHRG. PwC denies that it or its predecessor performed any professional engagement for or at the request of GWRC. PwC further admits for purposes of PwC's motions for summary judgment that PwC was aware that GWRC would incorporate HHRG's audited financial statements into the consolidated financial statements of GWRC and its subsidiaries. PwC denies that GWRC has submitted competent evidence otherwise to support these allegations.[2]

5. PwC admits for purposes of PwC's motions for summary judgment that PwC was aware that GWRC would incorporate HHRG's audited financial statements into the consolidated financial statements of GWRC and its subsidiaries. PwC denies that GWRC has submitted competent evidence otherwise to support these allegations. *See also* ¶ 4.

6. This matter is not in dispute for purposes of PwC's motions for summary judgment. *See* ¶ 1.

---

[2] PwC and PwC-Australia are separate legal entities. GWRC has submitted no evidence and does not contend to the contrary.

7. PwC admits this matter is not in dispute for purposes of PwC's motion for summary judgment, but notes that plaintiff's characterization regarding the "conduct of" is vague. *See also* ¶ 4.

8. PwC admits this matter is not in dispute for purposes of PwC's motions for summary judgment, but denies plaintiff's characterization regarding "imposed . . . upon" to the extent it is intended to suggest that GWRC, rather than HHRG, had the authority to direct PwC. *See also* ¶ 4.

9. PwC admits this matter is not in dispute for purposes of PwC's motions for summary judgment, but notes that the "[f]or example" preamble is argument and that plaintiff's characterization regarding the "procedure" is vague. *See also* ¶ 4.

10. PwC admits this matter is not in dispute for purposes of PwC's motions for summary judgment, but notes that the "[a]s further evidence" preamble is argument and further denies plaintiffs' characterization regarding "prescribed by" to the extent it is intended to suggest that GWRC, rather than HHRG, had the authority to direct PwC. *See also* ¶ 4.

11. PwC admits this matter is not in dispute for purposes of PwC's motions for summary judgment. *See also* ¶ 4.

12. PwC admits this matter is not in dispute for purposes of PwC's motions for summary judgment, but denies plaintiffs' characterization regarding "prescribed by" to the extent it is intended to suggest that GWRC, rather than HHRG, had the authority to direct PwC. *See also* ¶ 4.

13. PwC admits for purposes of PwC's motions for summary judgment that PwC was aware that GWRC would incorporate HHRG's audited financial statements into the consolidated financial statements of GWRC and its subsidiaries. PwC denies that GWRC has submitted competent evidence otherwise to support these allegations. *See also* ¶ 4.

14. PwC admits, each for purposes of PwC's motions for summary judgment, that it and its predecessor provided audit opinions to PwC-Australia at the request of HHRG, for whom PwC and its predecessor performed professional engagements; that PwC was aware that GWRC would incorporate HHRG's audited financial statements into the consolidated financial statements of GWRC and its subsidiaries; and that Mr. Hayes may have placed reliance upon PwC's performance of its audit engagements with HHRG. PwC denies that GWRC has submitted competent evidence otherwise to support these allegations. *See also* ¶ 4.

15. This matter is not in dispute for purposes of PwC's motions for summary judgment. *See* ¶ 1.

16. This matter is not in dispute for purposes of PwC's motions for summary judgment. *See* ¶ 1.

17. This matter is not in dispute for purposes of PwC's motions for summary judgment. *See* ¶ 1.

18. This matter is not in dispute for purposes of PwC's motions for summary judgment. *See* ¶ 1.

19. This matter is not in dispute for purposes of PwC's motions for summary judgment. *See* ¶ 1.

20. This matter is not in dispute for purposes of PwC's motions for summary judgment. *See* ¶ 1.

21. PwC admits that Mr. Hobson's report contains the methodologies and conclusions set out in this paragraph, but denies that the section of Mr. Hobson's report referenced in the first sentence of this paragraph states the matter set out therein and refers to the report which speaks for itself.

22. This matter is disputed by the expert report and deposition testimony of Anil Shivdasani, but PwC admits that this matter is not in dispute for purposes of its motions for summary judgment. *See* ¶ 1.  As set forth on page 1 *supra*, PwC refers to the deposition testimony of Mr. Shivdasani for the full statements made therein.

23. This matter is disputed by the expert report and deposition testimony of Anil Shivdasani, but has been assumed as true by PwC for purposes of its motions for summary judgment, except that PwC denies the last sentence of the paragraph. *See* ¶¶ 1, 22.

24. This matter is disputed by the expert report and deposition testimony of Anil Shivdasani, but has been assumed by PwC for purposes of its motions for summary judgment. *See* ¶¶ 1, 22.

25.  PwC admits that Mr. Hobson's report contains the matters set out in this paragraph.

26. PwC admits that the matter set out in the second sentence of this paragraph is not in dispute for purposes of its motions for summary judgment. *See* ¶ 1. With respect to the first sentence of this paragraph, to the extent that the opinions of Messrs. Russo and Ryan are offered as purported expert opinions, *see* Handy and Harman Refining Group and Golden West Refining Corporation's Joint Memorandum of Law In Opposition to Motion for Summary Judgment, dated September 2, 2005, at p. 29 n. 8, PwC objects on the ground that the disclosures are untimely.

27. This matter is not in dispute for purposes of PwC's motions for summary judgment, but PwC denies plaintiff's reliance upon Mr. Shivdasani for this proposition *See* ¶ 1.

28. PwC objects to Messrs. Russo and Ryan's purported expert opinions, *see* Handy and Harman Refining Group and Golden West Refining Corporation's Joint Memorandum of Law In Opposition to Motion for Summary Judgment, dated September 2, 2005, at p. 29 n. 8, on the ground that the disclosures are untimely. PwC further denies that the referenced section of Mr. Hobson's report states the matter contained in this paragraph. PwC further denies that the referenced section of Mr. Shivdasani's report states the matter contained in this paragraph.

29. *See* ¶ 28.

30. *See* ¶ 28.

31. *See* ¶ 28.

Respectfully submitted,

DEFENDANT,
PRICEWATERHOUSECOOPERS, LLP

By__/s/ Thomas D. Goldberg____
   Thomas D. Goldberg, ct 04386
   David J. Elliot, ct 04301
   Day, Berry & Howard LLP
   CityPlace I
   Hartford, CT  06103-3499
   Tel. (860) 275-0100
   Fax. (860) 275-0343

Its Attorneys

## ELECTRONIC CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2005, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

          /s/ Thomas D. Goldberg
David J. Elliott (ct 04301)
Thomas D. Goldberg (ct 04386)
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut 06901-2047
Tel: (203) 977-7300
Fax: (203) 977-7301
Its Attorneys

Edward J. Boyle, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd St.
New York, NY 10017-5639

William H. Champlin, III, Esq.
Michael T. McCormack, Esq.
William S. Fish, Jr., Esq.
Tyler Cooper & Alcorn, LLP
CityPlace - 35th Floor
185 Asylum Street
Hartford, CT 06103

Daniel McMahon, Esq.
Stefan Dandelles, Esq.
Daniel E. Tranen, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
120 N. LaSalle Street
Chicago, IL 60602

Fred N. Knopf, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10604-3407

Steven R. Humphrey (ct06053)
Dina S. Fisher (ct14896)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Jed Horwitt, Esq.
Zeisler & Zeisler, P.C.
558 Clinton Ave.
P.O. Box 3186
Bridgeport, CT 06605-0186