UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GOLDEN WEST REFINING CORPORATION, LTD., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:02 CV 1379 (MRK) |
| vs. | ) ) | |
| PRICEWATERHOUSECOOPERS, LLP and COOPERS & LYBRAND, LLP, | ) ) ) | |
| Defendants. | ) ) | |
| ALEC SHARP, et al., | ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 3:02 CV 1572 (MRK) |
| vs. | ) ) | |
| PRICEWATERHOUSECOOPERS, LLP d/b/a PRICE WATERHOUSE, LLP, | ) ) ) | |
| Defendant. | ) ) | |
| HANDY & HARMAN REFINING GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:02 CV 1803 (MRK) |
| vs. | ) ) | |
| PRICEWATERHOUSECOOPERS, LLP, | ) ) | |
| Defendant. | ) | |

**AFFIDAVIT OF W. MARCUS JOHNSON**

W. Marcus Johnson, being duly sworn, states:

1. I am a partner with the accounting firm of Hagen, Streiff, Newton & Oshiro. My business address is 300 Lanidex Plaza, Second Floor, Parsippany, NJ 07054.

2. I was retained by Plaintiffs Alec Sharp, et al. ("Underwriters") in or about early 2000 to investigate certain facts and render an opinion regarding the extent of losses incurred by Handy & Harman Refining Group, Inc. ("HHRG") as alleged in its proof of loss, that were covered under an insurance policy issued by Underwriters (the "Policy").

3. I did not express an opinion on the extent of damages incurred by HHRG that would be recoverable by Underwriters or any other party in a breach of contract, auditor malpractice or negligent misrepresentation action.

4. My initial conclusion was that HHRG's losses that were covered by the Policy totaled approximately $7.7 million.

5. In or about July 2001, I was provided additional documentation with respect to a silver transaction totaling approximately $2.8 million that I determined was covered under the Policy. Although I would have liked to have seen additional documentation regarding this element of the loss, I was at the time (and remain to this day) satisfied that the $2.8 million silver transaction was properly part of the covered loss incurred by HHRG, bringing my total calculated covered loss to no less than $10.5 million.

6. During the course of my engagement, I determined that certain items submitted by HHRG in its proof of loss, specifically retainage and transportation charges, were not covered loss under the Policy.

7. At no time did I ever conclude that the amounts represented by retainage and transportation charges did not constitute legitimate business losses to HHRG recoverable in a breach of contract or tort claim.

283345.1

8. Shortly after September 11, 2001, Underwriters and HHRG settled their dispute and my involvement for the most part ceased. I did not request or review any additional documentation in order to substantiate or refute other elements of HHRG's claim.

9. I have no reason or basis to dispute any calculations by Vincent Love that would include the amounts represented by retainage and transportation charges in an analysis of damages that would be subject to recovery in a breach of contract or audit malpractice action.

FURTHER AFFIANT SAYETH NOT!

I declare under penalties of perjury that the foregoing is true and correct.

Executed on this \_\_19\_\_ day of September, 2005.

_____
W. Marcus Johnson

- 3 -

283345.1