# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GOLDEN WEST REFINING CORPORATION LIMITED, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02 CV 1379 (MRK) |
| VS. | : | |
| | : | |
| PRICEWATERHOUSECOOPERS LLP and | : | |
| COOPERS & LYBRAND LLP, | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| ALEC SHARP, et al., | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02 CV 1572 (MRK) |
| VS. | : | |
| | : | |
| PRICEWATERHOUSECOOPERS LLP d/b/a | : | |
| PRICE WATERHOUSE LLP, | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| HANDY & HARMAN REFINING GROUP, INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02 CV 1803 (MRK) |
| VS. | : | |
| | : | |
| PRICEWATERHOUSECOOPERS LLP, | : | October 11, 2005 |
| Defendant. | : | |

## PRICEWATERHOUSECOOPERS LLP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE STATEMENTS MADE BY PRICEWATERHOUSECOOPERS AUSTRALIA

PricewaterhouseCoopers LLP ("PwC") respectfully submits this memorandum of law in

support of its motion in limine (i) to exclude at trial statements made by PricewaterhouseCoopers

Australia ("PwC-Australia") and (ii) to preclude plaintiffs' counsel from stating or implying that

PwC and PwC-Australia constitute a single firm, in each of the following consolidated matters:

*Golden West Refining Corporation Limited v. PricewaterhouseCoopers LLP*, Civil Action No.

3:02 CV 1379 (MRK);  *Handy & Harman Refining Group, Inc. v. PricewaterhouseCoopers LLP,* Civil Action No. 3:02 CV 1803 (MRK) and *Alec Sharp et al. v. PricewaterhouseCoopers LLP*, Civil Action No. 3:02 CV 1572 (MRK).

## PRELIMINARY STATEMENT

PwC is entitled to the exclusion at trial of statements made by representatives of PwC-Australia because those statements constitute hearsay and are not admissible as statements by a party's agent under Rule 801(d)(2)(D) of the Federal Rules of Evidence.

In order for any out-of-court statement made by a representative of PwC-Australia to be offered against PwC, plaintiffs must demonstrate that PwC-Australia was acting as an agent of PwC, such that PwC manifested that PwC-Australia act on its behalf, that PwC-Australia accepted that it would act for PwC, and that they both agreed that PwC would control the conduct of PwC-Australia.  In other words, plaintiffs must demonstrate that PwC exercised the direction over PwC-Australia essential to an agency relationship.  This they cannot do as a matter of law.  As a result, any out-of-court statements made by PwC-Australia constitute inadmissible hearsay and must be excluded from evidence.  Similarly, plaintiffs' counsel should not be permitted to state or imply that PwC and PwC-Australia are a single firm.

## FACTUAL BACKGROUND

Pursuant to written engagement letters between PwC and plaintiff Handy & Harman Refining Group ("HHRG"), PwC audited the financial statements of HHRG for the partial fiscal year ended 1997 and the fiscal years ended 1998 and 1999.[1]  PwC is a limited liability partnership organized under the laws of the state of Delaware.

---

[1] For convenience, "PwC" is used herein to refer to PricewaterhouseCoopers LLP and its predecessor entity, Coopers & Lybrand LLP, which provided professional services to HHRG prior to July 1998.

Separately, PricewaterhouseCoopers Australia ("PwC-Australia") independently provided auditing services to Golden West Refining Corporation Limited ("GWRC"), the parent company of HHRG.  PwC and PwC-Australia are members of the global PricewaterhouseCoopers network, but they are autonomous firms, with separate capital structures and separate managements, organizations and clients.

As the parent company of HHRG, GWRC incorporated HHRG's audited financial statements into the consolidated financial statements of GWRC and its subsidiaries.  In the course of providing professional services to GWRC, representatives of PwC-Australia made statements at various times regarding GWRC and/or HHRG.  For purposes of the trial of this case, each of these statements constitutes an out-of-court statement.

In the record compiled during discovery in this case regarding the auditing services that PwC provided to HHRG and the separate auditing services that PwC-Australia independently provided to GWRC, there is no testimony or document that would establish that PwC expressed that PwC-Australia act on its behalf.  Likewise, there is no testimony or document establishing that PwC-Australia determined to take on the responsibility to act for PwC in response to any such request.  There is no evidence PwC and PwC-Australia together agreed that PwC was in control of the auditing services provided by PwC-Australia or that PwC otherwise enjoyed the right to control such services.

