UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GOLDEN WEST REFINING CORPORATION, LTD., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:02 CV 1379 (MRK) |
| vs. | ) ) | |
| PRICEWATERHOUSECOOPERS, LLP and COOPERS & LYBRAND, LLP, | ) ) ) | |
| Defendants. | ) ) ) | |
| ALEC SHARP, et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 3:02 CV 1572 (MRK) |
| vs. | ) ) | |
| PRICEWATERHOUSECOOPERS, LLP d/b/a PRICE WATERHOUSE, LLP, | ) ) ) | |
| Defendant. | ) ) ) | |
| HANDY & HARMAN REFINING GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:02 CV 1803 (MRK) |
| vs. | ) ) | |
| PRICEWATERHOUSECOOPERS, LLP, | ) ) | |
| Defendant. | ) | |

**ALEC SHARP'S MOTION IN LIMINE NO. 2: EXCLUSION OF OTHER RECOVERIES**

COMES NOW Plaintiffs Alec Sharp, et al. ("Alec Sharp"), and move this Court for entry of an order, *in limine*, barring PricewaterhouseCoopers LLP ("PwC") from presenting at trial any evidence, testimony, facts, theories, arguments, claims or references relating to other recovery

284541.1

efforts or recoveries made by Plaintiffs arising out of HHRG's loss, and in support thereof, state as follows:

## BACKGROUND

In this case, Plaintiffs seek to recover from Defendant PricewaterhouseCoopers LLP ("PwC") damages arising from PwC's provision of professional services to Handy & Harman Refining Group, Inc. ("HHRG"), which resulted in HHRG suffering damages including but not limited to an uncollectible and unsecured debt of approximately $12 million, as well as its ultimate destruction as a going concern.

After discovering the losses, HHRG submitted a claim in the amount of $18.3 million under a Fidelity Bond issued by Alec Sharp (the "Bond Claim"), which did not include HHRG's business destruction loss. Sharp disputed the Bond Claim, but after extensive investigations and lengthy negotiations, Sharp and HHRG resolved the coverage dispute for a payment by Sharp to HHRG of $12.5 million, in return for which Sharp acquired an assignment of any claims against any parties for recovery of those damages that were the subject of the Bond Claim. *See* Alec Sharp's Motion in Limine No. 1, p. 2.

Since resolution of the Bond Claim, both HHRG and Alec Sharp have pursued various avenues of recovery, and in some instances, have succeeded in securing favorable settlements. Alec Sharp, as the assignee and subrogee of HHRG, filed a lawsuit in Connecticut state court against Barry Wayne ("Wayne"), Richard Searle ("Searle"), Axel Augspach ("Augspach"), Panexim, S.A. ("Panexim"), and Roberto Passaro ("Passaro"), among others, seeking recovery of losses submitted by HHRG in the Bond Claim. *See* Appendix of Exhibits in Support of Sharp Motions in Limine ("App.") at Ex. G.

Alec Sharp, jointly with HHRG, also filed a lawsuit against Federal Insurance Company in this Court under Case No. 3:03 CV 1243 (CFD), seeking insurance benefits under a policy issued by Federal to HHRG ("the Coverage Lawsuit").

HHRG and Alec Sharp voluntarily dismissed the Coverage Lawsuit, and Alec Sharp dismissed the claims in the Connecticut State Court Lawsuit against Wayne and Searle, pursuant to a combined settlement agreement and in consideration for a payment to Alec Sharp of $2.4 million and a payment to HHRG of $1.1 million. App. at Ex. H. Federal made those payments since it was not only the defendant in the Coverage Lawsuit, it was also the insurer under another policy that arguably covered Wayne and Searle in the Connecticut State Court Lawsuit. *Id*.

Alec Sharp voluntarily dismissed the claims against Augspach in the Connecticut State Court Lawsuit pursuant to a settlement whereby Augspach paid to Alec Sharp $100,000. App. at Ex. I.

The claims Alec Sharp brought against Panexim and Passaro in the Connecticut State Court Lawsuit were dismissed for lack of personal jurisdiction. App. at Ex. J. Alec Sharp filed a separate lawsuit against Panexim and Passaro in New York State Court, and that lawsuit remains pending. App. at Ex. K.

Alec Sharp has also filed suit against the predecessor corporation to HHRG, Handy & Harman ("H&H"), seeking relief under the asset purchase agreement pursuant to which H&H sold the assets creating HHRG. That case is currently pending in New York state court ("the H&H case"). *See* App. at Ex. S.

In this consolidated case, PwC elected not to sue as third party defendants any of the parties sued in the foregoing cases, as PwC could have done under FRCP 14.

284541.1

# ARGUMENT

Under Rule 408, "a defendant cannot prove the invalidity or amount of a plaintiff's claim by proof of plaintiff's settlement with a third person, nor can plaintiff show the defendant's liability or extent of liability, by proof of defendant's settlement with a third person." 2 D. Louisell & C. Mueller, Federal Evidence § 171, at 290 (1978 & Supp.1983); *see also Playboy Enters. v. Chuckleberry Publ.*, 687 F.2d 563 (2nd Cir. 1982).  The payments pursuant to the settlement of the Bond Claim, the Coverage Lawsuit, and the claims against Wayne, Searle, and Augspach in the Connecticut State Court Lawsuit, were made pursuant to compromise and offers to compromise in settlement of those claims, and are therefore inadmissible under FRE 408. *McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247 (1st Cir. 1985).  *See also* Alec Sharp's Motion in Limine No. 1, pp. 6-7.  Further, to the extent Wayne, Searle and Augspach are joint tortfeasors, a jury in this case is prohibited from hearing any evidence of settlements involving such joint tortfeasors.  *Id*.; Conn. Gen. Stat. § 52-216a.

