UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GOLDEN WEST REFINING CORPORATION, LTD., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:02 CV 1379 (MRK) |
| vs. | ) ) | |
| PRICEWATERHOUSECOOPERS, LLP and COOPERS & LYBRAND, LLP, | ) ) ) | |
| Defendants. | ) ) ) ) | |
| ALEC SHARP, et al., | ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 3:02 CV 1572 (MRK) |
| vs. | ) ) | |
| PRICEWATERHOUSECOOPERS, LLP d/b/a PRICE WATERHOUSE, LLP, | ) ) ) | |
| Defendant. | ) ) ) ) | |
| HANDY & HARMAN REFINING GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:02 CV 1803 (MRK) |
| vs. | ) ) | |
| PRICEWATERHOUSECOOPERS, LLP, | ) ) ) | |
| Defendant. | ) | |

### ALEC SHARP'S MOTION IN LIMINE NO. 3: EXCLUSION OF TESTIMONY OF MARCUS JOHNSON

COMES NOW Plaintiffs Alec Sharp, et. al. ("Alec Sharp"), and move this Court to exclude from the trial of this case opinion testimony of Marcus Johnson, stating as follows:

284488.1

PricewaterhouseCoopers LLP ("PwC") has attempted to utilize the testimony of Marcus Johnson ("Johnson") to provide opinion testimony in response to Alec Sharp's motion for partial summary judgment, and it is expected PwC will attempt to call Johnson as a witness at trial or refer to his deposition testimony.

Johnson's opinions include an analysis of whether the losses suffered by HHRG are covered losses pursuant to the insurance policy issued by Sharp. *See* App. at Ex. L. Accordingly, his opinions would only be admissible pursuant to FRE 702.

Rule 26(a)(2) requires that a party "shall" disclose any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Rule 37(C)(1) provides an exclusionary sanction for failures to disclose witnesses as required by Federal Rule 26.

PWC did not disclose Johnson, or any other damages expert witnesses, pursuant to Rule 26(a)(2). Therefore, until receiving PwC's opposition to Alec Sharp's motion for partial summary judgment, Sharp was not informed that PwC might attempt to use this witness or his testimony at the trial of this case. App. at Ex. D. Johnson's opinion testimony should be barred for this reason alone.

In any event, the testimony of Johnson is otherwise inadmissible.

First, the only opinion offered by Johnson is whether certain losses incurred by HHRG were covered under the insurance policy issued by Sharp. App. at Ex. L. Such testimony is not relevant to the inquiry in this case, and is otherwise inadmissible. *See* Alec Sharp's Motion in Limine No. 1: Exclusion of Any Reference to Insurance.

Second, Johnson conceded in his deposition testimony in this case, and in his subsequent affidavit, that he was not presented with complete documentation when he rendered his opinions

2

as to the amount of the loss that would be covered by insurance and, as such, was unable to render an opinion on those certain aspects of the loss subject to insurance coverage. App. at Ex. M, pp. 37-40, 53-4. As such, as Johnson himself concedes, any opinion he offers is based upon incomplete information and did not meet the requirements of FRE 703.

Third, the standard under which Johnson gave his opinions (coverage under the bond) is completely different from the standard that Alec Sharp must prove to establish their claims against PwC. *See* Alec Sharp's Motion in Limine No. 1, pp 5-6.

Even to the extent that any testimony of Johnson could have any possible relevance at all, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury as a result of these different standards, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence, and would otherwise be barred under FRE 403.

WHEREFORE, Alec Sharp respectfully request that this Court grant their motion, that it exclude Marcus Johnson as an expert witness for PwC, and that it provide Alec Sharp with any such other and further relief as this Court deems just and equitable.

    Respectfully submitted,

    WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP,

    By: /s/ Fred Knopf
        Fred Knopf, Esq. (ct 09427)
        E-mail: knopff@wemed.com
        Edward Boyle, Esq.
        E-mail: boylee@wemed.com
        WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP
        150 E. 42nd Street
        New York, NY 10017
        Phone: 212-490-3000
        Fax: 212-490-3038

284488.1

        Daniel J. McMahon, Esq. (Ill. Bar 0162590)
        E-mail: mcmahond@wemed.com
        Stefan R. Dandelles, Esq. (Ill. Bar 6244438)
        E-mail: dandelless@wemed.com
        WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP
        120 N. LaSalle Street
        Chicago, IL 60602
        Phone: 312-704-0550
        Fax: 312-704-1522

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on October 11, 2005, a copy of the foregoing was filed electronically (and served by mail on anyone unable to accept electronic filing) on each of the following counsel of record in each of the consolidated cases. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system (or by mail to anyone unable to accept electronic filing). Parties may access this filing through the Court's system.

Thomas D. Goldberg, Esq.
Steven Greenspan, Esq.
David J. Elliott, Esq.
William H. Erickson, Esq.
Day, Berry & Howard
City Place I
Hartford, CT 06103

Steven Humphrey, Esq.
Dina Fisher, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

William H. Champlin III, Esq.
Michael T. McCormack, Esq.
Tyler Cooper & Alcorn, LLP
City Place, 35th Floor
185 Asylum Street
Hartford, CT 06103

        /s/ Fred Knopf
        Fred Knopf

284488.1