UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GOLDEN WEST REFINING CORPORATION, LTD., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:02 CV 1379 (MRK) |
| vs. | ) ) | |
| PRICEWATERHOUSECOOPERS, LLP and COOPERS & LYBRAND, LLP, | ) ) ) | |
| Defendants. | ) ) ) | |
| ALEC SHARP, et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 3:02 CV 1572 (MRK) |
| vs. | ) ) | |
| PRICEWATERHOUSECOOPERS, LLP d/b/a PRICE WATERHOUSE, LLP, | ) ) ) | |
| Defendant. | ) ) ) | |
| HANDY & HARMAN REFINING GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:02 CV 1803 (MRK) |
| vs. | ) ) | |
| PRICEWATERHOUSECOOPERS, LLP, | ) ) | |
| Defendant. | ) | |

**ALEC SHARP'S MOTION IN LIMINE NO. 4: EXCLUSION OF ARGUMENT, TESTIMONY AND EVIDENCE OF CONTRIBUTORY OR COMPARATIVE NEGLIGENCE**

COMES NOW Plaintiffs Alec Sharp, et. al. ("Alec Sharp"), for their motion *in limine* to

exclude any argument, evidence, testimony, facts, argument, theories or claims relating to the

284572.1

alleged contributory or comparative negligence of Alec Sharp, Handy & Harman Refining Group, Inc. ("HHRG"), or Golden West Refining Corporation, Ltd. ("GWRC") (collectively, "Plaintiffs") and in support states as follows:

PwC should be barred from introducing any testimony or evidence regarding the alleged contributory or comparative negligence of HHRG, its Board of Directors, or any Plaintiffs, because there is no evidence of auditor interference, and because Connecticut law does not provide for comparative negligence as a defense in a case such as this.

Connecticut follows the majority "auditor interference rule," which provides that in accounting malpractice cases, contributory negligence is only a defense where the client's negligence prevents the accountant from performing his duties. *Curtis Packaging Corp. v. KPMG, LLP*, 2002 Conn.Super.LEXIS 2663 (Waterbury 2002) (App. at R-3), citing *Lincoln Grain, Inc. v. Coopers & Lybrand*, 216 Neb. 433 (1984); *Shapiro v. Glekel*, 380 F.Supp. 1053 (S.D.N.Y. 1974); and *National Surety Corp. v. Lybrand*, 256 A.D. 226 (1939) (R-21).

PwC has come forward with no evidence that HHRG's negligence prevented PwC from conducting its audits.

There is not a single allegation or fact that indicates HHRG withheld any information that PwC needed. *See* App. at Exs. D and N. PwC reviewed the due diligence report on the purchase of HHRG by GWRC, and had access to HHRG personnel and all the documents it required. *See* App. at Ex. B, paras. 1-3, 13-57, 59-62, 66-67. PWC issued an unqualified audit report. *See e.g.* App. at Ex. O. This report did not identify any impediments to the issuance of the statement that HHRG's financial statements present fairly, in all material respects, the consolidated financial position of HHRG. *See Id.*

2

Moreover, PwC's own expert on negligence (Robert Temkin) and its corporate governance expert (R. Gene Brown) both failed to identify a single fact or incident where HHRG interfered with or prevented in any way PwC's ability to conduct its audit.  App. at Exs. P and Q.

No auditor interference occurred.  No evidence exists of auditor interference.  As such, PwC cannot sustain a defense of contributory negligence, and any evidence or argument should be barred on this issue.

Similarly, no viable defense of comparative negligence exists for PwC in this case.  As the Connecticut State Court held in *Curtis Packaging*,

> Connecticut's comparative negligence statute, general statutes § 52-572h, would not apply in this case under its terms.  *See also Williams Ford, Inc. v. The Hartford Courant Co.*, 232 Conn. 559, 584, 657 A.2d 212 (1995).  In any event, the breach of contract claim which encompasses the malpractice claim prevents the application of the comparative negligence doctrine.  *See Center Court Associates, Ltd. v. Maitland/Strauss & Behr*, Superior Court, Judicial District of New Haven, Docket No. 252381 (May 4, 1994) (Healey, JTR).

*Curtis Packaging* at *6.

*Curtis Packaging* is directly on point with this case.  Because the claims asserted by Plaintiffs in this case seek economic damages, the Connecticut comparative negligence statute does not apply by its own terms.  Moreover, the breach of contract claim asserted by Plaintiffs in this case encompasses the malpractice claim and, therefore, otherwise bars the comparative negligence defense.  *See Id*.

Finally, and in any event, because PwC has no evidence of auditor interference, PwC's comparative negligence defense -- like its contributory negligence defense -- must fail.  *Curtis Packaging, supra*.

3

WHEREFORE, Alec Sharp respectfully request that this Court enter an Order excluding any evidence, testimony, facts, argument, theories or claims relating to the alleged contributory or comparative negligence of Plaintiff.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP,


By: /s/ Fred Knopf
       Fred Knopf, Esq. (ct 09427)
       E-mail: knopff@wemed.com
       Edward Boyle, Esq.
       E-mail: boylee@wemed.com
       WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER LLP
       150 E. 42nd Street
       New York, NY 10017
       Phone: 212-490-3000
       Fax: 212-490-3038

       Daniel J. McMahon, Esq. (Ill. Bar 0162590)
       E-mail: mcmahond@wemed.com
       Stefan R. Dandelles, Esq. (Ill. Bar 6244438)
       E-mail: dandelless@wemed.com
       WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER LLP
       120 N. LaSalle Street
       Chicago, IL 60602
       Phone: 312-704-0550
       Fax: 312-704-1522

284572.1

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on October 11, 2005, a copy of the foregoing was filed electronically (and served by mail on anyone unable to accept electronic filing) on each of the following counsel of record in each of the consolidated cases.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system (or by mail to anyone unable to accept electronic filing).  Parties may access this filing through the Court's system.

Thomas D. Goldberg, Esq.
Steven Greenspan, Esq.
David J. Elliott, Esq.
William H. Erickson, Esq.
Day, Berry & Howard
City Place I
Hartford, CT 06103

Steven Humphrey, Esq.
Dina Fisher, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

William H. Champlin III, Esq.
Michael T. McCormack, Esq.
Tyler Cooper & Alcorn, LLP
City Place, 35th Floor
185 Asylum Street
Hartford, CT  06103

/s/ Fred Knopf
Fred Knopf

5

284572.1