UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GOLDEN WEST REFINING CORPORATION, LTD., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PRICEWATERHOUSECOOPERS, LLP and )<br>COOPERS & LYBRAND, LLP, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO.<br>3:02 CV 1379 (MRK) |
| ALEC SHARP, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>PRICEWATERHOUSECOOPERS, LLP d/b/a )<br>PRICE WATERHOUSE, LLP, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO.<br>3:02 CV 1572 (MRK) |
| HANDY & HARMAN REFINING GROUP, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PRICEWATERHOUSECOOPERS, LLP, )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>3:02 CV 1803 (MRK) |

## MOTION IN LIMINE NO. 5: ALLOWING SUMMARIES

COMES NOW Plaintiffs Alec Sharp, et. al. ("Alec Sharp"), and move this Court for entry of an order, *in limine*, permitting Alec Sharp to provide the contents of voluminous documentary evidence of the flow of funds and gold to and from HHRG, and other aspects of

284564.1

Sharp's claimed losses, in the form of summaries, charts and calculations, and in support thereof, states as follows:

The original records showing the flow of funds and precious metals to and from HHRG, and the other losses sought by Alec Sharp, are voluminous. These records cannot be conveniently examined during the course of the trial of this matter. Indeed, if the parties would have to parse through each of these records, the trial might last months. All underlying records have been produced in their entirety to PricewaterhouseCoopers LLP ("PwC").

Alec Sharp intends to use the following summaries at the trial of this case, which summaries have also already been provided to the parties:

1. Detail list of Settled Lots

2. John Dempsey Summary Schedule of HHRG Accounts Receivable and Priced not Booked Balance – 9/96 to 3/00

3. John Dempsey Summary Schedule of Record of Panexim Lots – 10/10/96 to 3/6/00

4. John Dempsey Summary Schedule of Record of Panexim Silver – 4/15/97 to 3/1/00

5. John Dempsey Summary Schedule of Panexim Gold Transactions – 10/7/96 to 1/3/00

6. John Dempsey Summary Schedule of Panexim Silver Transactions – 10/7/96 to 3/1/00

7. John Dempsey Summary Schedule re Panexim Banco de Lima Transactions

8. John Dempsey Summary Schedule re Reconciliation of Priced not Booked Schedules – 3/31/98

9. John Dempsey Summary Schedule re Reconciliation of HHRG Priced not Booked Schedules – 4/30/98

10. John Dempsey Summary Schedule re Reconciliation of HHRG Priced not Booked Schedules – 5/31/98

11. John Dempsey Summary Schedule re Reconciliation of HHRG Priced not Booked Schedules – 6/30/98

12. John Dempsey Summary Schedule re Reconciliation of HHRG Priced not Booked Schedules – 7/31/98

13. John Dempsey Summary Schedule re Reconciliation of HHRG Priced not Booked schedules – 8/31/98

14. John Dempsey Summary Schedule re Reconciliation of HHRG Priced not Booked Schedules – 9/30/98

15. John Dempsey Summary Schedule re Reconciliation of HHRG Priced not Booked Schedules – 10/31/98

16. John Dempsey Summary Schedule re Reconciliation of HHRG Priced not Booked Schedules – 11/30/98

17. John Dempsey Summary Schedule re Reconciliation of HHRG Priced not Booked Schedules – 12/31/98

18. John Dempsey Summary Schedule re Reconciliation of HHRG Priced not Booked Schedules – 1/31/99

19. John Dempsey Summary Schedule re Reconciliation of HHRG Priced not Booked Schedules – 2/28/99

20. John Dempsey Summary Schedule re Reconciliation of HHRG Priced not Booked Schedules – 3/31/99

21. Summary Schedule of Payments made to South American Consultants

22. Summary Schedule of Excess Remuneration Payments to Wayne, Searle and Posada

Pursuant to Federal Rule of Evidence 1006, the contents of voluminous writings, recordings or photographs may be presented at trial in the form of charts, summaries, or calculations so long as the originals or duplicates have been made available to all parties. Since the underlying files have been presented to PwC, each of these summaries should be admitted into evidence at the trial of this case.

WHEREFORE, Alec Sharp respectfully request that this Court grant their motion, that it permit Alec Sharp to show the contents of voluminous records in various charts, summaries and calculations to the jury and admit that material into evidence, and that it provide Alec Sharp with any such other and further relief as this Court deems just and equitable.

3

284564.1

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP,

By: /s/ Fred Knopf
    Fred Knopf, Esq. (ct 09427)
    E-mail: knopff@wemed.com
    Edward Boyle, Esq.
    E-mail: boylee@wemed.com
    WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
    150 E. 42nd Street
    New York, NY 10017
    Phone: 212-490-3000
    Fax: 212-490-3038

    Daniel J. McMahon, Esq. (Ill. Bar 0162590)
    E-mail: mcmahond@wemed.com
    Stefan R. Dandelles, Esq. (Ill. Bar 6244438)
    E-mail: dandelless@wemed.com
    WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
    120 N. LaSalle Street
    Chicago, IL 60602
    Phone: 312-704-0550
    Fax: 312-704-1522

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on October 11, 2005, a copy of the foregoing was filed electronically (and served by mail on anyone unable to accept electronic filing) on each of the following counsel of record in each of the consolidated cases. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system (or by mail to anyone unable to accept electronic filing). Parties may access this filing through the Court's system.

Thomas D. Goldberg, Esq.
Steven Greenspan, Esq.
David J. Elliott, Esq.
William H. Erickson, Esq.
Day, Berry & Howard
City Place I
Hartford, CT 06103

Steven Humphrey, Esq.
Dina Fisher, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

William H. Champlin III, Esq.
Michael T. McCormack, Esq.
Tyler Cooper & Alcorn, LLP
City Place, 35th Floor
185 Asylum Street
Hartford, CT  06103

                                                /s/ Fred Knopf
                                                Fred Knopf

284564.1