UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GOLDEN WEST REFINING CORPORATION, LTD., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:02 CV 1379 (MRK) |
| vs. | ) ) | |
| PRICEWATERHOUSECOOPERS, LLP and COOPERS & LYBRAND, LLP, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| ALEC SHARP, et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 3:02 CV 1572 (MRK) |
| vs. | ) ) | |
| PRICEWATERHOUSECOOPERS, LLP d/b/a PRICE WATERHOUSE, LLP, | ) ) ) ) | |
| Defendant. | ) ) ) | |
| HANDY & HARMAN REFINING GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:02 CV 1803 (MRK) |
| vs. | ) ) | |
| PRICEWATERHOUSECOOPERS, LLP, | ) ) | |
| Defendant. | ) | |

**ALEC SHARP'S MOTION IN LIMINE NO. 7: NON-APPLICABILITY OF PWC'S AFFIRMATIVE DEFENSES TO ALEC SHARP**

COMES NOW Plaintiffs Alec Sharp, et. al. ("Sharp"), and in support of their motion *in limine* regarding the applicability of PWC's affirmative defenses to Alec Sharp's claims, states as follows:

**ORAL ARGUMENT REQUESTED**
287993.1

On August 9, 2002, Sharp filed a three-count complaint in this consolidated matter (the "Complaint"). In its answer, PWC asserted 18 affirmative defenses. *See* Exhibit N to Sharp's Appendix of Exhibits in Support of Motions *in Limine*[1] Subsequently, PWC confirmed that it was not pursuing four of these affirmative defenses. In addition, one of the defenses was alleged only in relation to Counts II and III. On August 12, 2005, Sharp filed a motion for partial summary judgment (the "Motion") on Count I (Breach of Contract) of the Complaint against PWC. As part of the Motion (and Sharp's Reply in support thereof), Sharp argued that the 13 remaining affirmative defenses asserted by PWC with respect to Sharp's breach of contract cause of action are inapplicable and therefore should not preclude summary judgment. In its opposition brief filed on September 2, 2005, PWC responded with respect to only six of the 13 affirmative defenses, and therefore has conceded that the other seven are inapplicable. *See* Exhibits C and D to Sharp's Appendix of Exhibits in Support of Motions in Limine Nos. 1-6. The 12 affirmative defenses conceded by PWC that are no longer in case are: 1) failure to state a claim; 2) standing; 3) "necessary party"; 4) GAAS audit; 5) "legal cause"; 6) waiver; 7) estoppel; 8) laches; 9) statute of limitations; 10) standing (again); 11) common law indemnity; and 12) consequential damages. The six affirmative defenses PWC appears to continue to argue are: 1) *in pari delicto*; 2) unclean hands; 3) mitigation: 4) contractual indemnification (setoff); 5) contractual indemnification (recoupment); and 6) comparative negligence.

As set forth in the Motion, PWC's affirmative defenses are not applicable to Sharp's breach of contract claim. For the same reasons set forth therein (*see* Exhibit C, pp. 16-25), Sharp asserts that PWC's affirmative defenses do not apply to its other causes of action either (*i.e.,*

---

[1] We note Exhibit N to Sharp Appendix of Exhibits is PWC's initial answer filed in May 2004, and that an amended answer was filed in November 2004. As the same 18 affirmative defenses are asserted, Sharp has not filed

(continued . . . )

professional malpractice and negligent misrepresentations), and PWC should therefore be barred from asserting the same or presenting any evidence or testimony regarding the same at trial. The last affirmative defense that purportedly relates only to Counts II and III of the Complaint appears to outline a "defense" based on comparative or contributory negligence of HHRG. This affirmative defense is addressed in the Motion (Exhibit C, at p.25) and is further addressed in Sharp's Motion *in Limine* No. 4 (Docket No. 232).

As no rulings were made with respect to the viability of PWC's affirmative defenses in this Court's Memorandum of Decision dated October 11, 2005, this issue is ripe for adjudication by way of this motion *in limine*.

WHEREFORE, Sharp respectfully requests that this Court enter an Order barring PWC from asserting, making reference to, or otherwise presenting evidence before the jury on the affirmative defenses set forth in its answer and/or amended answer because they are not legally viable.

> Respectfully submitted,
>
> WILSON, ELSER, MOSKOWITZ,
> EDELMAN & DICKER LLP,
>
> By: /s/ Fred Knopf
>     Fred Knopf, Esq. (ct 09427)
>     E-mail: knopff@wemed.com
>     Edward Boyle, Esq.
>     E-mail: boylee@wemed.com
>     WILSON, ELSER, MOSKOWITZ,
>     EDELMAN & DICKER LLP
>     150 E. 42nd Street
>     New York, NY 10017
>     Phone: 212-490-3000
>     Fax: 212-490-3038

---

( . . . continued)
a substituted Exhibit N. We note the only substantive difference between the two answers was PWC's elimination of a reference to Affirmative Defenses 17 and 18 as Counterclaims.

3

287993.1

                        Daniel J. McMahon, Esq. (Ill. Bar 0162590)
                        E-mail: mcmahond@wemed.com
                        Stefan R. Dandelles, Esq. (Ill. Bar 6244438)
                        E-mail: dandelless@wemed.com
                        WILSON, ELSER, MOSKOWITZ,
                        EDELMAN & DICKER LLP
                        120 N. LaSalle Street
                        Chicago, IL 60602
                        Phone: 312-704-0550
                        Fax: 312-704-1522

287993.1

## CERTIFICATE OF SERVICE

    THIS IS TO CERTIFY that on October 12, 2005, a copy of the foregoing was filed electronically (and served by mail on anyone unable to accept electronic filing) on each of the following counsel of record in each of the consolidated cases. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system (or by mail to anyone unable to accept electronic filing). Parties may access this filing through the Court's system.

Thomas D. Goldberg, Esq.
Steven Greenspan, Esq.
David J. Elliott, Esq.
William H. Erickson, Esq.
Day, Berry & Howard
City Place I
Hartford, CT 06103

Steven Humphrey, Esq.
Dina Fisher, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

William H. Champlin III, Esq.
Michael T. McCormack, Esq.
Tyler Cooper & Alcorn, LLP
City Place, 35th Floor
185 Asylum Street
Hartford, CT 06103

                                              /s/ Fred Knopf
                                              Fred Knopf

287993.1