PwC-Australia cannot be considered an agent of PwC under the applicable legal principles set out below and, as a result, out-of-court statements made by representatives of PwC-Australia are not admissible in evidence against PwC.

### ARGUMENT

An out-of-court statement sought to be offered in evidence for the truth of the matter asserted in the statement constitutes inadmissible hearsay.  *See* Fed. R. Evid. 801(c).  An exception to this rule exists in the limited circumstance where a statements is offered against a party and reflects a "statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . ."  Fed. R. Evid. 801(d)(2)(D).

To establish the existence of the necessary principal/agent relationship, the party seeking to do so must demonstrate the following elements:  "(1) the manifestation by the principal that the agent shall act for him; (2) the agent's acceptance of the undertaking, and (3) an understanding between the parties that the principal is to be in control of the undertaking."  *See, e.g., Nuevo Mundo Holdings v. PricewaterhouseCoopers LLP*, No. 3 Civ. 0613 (GBD), 2004 U.S. Dist. LEXIS 780, at *13 (S.D.N.Y. Jan. 22, 2004) (citing Restatement (Second) of Agency § 1 cmt. b (1958)); *accord Lenoble v. Best Temps, Inc.,* 352 F. Supp. 2d 237, 250 & n. 12 (D. Conn. 2005); *Welding Metals, Inc. v. Foothill Capital Corp.*, No. 3:92CV00607 (WWE), 1997 U.S. Dist. LEXIS 7672, at *20-22 (D. Conn. Apr. 14, 1997); *Rubin Bros. Footwear, Inc. v. Chemical Bank,* 119 B.R. 416, 422 (S.D.N.Y. 1990).[2]  The existence of the "authority of an agent can only be established by tracing it to its source in some word or act of the alleged principal," *Nuevo Mundo Holdings*, 2004 U.S. Dist. LEXIS 780, at *17 (citing *Karavos Compania Naviera S.A. v. Atlantica Export Corp.*, 588 F.2d 1, 10 (2d Cir. 1978)), and "depends on the actual interaction between the putative principal and agent, and not on any perception a third party may have of the

---

[2] Copies of unreported cases are attached hereto as Exhibits A and B.

relationship," *Itel Containers Int'l Corp. v. Atlanttrafik Express Service Ltd.,* 909 F.2d 698, 702 (2d Cir. 1990).

Critically, the agent must be subject to the principal's direction and control. *See, e.g., Shulman Transport Enterprises, Inc. v. Pan American Airways, Inc.*, 744 F.2d 293, 295 (2d Cir. 1984); *accord Welding Metals, Inc.*, 1997 U.S. Dist. LEXIS 7672, at *20-22. Accordingly, no agency relationship can be established "where the alleged principal lacks the essential right of control over the alleged agent." *See Rubin Bros.*, 119 B.R. at 422.

For example, in *Nuevo Mundo Holdings*, plaintiffs claimed that two Peruvian accounting firms were agents of the defendants Arthur Anderson LLP and PricewaterhouseCoopers LLP, and, as such, that the defendants were liable for the actions of the Peruvian firms. Because plaintiffs had made no allegation that the defendants manifested that the Peruvian firms were to act on their behalves or that an understanding existed that the defendants were in control of the foreign firms' accounting services, the court held that plaintiffs had not demonstrated an agency relationship as a matter of law. *See id.*, 2004 U.S. Dist. LEXIS 780, at *16.