Moreover, the fact of those recoveries is irrelevant to this cause of action and therefore inadmissible in that they are from collateral sources.  *See Gurliacci v. Mayer*, 218 Conn. 531 (1991) (R-13).  Under the collateral source rule, "a defendant is not entitled to be relieved from paying any part of a compensation due for injuries proximately resulting from his act where payment [for such injuries or damages] comes from a collateral source, wholly independent of him."  *Rametta v. Stella*, 214 Conn. 484, 489-90 (1990) (R-16), *quoting Lashin v. Corcoran*, 146 Conn. 512, 515, 152 A.2d 639 (Conn., 1959).  As the Connecticut courts have noted, "[t]he basis of our well-established collateral source rule is that a wrongdoer shall not benefit from a windfall from an outside source."  *United Aircraft Corporation v. International Assn. of Machinists*, 161 Conn. 79, 101-102 (Conn., 1971) (R-17), *cert. denied,* 404 U.S. 1016 (1972). *See also Apuzzo v.*

*Seneco*, 178 Conn. 230, 233 (1979) (R-18); *Healy v. White*, 173 Conn. 438, 448 (1977) (R-17), *Gorham v. Farmington Motor N, Inc.*, 159 Conn. 576, 580 (1970) (R-19).

Connecticut courts apply the collateral source rule to cases such as this involving auditor error. *Curtis Packaging Corp. v. KPMG, LLP*, 2002 Conn. Super. Lexis 2663 (Waterbury 2002) (R-3).

To the extent that the recoveries made by either HHRG or Sharp pursuant to the Bond Claim, the combined settlement of the Coverage Lawsuit, and/or the claims against Wayne, Searle and Augspach in the Connecticut State Court Lawsuit, involve insurance payments, reference to those recoveries or the circumstances concerning those recoveries are also barred for the same reasons set forth in Alec Sharp's Motion in Limine No. 1, and pursuant to FRE 411.

Further, notwithstanding the foregoing, PwC may argue the other recoveries could be relevant to the issue of causation. Nevertheless, to the extent that Sharp and HHRG meet their burden of proving that PwC's negligence was a substantial cause of HHRG's losses, it is irrelevant that there may have been other causes, and therefore other recoveries. *See Mahoney v. Beatman*, 110 Conn. 184, 197 (1929) (R-20) ("Whether an injury following a negligent act is caused by this act depends upon whether it is traceable in causal relation to the tortious act. Or, expressed in another form, was this act a substantial factor in causing this later injury."). *See also* Alec Sharp's Motion in Limine No. 1, p. 5.

Finally, any statements made by Plaintiffs in the process of seeking these alternative recoveries -- such as the allegations they made in the complaints in the cases identified above-- are likewise inadmissible. As this Court held in *Svege v. Mercedes-Benz Credit Corp.*, 329 F.Supp.2d 285, 288 (D. Conn. 2004), complaints regarding the conduct of third parties used to seek alternative recovery for a common injury must not be utilized in such a way that would

5

"penalize Plaintiffs for availing themselves of an opportunity expressly provided by the Federal Rules to plead inconsistent theories." The admission of Plaintiffs' other recovery efforts in the form of their complaints should be barred in this case as these efforts as well constitute a form of alternative pleading against different defendants in different fora.

This Court in *Svege* also noted that such evidence (in the form of complaints) would "confuse a jury and invite them to speculate about the resolution of those other actions and how those resolutions should affect their decision making in this case." *Id*. at p. 289. Evidence of other recovery actions would clearly induce a similar result here. Thus, for these reasons as well, the admission of evidence of other recovery efforts would prejudice Alec Sharp in a manner that would outweigh any probative value of such other recoveries, which Alec Sharp submits would be little or none. *See* FRE 403.

WHEREFORE, Alec Sharp respectfully request that this Court grant their motion, that it exclude all evidence, testimony, facts theories, arguments, claims, or references relating to collateral recoveries by Alec Sharp or HHRG, or any recovery efforts, and that it provide Alec Sharp with any such other and further relief as this Court deems just and equitable.

    Respectfully submitted,

    WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP,


    By: /s/ Fred Knopf
        Fred Knopf, Esq. (ct 09427)
        E-mail: knopff@wemed.com
        Edward Boyle, Esq.
        E-mail: boylee@wemed.com
        WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP
        150 E. 42nd Street
        New York, NY 10017

284541.1

>Phone: 212-490-3000
>Fax: 212-490-3038
>
>Daniel J. McMahon, Esq. (Ill. Bar 0162590)
>E-mail: mcmahond@wemed.com
>Stefan R. Dandelles, Esq. (Ill. Bar 6244438)
>E-mail: dandelless@wemed.com
>WILSON, ELSER, MOSKOWITZ,
>EDELMAN & DICKER LLP
>120 N. LaSalle Street
>Chicago, IL 60602
>Phone: 312-704-0550
>Fax: 312-704-1522

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on October 11, 2005, a copy of the foregoing was filed electronically (and served by mail on anyone unable to accept electronic filing) on each of the following counsel of record in each of the consolidated cases. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system (or by mail to anyone unable to accept electronic filing). Parties may access this filing through the Court's system.

Thomas D. Goldberg, Esq.
Steven Greenspan, Esq.
David J. Elliott, Esq.
William H. Erickson, Esq.
Day, Berry & Howard
City Place I
Hartford, CT 06103

Steven Humphrey, Esq.
Dina Fisher, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

William H. Champlin III, Esq.
Michael T. McCormack, Esq.
Tyler Cooper & Alcorn, LLP
City Place, 35th Floor
185 Asylum Street
Hartford, CT  06103

>/s/ Fred Knopf
>Fred Knopf

284541.1