In this case, plaintiffs have not identified nor can they identify facts to establish the elements of an agency relationship such that PwC-Australia served as an agent of PwC. In particular, there is no evidence of record either that PwC manifested by words spoken or actions taken that PwC-Australia act on its behalf or that PwC-Australia accepted and undertook the responsibility to act for PwC. There is no evidence of record that PwC and PwC-Australia reached an understanding that PwC was in control of the auditing services provided by PwC-Australia. As a result, there is no basis upon which to find that PwC enjoyed the essential right to direct and control the conduct PwC-Australia, which is the hallmark of an agency relationship. Accordingly, PwC-Australia, an entity distinct from PwC and providing auditing services to a

distinct client, was not an agent of PwC.  PwC-Australia's out-of-court statements thus may not be offered in evidence against PwC.[3]

The elements of the requisite agency relationship cannot be fulfilled by generalized assertions that PwC and PwC-Australia shared the "PricewaterhouseCoopers" name or belonged to an affiliated network of firms.  *See, e.g., In re Lernout & Hauspie Sec. Litig.*, 230 F. Supp. 2d 152, 170 (D. Mass. 2002) (rejecting theory that KPMG firms could be held liable for each other's conduct based on shared associational name); *Howard v. Klynveld Peat Marwick Goerdler*, 977 F. Supp. 654, 662-63 (S.D.N.Y. 1997) (dismissing complaint against firm because membership in international network of firms did not establish one member firm's control over another), *aff'd* 173 F.3d 844 (2d Cir. 1999); *In re AM Int'l, Inc. Sec. Litig.*, 606 F. Supp. 600, 607 (S.D.N.Y. 1985) (dismissing claims asserted against other Pricewaterhouse firms based on conduct of U.S. firm); *see also generally Nuevo Mundo Holdings*, 2004 U.S. Dist. LEXIS 780, at *7.

Further, the elements of the requisite agency relationship are not fulfilled by a third party's perception of the relationship between PwC and PwC-Australia.  Rather, as set forth above, the agency relationship is founded on the word or act of the purported principal and interaction between the purported principal and agent.  Accordingly, the perception that personnel affiliated with HHRG and/or GWRC may have had regarding the relationship between PwC and PwC-Australia does not satisfy the elements of agency.  Rather, it is the absence of any actual manifestation or acceptance of an agency relationship and the absence of the essential direction

---

[3] Although this memorandum focuses upon the lack of an agency relationship between PwC and PwC-Australia, which is sufficient to decide the motion, we note that the agent admission exception also requires that any particular statement sought to be admitted must concern a matter within the scope of any supposed agency and must be made during the existence of any supposed agency.

and control of PwC-Australia by PwC that dictate that these elements are not satisfied in this case.

In sum, plaintiffs have not shown and cannot show that PwC and PwC-Australia, distinct legal entities providing services to distinct clients, manifested any agreement such that PwC-Australia would act on behalf of PwC or that PwC directed and controlled any such undertaking. Thus, out-of-court statements made by representatives of PwC-Australia constitute inadmissible hearsay and must be excluded from evidence.

## CONCLUSION

For the foregoing reasons, the Court should grant PwC's motion in limine to exclude statements made by PwC-Australia as inadmissible hearsay and to preclude plaintiffs' counsel from stating or implying that PwC and PwC-Australia are a single firm.

DEFENDANT,
PRICEWATERHOUSECOOPERS LLP


By: _____/s/ Thomas D. Goldberg_____
      David J. Elliott (ct 04301)
      Thomas D. Goldberg (ct 04386)
      Day, Berry & Howard LLP
      One Canterbury Green
      Stamford, Connecticut 06901-2047
      Tel:  (203) 977-7300
      Fax: (203) 977-7301
      Its Attorneys

# ELECTRONIC CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2005, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

          /s/ Thomas D. Goldberg
David J. Elliott (ct 04301)
Thomas D. Goldberg (ct 04386)
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut 06901-2047
Tel:  (203) 977-7300
Fax: (203) 977-7301
Its Attorneys

Edward J. Boyle, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd St.
New York, NY  10017-5639

William H. Champlin, III, Esq.
Michael T. McCormack, Esq.
William S. Fish, Jr., Esq.
Tyler Cooper & Alcorn, LLP
CityPlace - 35th Floor
185 Asylum Street
Hartford, CT 06103

Daniel McMahon, Esq.
Stefan Dandelles, Esq.
Daniel E. Tranen, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
120 N. LaSalle Street
Chicago, IL  60602

Fred N. Knopf, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10604-3407

Steven R. Humphrey (ct06053)
Dina S. Fisher (ct14896)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Jed Horwitt, Esq.
Zeisler & Zeisler, P.C.
558 Clinton Ave.
P.O. Box 3186
Bridgeport, CT 06605-0186