# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEC SHARP, et al. | : | |
| Plaintiffs | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | 3:02 CV 1572 (MRK) |
| | : | |
| PRICEWATERHOUSECOOPERS, LLP d/b/a | : | |
| PRICE WATERHOUSE, LLP | : | |
| Defendant. | : | |
| | : | October __, 2005 |

## PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTIONS

### Plaintiff's Claim

Let me start by describing, in general terms, the plaintiff's claims.

Plaintiff claims that the Defendant breached its contract to provide accounting and business services, committed professional malpractice by failing to provide service in accordance with the standards of the accounting industry, and negligently misrepresented certain things about HHRG's financial statements and internal controls.  It claims that, as a result of the Defendant's wrongdoing, it incurred significant economic losses.  The Defendant denies that it engaged in wrongdoing associated with Plaintiff's claims, and denies that its conduct caused any of the damages claimed by Plaintiff.

**[Alternative – In the event Plaintiff's Motion in Limine No. 1 is denied]**

Plaintiff is the assignee and subrogee of HHRG as to those certain claims that Plaintiff is asserting against PwC in this case.  As the assignee and subrogee of those claims, Plaintiff stands in the shoes of HHRG, has the same rights as HHRG and is subject to any and all defenses which are available against HHRG had HHRG brought those particular claims itself against PwC.

**Authority:**    Southland Corp. v. Self, 36 Conn. Supp. 317, 319 (Conn. Cuper. Ct. 1980); Service Fire Ins. Co. v. Hubbard, 18 Conn. Supp. 37, 40 (Conn. Super. Ct. 1952).

**1.    BREACH OF CONTRACT CLAIM.**

**1.1    <u>Plaintiff's Breach of Contract Claim (Count One)</u>**

In the First Count of its Complaint, Plaintiff alleges that the Defendant breached its Contract to provide HHRG with professional accounting services and business services for the audit periods ending March 31, 1997, 1998, and 1999. Plaintiff further alleges that the Defendant's breach caused HHRG's damages.  A contract is an agreement enforceable at law.  The parties agree that HHRG and the Defendant entered into a contract whereby the Defendant would provide HHRG with professional accounting services and business services from 1997 through1999; however, they disagree about the terms of the Contract and whether the Defendant breached it.

Plaintiff claims that the Contract at issue included the Defendant's agreement to do the following:

The Defendant agreed to prepare for, plan, and execute the audit of HHRG's financial statements in accord with accounting industry standards;

The Defendant agreed to provide a management letter at the close of each audit that would describe any deficiencies in HHRG's internal controls;

The Defendant agreed to assure that unsecured advances would not be made to companies in third world countries; and

The Defendant agreed to provide those services set forth in its Audit Engagement letter and its Service Plan.

Plaintiff further claims that the Defendant breached its Contract with HHRG by failing to perform the professional services it agreed to provide under the terms of the Contract.  Plaintiff further claims that as a result of the Defendant's breach of contract, HHRG was damaged.

The Defendant disputes that it breached a Contract, and disputes that the Contracts incorporated the terms of the Service Plan.

**1.2    <u>Elements of a Contract Claim.</u>**

To establish its contract claim against the Defendant, Plaintiff must prove by a preponderance of the evidence each of the following three elements.  I will tell you now briefly what they are and I will give you more detail about them in the following instructions.

The three elements that Plaintiff must prove are:

First, that HHRG and the Defendant entered into a valid contract containing the terms alleged by Plaintiff;

Second, that the Defendant breached the Contract; and

Third, that the defendant's breach caused a loss to HHRG.

**Authority:**  Flexben Corp. v. Evolution Benefits, Inc., Civ. Action No.3:05CV954, 2005 WL 2146088, at *10 (D. Conn., Aug. 28, 2005); Chem-Tek, Inc. v. General Motors Corp., 816 F. Supp. 123, 131 (D. Conn. 1993).

**1.3    First Element – The Contract.**

### 1.3.1.  Express Contract.

Contracts may be express or implied.  If the agreement is shown by the direct words of the parties, spoken or written, the contract is an express one.  If such agreement can only be shown by the acts and conduct of the parties, interpreted in the light of the subject matter and of the surrounding circumstances, then the contract is an implied one.

**Authority:**  Connecticut Judicial Branch Civil Jury Instructions No. 3.1 (Revised to April 3, 2000); Boland v. Catalano, 202 Conn. 333, 336-37 (1987); Skelly v. Bristol Savings Bank, 63 Conn. 83, 87 (1893); Atlas v. Miller, 20 Conn. App. 680, 683 (1990); Hale v. Benvenuti, Inc., 38 Conn. Sup. 634, 638-39 (1983); Restatement (Second) of Contracts § 4 (1979).

### 1.3.2   Meeting of the Minds.

In order to form a binding contract, there must be mutual assent or a meeting of the minds at the time the contract was formed. In order for there to be a meeting of the minds, the parties must agree that they have entered into a contract and must have similar understanding as to the essential terms.  The making of a contract does not depend upon the secret intention of either party, but upon the intention manifested by the words or acts of the parties.

**Authority:**  Connecticut Judicial Branch Civil Jury Instructions No. 3.6 (Revised to April 3, 2000); Bridgeport Pipe Engineering Co. v. DeMatteo Construction Co., 159 Conn. 242, 249 (1970); Hoffman v. Fidelity & Casualty Co., 125 Conn. 440, 443-44 (1939); Thames River Recycling Inc. v. Galb, 50 Conn. App. 767, 775-78 (1998).

### 1.3.3   Effect of Contract Language.

The parties have a dispute as to whether the 1998 and 1999 Contracts provide for the Defendant to assure that no unsecured advances would be made to companies in Third World countries.  Plaintiff claim that the Defendant was obligated to perform this service under the 1998 Contract, and the Defendant claims that it was not so obligated.  Plaintiff must prove by a preponderance of the evidence that the Contract contained the terms <u>it</u> seeks to enforce.

To determine whether the contract provided that the Defendant was obligated to assure that no unsecured advances would be made to companies in third world countries, you must decide whether it was the parties' intent to so provide.  The first place to look to find the parties' intent is the wording that was used in the contract.  Words in a contract are to be given their ordinary meaning, unless they are special terms of trade or the parties have given them special meaning.

**Authority:**  Connecticut Judicial Branch Civil Jury Instructions No. 3.15 (Revised to December 31, 1998); <u>Tomlinson v. Board of Education</u>, 226 Conn. 704, 722 (1993); <u>Southern New England Contracting Co. v. Norwich Roman Catholic Diocesan Corp.</u>, 175 Conn. 197, 199 (1978); <u>Barnard v. Barnard</u>, 214 Conn. 99, 110 (1990).


### 1.3.4    Interpret Contract as a Whole.

When determining the intent of the parties, you should consider all relevant provisions of the Contract.  Assume that all language of the Contract is necessary, unless this would be unfair or unreasonable.

**Authority:**  Connecticut Judicial Branch Civil Jury Instructions No. 3.19 (Revised to December 31, 1998); <u>White v. Kampner</u>, 229 Conn. 465, 473 (1994); <u>Barnard v. Barnard</u>, 214 Conn. 99, 109 (1990); <u>Lar-Rob Bus Corp. v. Fairfield</u>, 170 Conn. 397, 407 (1976).


### 1.3.5    Effect of Incorporated Documents.

Plaintiff claims that the Service Plan is part of the 1998 Contract.  The Defendant denies that it is part of the Contract.  If you find that the contracting parties entered into a contract that refers to another document in such a manner as to establish that they intended to make the terms and conditions of that other document part of their contract, you should interpret that incorporated document as part of the contract between the parties according to the rules I have given you for interpreting contracts. The documents incorporated need not be attached to the contract nor signed nor initialed to be part of the contract unless the contract so requires.

**Authority**:  Connecticut Judicial Branch Civil Jury Instructions No. 3.20 (Revised to December 31, 1998); <u>Randolph Construction Co. v. Kings East Corp.</u>, 165 Conn. 269, 275 (1973); <u>Better Building Materials Co. v. Kirschner</u>, 142 Conn. 1, 7 (1954).

### 1.3.6    <u>Consideration of Surrounding Circumstances.</u>

If you cannot determine the parties' intent from the language of the written contract, you may interpret the contract language in light of the situation of the parties and the circumstances surrounding the making of the contract. You also may consider the motives of the parties and the ends that they sought to accomplish by their contract.

However, the circumstances surrounding the making of a contract, the purposes that the parties sought to accomplish, and their motives cannot prove an intent contrary to the plain meaning of the contract language.

**Authority**:  Connecticut Judicial Branch Civil Jury Instructions No. 3.16 (Revised to December 31, 1998); <u>United Technologies Corp. v. Groppo</u>, 238 Conn. 761, 772-73 (1996); <u>Zullo v. Smith</u>, 179 Conn. 596, 601 (1980); <u>Fairfield v. D'Addario</u>, 149 Conn. 358, 362 (1962); <u>Colonial Discount Co. v. Avon Motors, Inc.</u>, 137 Conn. 196, 200 (1950).

### 1.3.7    <u>Contract Construed Against the One Who Drew It.</u>

If you are unable to determine the intent of the parties from the language and the surrounding circumstances, you may construe that language against the Defendant, the party who wrote the Engagement Letter and the Service Plan.

However, you should not construe the contract against the Defendant, the party who drafted the Engagement Letter and the Service Plans, if it leads you to a result that was not intended by the parties or if it leads you to a result that is not a reasonable meaning of the Contract.

**Authority**:  Connecticut Judicial Branch Civil Jury Instructions No. 3.18 (Revised to December 31, 1998); <u>Sturman v. Socha</u>, 191 Conn. 1, 9 (1983); <u>Southern New England Contracting Co. v. State</u>, 165 Conn. 644, 656 (1974); <u>Ravitch v. Stollman Poultry Farms, Inc.</u>, 165 Conn. 135, 145-46 (1973).

### 1.3.8    <u>Courts Do Not Make Contracts.</u>

It is not your function to remake the Contracts or to change the terms of the Contracts. You must determine the intent of the parties from the Contracts the

parties themselves made and apply the terms of those Contracts that the parties in fact made.

**Authority:** Connecticut Judicial Branch Civil Jury Instructions No. 3.17 (Revised to December 31, 1998); <u>Bank of Boston Connecticut v. Schlesinger</u>, 220 Conn. 152, 159 (1991); <u>Barnard v. Barnard</u>, 214 Conn. 99, 110 (1990); <u>Jay Realty, Inc. v. Ahearn Development Corp.</u>, 189 Conn. 52, 55 (1983).

### 1.4    <u>Second Element -- Contract Breach.</u>

Plaintiff must prove by a preponderance of the evidence that the Defendant breached the Contract.  A breach of contract occurs where a party fails to perform as required by the contract.

### 1.5    <u>Third Element -- Actual Damages.</u>

If you find that the Defendant breached its Contract with HHRG, then you must determine whether the breach caused HHRG injury.  Plaintiff must prove by a preponderance of the evidence that HHRG was injured by the Defendant's breach. The fact of damage differs from the measure of damage, which I will discuss with you later.  Plaintiff meets its burden of proving the damage element of its breach of contract claim by showing injury from the breach complained of.

### 1.6    <u>Breach of Contract -- Summary Instruction.</u>

If you find that Plaintiff has proven each of the three elements of its breach of contract claim, then you should respond "Yes" to Interrogatory Number ___ on the Jury Interrogatory Form.  Then you should consider the issue of damages before rendering your verdict on the breach of contract claims.  Shortly, I will discuss with you the manner in which you should calculate damages for Plaintiff in the event you find that it has met its burden of proof on the breach of contract claim.

If you find that they have not proven each of the three elements of a breach of contract claim, then you should respond "No" to those Interrogatories, and enter a verdict in the Defendant's favor on the verdict form for Plaintiff under the First Count of its Complaint.

### 2.    PROFESSIONAL/ACCOUNTING MALPRACTICE.

### 2.1    <u>Plaintiff's Claim.</u>

In the Second Count of the Complaint, Plaintiff alleges that the Defendant committed professional malpractice in connection with its 1997 and 1998 Audits and that the Defendant's malpractice caused HHRG's damages.  Malpractice is a violation by a professional of the standard of care ordinarily exercised by a prudent member of a profession, in this case the accounting profession, which causes damage.

## 2.2     Accountant's Malpractice – Elements.

In order to prove that the Defendant committed professional malpractice, Plaintiff must prove four elements:

First, that the Defendant owed HHRG a duty to exercise reasonable care in its rendition of professional services;

Second, that the Defendant breached that duty;

Third, that the Defendant's breach caused HHRG to suffer damage; and

Fourth, that HHRG was damaged.

**Authority:**  Gerber Trade Finance, Inc. v. Davis Sita & Co., P.A., 128 F.Supp. 2d 86, 95 (D. Conn. 2001); Updike, Kelly & Spellacy, P.C. v. Berk et al., 209 Conn. 613, 648 (2004).

## 2.3     First Element -- Duty of Care, Generally.

A duty of care may arise from a contract or from circumstances under which a reasonable person, given what he knew or should have known, would anticipate the harm of the general nature of that suffered was likely to result from his act or failure to act.

If harm of the same general nature as that which occurred here was foreseeable, it does not matter if the manner in which the harm that actually occurred was unusual, bizarre or unforeseeable.

**Authority:**     Connecticut Judicial Branch Civil Jury Instructions No. 2.7 (Revised to December 31, 1998); Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375 (1982); Pisel v. Stamford Hospital, 180 Conn. 314, 332-33 (1980); Orlo v. Connecticut Co., 128 Conn. 231, 237 (1941); O&G Industries, Inc. v. New Milford, 29 Conn. App. 783, 790 (1992), aff'd, 229 Conn. 303 (1994); Torretti v. Berth, 48 Conn. Supp. 54, 55-56 (Conn. Supp. 2003).

### 2.3.1    Standard of Care – Professionals.

In addition, one who undertakes to render services in the practice of a profession or trade is required to exercise the skill and knowledge normally possessed by members of that profession or trade in good standing in similar communities.  Therefore, the Defendant was required, apart from any express contractual obligation, to exercise the reasonable care and competence expected of persons in the accounting profession with respect to the performance of the professional services the Defendant rendered to HHRG.

**Authority**:    Restatement (Second) of Torts §299A (1965); Boone v. W. Backus Hospital, 272 Conn. 551, 562 (2005); Gold v. Greenwich Hospital Assn, 262 Conn. 248, 254 (2002); Curtis Packaging Corp. v. KPMG, LLP, No. X06CV990156558S, 2002 WL 31015828, at*2 (Conn. Super. July 31, 2002); Collins v. Esserman & Pelter, 681 N.Y.S. 2d 399, 401 (3d Dept. 1998); Unadilla Silo Co., Inc. v. Ernst & Young, 651 N.Y.S. 2d 216, 217 (3d Dept., 1996).

### 2.3.2    Reasonable Care.

In determining the care that a reasonably prudent accountant would use in the same circumstances, you should consider all of the circumstances that were known or should have been known to the Defendant at the time of the conduct in question. Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances. It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised.

**Authority:**  Connecticut Judicial Branch Civil Jury Instructions No. 2.4 (Revised to December 31, 1998); Galligan v. Blais, 170 Conn. 73, 77 (1976); Pleasure Beach Park Co. v. Bridgeport Dredge & Dock Co., 116 Conn. 496, 503 (1933); Geoghegan v. G. Fox & Co., 104 Conn. 129, 134 (1926).

## 2.4    Second Element -- Breach of the Duty of Care.

The second element of a professional malpractice claim is a breach of the duty of care.  Plaintiff alleges a number of specific ways in which the Defendant committed malpractice.

If you find that the Plaintiff proved by a preponderance of the evidence that the Defendant failed to exercise the skill and knowledge normally possessed by members of the accounting profession when rendering services to HHRG, you must find that the Defendant breached the standard of care.

8

**Authority:**     Restatement (Second) of Torts § 299A (1965); <u>Boone v. W. Backus Hospital</u>, 272 Conn. 551, 562 (2005); <u>Gold v. Greenwich Hospital Assn</u>, 262 Conn. 248, 254 (2002); <u>Curtis Packaging Corp. v. KPMG, LLP</u>, No. X06CV990156558S, 2002 WL 31015828, at*2 (Conn. Super. July 31, 2002).

### 2.4.1  Specifications of Negligence – Complaint.

Specifically, Plaintiff alleges that the Defendant violated the standard of care required of accountants and required by the Contract in the following ways:

1)      by failing to communicate to the HHRG Board of Directors or the Board or Audit Committee of HHRG's parent company that a material amount of unsecured advances had been made in violation of HHRG's policy and were not detected by HHRG's internal control system, a reportable condition under GAAS;

2)      by failing to exercise due professional care, to comply with Generally Accepted Auditing Standards and AICPA guidelines, and to apply professional skepticism in planning and performing its audits, and preparing its reports;

3)      by failing to adequately plan its audit work and supervise accordingly;

4)      by failing to obtain sufficient competent evidentiary matter to support its unqualified audit opinions;

5)      by failing to adhere to the recognized principle of accounting that offsetting of assets and liabilities in a balance sheet is improper except where a right of offset exists;

6)      by failing to identify in its audit report or otherwise require HHRG to adjust its financial statements for the misstatements it knew about and for the disclosures that it knew should have been included therein in accordance with GAAP;

7)      by failing to warn the Board of Directors of HHRG of irregularities, discrepancies and violations of HHRG policies, credit procedures, and the financing facilities in the operation of its business by some of its employees;

8)      by failing to warn HHRG's Board of Directors that the Defendant was not taking the steps and procedures outlined in its service agreement and required to assure the collectibility of foreign accounts receivable; and

9)      by failing to adequately render its services to assure that advances were not made to third world companies without precious metal in the possession of HHRG to cover such advances.

Plaintiff further claims that, as a result of the Defendant's negligence and carelessness, HHRG suffered damages.

**Authority:**    Connecticut Judicial Branch Civil Jury Instructions No. 2.1 (Revised to December 31, 1998); <u>Sharkey v. Skilton</u>, 83 Conn. 503, 508 (1910).

### 2.4.2    Not Necessary to Prove Each Instance of Negligence.

To prove malpractice, it is not necessary for Plaintiff to prove that the Defendant was negligent in all of the ways claimed.  Proof that the Defendant was negligent in just one of the ways claimed is sufficient to prove malpractice for the claim.

**Authority:**  Connecticut Judicial Branch Civil Jury Instructions No. 2.10.

## 2.5    Third Element -- Legal Cause.

The third element of a professional malpractice claim is causation.  If you find that the Defendant committed malpractice in any of the ways alleged by the Plaintiff, you must next decide if such malpractice was a cause of any of the claimed injuries. "Cause" has two components: "cause in fact" and "proximate cause."

**Authority:**  Connecticut Judicial Branch Civil Jury Instructions No. 2.29 (Revised to December 31, 1998); <u>Doe v. Manheimer</u>, 212 Conn. 748, 757 (1989).

### 2.5.1    Cause in Fact.

A cause in fact is an actual cause. The test for cause in fact is, simply, "Would the injury have occurred were it not for the Defendant's negligence?" If your answer to this question is "yes," then the Defendant's malpractice was not a cause in fact of the Plaintiffs' injuries.

**Authority:**  Connecticut Judicial Branch Civil Jury Instructions No. 2.30 (Revised to December 31, 1998); <u>Doe v. Manheimer</u>, 212 Conn. 748, 757 (1989); <u>Shaunessy v. Morrison</u>, 116 Conn. 661, 666 (1933).

### 2.5.2    Proximate Cause – Definition.

Malpractice is a proximate cause of an injury if it was a substantial factor in bringing the injury about.

**Authority**:  Connecticut Judicial Branch Civil Jury Instructions No. 2.31  (Revised to December 31, 1998); Mather v. Griffin Hospital, 207 Conn. 125, 130 (1988); Pilon v. Alderman, 112 Conn. 300, 301 (1930); Mahoney v. Beatman, 110 Conn. 184, 195 (1929).

### 2.5.3   Proximate Cause - Substantial Factor.

Negligence is a substantial factor in bringing about an injury if it contributes materially to the production of the injury.

**Authority**:  Connecticut Judicial Branch Civil Jury Instructions No. 2.32  (Revised to December 31, 1998); Doe v. Manheimer, 212 Conn. 748, 757-58 (1989); Smiroff v. McNerney, 112 Conn. 421, 424-26 (1930); Mahoney v. Beatman, 110 Conn. 184, 198-99 (1929).

### 2.5.4   Proximate Cause - Multiple Causes.

Under the definitions I have given you, negligent conduct can be a proximate cause of an injury if it is not the only cause, or even the most significant cause of the injury, provided it contributes materially to the production of the injury, and thus is a substantial factor in bringing it about. Therefore, if the Defendant's negligence combined together with one or more other causes to produce an injury to Plaintiff, such negligence is a proximate cause of the injury if its contribution to the production of the injury, in comparison to all other causes, is material or substantial.

**Authority**:  Connecticut Judicial Branch Civil Jury Instructions No. 2.33  (Revised to December 31, 1998); Boileau v. Williams, 121 Conn. 432, 440 (1936); Mahoney v. Beatman, 110 Conn. 184, 198 (1929).  See also Restatement (Second) of Torts §439 ("If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious, or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability.").

### 2.5.5   Proximate Cause - Foreseeable Risk.

To prove that an injury is a reasonably foreseeable consequence of negligent conduct, Plaintiff need not prove that the Defendant actually foresaw or should have foreseen the extent of the harm suffered or the manner in which it occurred.  Instead, Plaintiff must prove that it is a harm of the same general nature as that which a

reasonably prudent person in the Defendant's position should have anticipated, in view of what the Defendant knew or should have known at the time of the negligent conduct.

**Authority:**  Connecticut Judicial Branch Civil Jury Instructions No. 2.35 (Revised to December 31, 1998); Mehri v. Becker, 164 Conn. 516, 521 (1973); Restatement (Second) of Torts §435(1) ("If the . . . [defendant's] conduct is a substantial factor in bringing about harm to another, the fact that the . . . [defendant] neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable.").

### 2.6    Fourth Element -- Actual Injury.

The fourth element which the Plaintiff must prove in order for you to find that the Defendant was negligent in rendering its professional services is a finding of actual injury.  In other words, Plaintiff must have demonstrated by a preponderance of the evidence that HHRG suffered harm caused by the Defendant's action or inaction when the Defendant rendered professional services to HHRG.  The fact of injury differs from the issue of the amount of damages, which I will discuss with you later.  In order to find that Plaintiff has met its burden with respect to its claim for professional malpractice, you need only find that HHRG suffered some injury proximately caused by the Defendant's malpractice.

**Authority:**  Colliers, Dow & Condon, Inc. v. Schwartz, 88 Conn. App. 445, 456-57 (2005); Right v. Breen, 88 Conn. App. 583, 586-87 (2005).

### 2.7    Professional Malpractice -- Summary Instruction.

If you find that Plaintiff has proven by a preponderance of the evidence each of the four elements of its claims for professional malpractice, then you should respond "Yes" to Interrogatory Number __ on the Jury Interrogatory Form.  Then you should consider the issue of damages before rendering your verdict on their professional malpractice claims.  Shortly, I will discuss with you the manner in which you should calculate damages in the event you find that Plaintiff has met its burden of proof on the professional malpractice claim.

If you find that Plaintiff has not proven each of the four elements of professional malpractice, then you should respond "No" to those Interrogatories, and

enter a verdict in the Defendant's favor on the verdict forms for the Second Count of the Complaint.

## 3.    NEGLIGENT MISREPRESENTATION

### 3.1    Plaintiff's Claims.

In the Third Count of the Complaint, Plaintiff claims that the Defendant committed negligent misrepresentation.  Specifically, Plaintiff alleges that the Defendant negligently misrepresented:

> 1)    that the Defendant had performed its audit and review of the financial statements of HHRG and presented business advice to HHRG from 1996 through 1999 in accordance with industry standards, its commitments, the AICPA guidelines and GAAS;
>
> 2)    that HHRG management was in compliance with corporate policy, including that advances were not made to companies in third world countries without metal in HHRG's possession; and
>
> 3)    that HHRG's audited financial statements, especially with regard to the treatment of advances and transactions in third world countries, fairly presented the financial condition, cash flow positions and financial results of HHRG; and

In addition, Plaintiff alleges that the Defendant failed to disclose to HHRG information about advances to companies in third world countries that it collected during its audit. Plaintiff further claims that, as a result of the Defendant's negligent misrepresentations and non-disclosures, HHRG was damaged.

### 3.2    Negligent Misrepresentation Generally.

The guiding principle behind a claim of negligent misrepresentation is that "[o]ne who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information,  if he fails to exercise reasonable care or competence in obtaining or communicating the information."

**Authority:**   Updike, Kelly & Spellacy, P.C. v. Beckett, 269 Conn. 613, 643 (2004); Beverly Hills Concepts, Inc. v. Schatz & Schatz, Ribicoff & Kotkin, 247 Conn. 48, 57 (1998); D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 218 (1987).

### 3.3    Negligent Misrepresentation – Elements.

To prevail on its claim of negligent misrepresentation, Plaintiff must prove four separate elements, namely,

First, that the Defendant provided HHRG with false information;

Second, that the Defendant failed to exercise reasonable care in obtaining or communicating the information to HHRG;

Third, that HHRG justifiably relied on the false information;

Fourth, that HHRG suffered damages as a result of its reliance.

**Authority:**  Updike, Kelly & Spellacy, P.C. v. Beckett, 269 Conn. 613, 643 (2004); Beverly Hills Concepts, Inc. v. Schatz & Schatz, Ribicoff & Kotkin, 247 Conn. 48, 57 (1998); D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 218 (1987), citing Restatement (Second) of Torts §552 (1979); Beck v. Pare, No. CV02081954S, 2003 WL 2146763, at *3 (Conn. Super. Ct., May 23, 2003, Wagner, J.T.R.) (elements of claim for negligent failure to disclose are the same as those for negligent misrepresentation).

### 3.4    First Element -- Misrepresentation of Fact.

As to the first element, Plaintiff must prove by a preponderance of the evidence that the Defendant made a misrepresentation of fact.  A statement of fact is a misrepresentation when it contains false information.  The rule applies not only to statements concerning the existence of facts, but also to an opinion given upon facts equally well known to both parties.  Moreover, a failure to disclose information can be considered a misrepresentation where a party has a duty to, but fails to, disclose that information.

**Authority:**  Daley v. Aetna Life & Casualty Co., 249 Conn. 766, 792-93 (1999) (a misrepresentation is a statement containing false information); Restatement (Second) of Torts §552, cmt. b (1979);  Beck v. Pare, No.CV02081954S, 2003 WL 2146763, at *3 (Conn. Super. Ct., May 23, 2003, Wagner, J.T.R.); Restatement (Second) of Torts § 539 (a "statement of opinion as to facts not disclosed and not otherwise known to the recipient may, if it is reasonable to do so, be interpreted as an implied statement (a) that the facts known to the maker are not inconsistent with the opinion; or, (b) that he knows facts sufficient to justify him in forming it.").

**3.5    Second Element – Breach of Duty of Reasonable Care.**

Second, Plaintiff must prove that the Defendant failed to exercise reasonable care or competence in obtaining or communicating information to HHRG.  The standard of care is the same as that which you have applied to the Plaintiffs' malpractice claim.  The Defendant must exercise the skill and knowledge normally possessed by members of the accounting profession.

**Authority:**  Restatement (Second) of Torts § 552 (1979).

**3.6    Third Element -- Reliance.**

Third, Plaintiff must prove that HHRG justifiably relied on the Defendant's misrepresentations.  In order to find that the Plaintiffs justifiably relied on a misrepresentation, you must find that the misrepresentation was material.  By that, I mean that it must have been of such a nature that, if the Defendant had provided HHRG with accurate information, the accurate information would have had a substantial influence upon HHRG in determining its actions.  The misrepresented fact need not be the sole influence upon which HHRG acted, but one which, had it known about it, would have been a substantial factor in determining its actions.

**Authority:**  D. Wright, Connecticut Jury Instructions, §341.

**3.7    Fourth Element -- Damages.**

Finally, in order to find for the Plaintiff on the claim for negligent misrepresentation against the Defendant, you must find that the Plaintiff suffered damages as a result of its reliance on the Defendant's statements.

**3.8    Negligent Misrepresentation – Summary Instruction.**

If you find that the Plaintiffs has proven by a preponderance of the evidence each of the four elements of the claim concerning negligent misrepresentation made to and relied on by HHRG, then you should respond "Yes" to Interrogatory Number __ concerning Plaintiff's claim on the Jury Interrogatory Form.

If you find that Plaintiff has not proven each of the four elements of negligent misrepresentation, then you should respond "No" to those Interrogatories, and enter a verdict in the Defendant's favor on the verdict form.

Shortly, I will discuss with you the manner in which you should calculate damages for the Plaintiff in the event that you find that it has met its burden of proof on the negligent misrepresentation claim.

## 4.    DAMAGES

### 4.1    Damages, Generally.

#### 4.1.1.    Consider Damages Only if Necessary.

If the Plaintiff has proven by a preponderance of the credible evidence that the Defendant is liable on any of its claims, then you must determine the damages to which Plaintiff is entitled.  However, you should not infer that Plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that Plaintiff is entitled to recovery.

**Authority**:  L.B. Sand, Modern Federal Jury Instructions, ¶77.01, Instruction 77-1.

#### 4.1.2    Proof of Amount.

Plaintiff must prove the amount of any damages to be awarded.  The evidence must give you a sufficient basis to estimate the amount of damages to a reasonable certainty.  Computing damages may be difficult, but you must not let that difficulty lead you to guess, speculation or conjecture.  On the other hand, the law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

**Authority**:  L. B. Sand, Modern Federal Jury Instructions, ¶77.03, Instruction 77-3; Connecticut Judicial Branch Civil Jury Instructions No. 3.80 (Revised to April 3, 2000); Beverly Hills Concepts, Inc. v. Schatz & Schatz, Ribicoff & Kotkin, 247 Conn. 48, 69 (1998).

### 4.1.3   Difficulty in Approximating Damages.

If the wrongful conduct of a defendant has made the calculation of damages difficult, such a difficulty is not a reason not to award damages. If, from the very nature of the situation, the amount of loss cannot be proven with exactitude, then all that is required is that the evidence, with the certainty as the nature of the particular case may permit, lay a foundation that will enable you to make a fair and reasonable estimate. Mere difficulty in the assessment of damages is not sufficient reason for refusing damages when a right to them has been established.

Reasonable certainty of proof of the amount of damages is all that is required. The amount may be determined approximately upon reasonable inferences and estimates. Moreover, a damage theory may be based on assumptions so long as the assumptions are reasonable in light of the record evidence.

**Authority:**  Grant v. West Haven Gardens Co., 181 Conn. 379, 387-88 (1980); United Aircraft Corp. v. International Assn. of Machinists, 161 Conn. 79, 104 (1971); Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc., 234 Conn. 1, 33 (1995); Westport Taxi Serv., Inc. v. Westport Transit District, 235 Conn. 1, 28 (1995).

### 4.1.4   Multiple Claims.

Plaintiff has claimed damages for each of its three claims. However, you should not award damages more than once for the same injury. For example, if Plaintiff were to prevail on two claims and establish a one hundred dollar injury, you could not award it one hundred dollars compensatory damages on each claim --- it is only entitled to be made whole again, not to recover more than it lost. Of course, if different injuries are attributed to the separate claims, then you must compensate it fully for all of its injuries.

**Authority:**  L. B. Sand, Modern Federal Jury Instructions, ¶77.02, Instruction 77-2; see also Connecticut Judicial Branch Civil Jury Instructions No. 3.81.

### 4.2.   The Plaintiff's Damage Claims.

Under each of its three claims, Plaintiff claims that the Defendant's alleged misconduct caused HHRG the following damages:

First, the loss of the amounts of the unsecured advances;

Second, the loss of unauthorized consultant payments;

Third, excess remuneration for certain HHRG employees; and

Fourth, costs of investigation.

### 4.2.1    Differences between Contract Damages and Tort Damages.

Even though Plaintiff seeks the same measure of damages for each of its claims, the instructions for determining damages for breach of contract differ from those applicable to the malpractice and negligent misrepresentation claims. I will instruct you on damage determination for each. Please note that even though the instructions for damages differ, you may find that Plaintiff is entitled to the same damages for each of its three claims.

### 4.3    Contract Damages.

### 4.3.1    Introduction to Contract Damages.

If you find that the Defendant is liable to the Plaintiff for breach of contract, then you must determine the amount of money to award Plaintiff as contract damages. The following instructions tell you how to do that.

**Authority:**  Connecticut Judicial Branch Civil Jury Instructions No. 3.78 (Revised to April 3, 2000).

### 4.3.2    Contract Damages, Generally.

Damages for breach of contract include those damages caused by the breach. The role of assessing damages is that the damages award should place the injured party, so far as can be done by money, in the same position as it would have been had the contract been performed. Damages for breach of contract are measured as of the time of the breach. These damages may consist of:

- Direct Damages
- Consequential Damages
- Incidental Damages
- Lost Profit Damages

Each of which I will explain in a moment.

**Authority:**  Connecticut Judicial Branch Civil Jury Instructions No. 3-79 (revised to April 3, 2000); <u>Gordon v. Indusco Management Corp.</u>, 169 Conn. 262, 272 (1973); Restatement (Second) of Contracts § _____.

### 4.3.3    Expectation/Benefit of the Bargain/Make Whole

Any damages you award on Count I of Sharp's Complaint for breach of contract should be designed to place the plaintiff, so far as can be done by money, in the same position as that which HHRG would have been in had the contract been fully performed.  You should determine the fair and reasonable value, in money, of the position that HHRG would have been in concerning the assigned damages if the defendant had fully performed the contract.  Then you should determine the fair and reasonable value, in money, of the position HHRG was in at the time of the defendant's breach of the contract.  The difference between the amount for performance and the amount for breach should be part of your award of damages to Sharp, in addition to any consequential or incidental damages you award to Sharp pursuant to the following instructions.

### 4.3.4    Consequential Damages

If you find that any of the damages Plaintiff is seeking to recover were reasonably foreseeable to the defendant as the natural and probable result of its breach, then you should award to Plaintiff a fair and reasonable amount to compensate for that loss value.

### 4.3.5    Incidental Damages

In addition to consequential damages as I previously described, any damages you award on the breach of contract count brought by Plaintiff also may include amounts to compensate for incidental damages.  Incidental

damages are reasonable expenses incident to the breach.  Plaintiff claims

that the investigation expenses incurred by HHRG were incidental damages.

If you find that HHRG reasonably incurred those costs either in responding to

the breach or in securing the benefit that the defendant's performance was to

have provided, then you should award the fair and reasonable value of those

costs to Plaintiff as incidental damages.

**Authority:**  Connecticut Judicial Branch Civil Jury Instructions No. 3.88
(revised April 3, 2000).  *Curtis Packaging Corporation v. KPMG, LLP*, 2002
Conn.Super. LEXIS 2663 (July 31, 2002) at *19.


### 4.3.6   Consequential Damages.

Damages for breach of contract must be reasonably foreseeable to the

Defendant as the natural and probable results of its breach at the time the contract

was made. Loss may be foreseeable as a probable result of the breach because it

follows from the breach, either in the ordinary course of events, or it follows from the

breach as a result of special circumstances, beyond the ordinary course of events,

that the party in breach has reason to know of.

If you find that damage to HHRG's business value was reasonably

foreseeable to the Defendant as the natural and probable result of its breach, then

you should award a fair and reasonable amount to compensate it for its lost value.

**Authority:**  Connecticut Judicial Branch Civil Jury Instructions No. 3.87 (Revised to
April 3, 2000); Restatement (Second) of Contracts §351 (1979); <u>Gaynor Electric Co.
v. Hollander</u>, 29 Conn. App. 865, 869 (1993); <u>Coastal Power Int'l v. Transcontinental
Capital</u>, 10 F. Supp. 2d 345, 364, 368 (S.D.N.Y. 1998); <u>aff'd</u> 182 F.3d 163 (2d Cir.
1999).


### 4.3.7   Summary Instruction -- Breach of Contract Damages.

If you find that the Defendant breached the Contract, and that Plaintiff has

proven with reasonable certainty under the circumstances the damages alleged, you

should respond "Yes" to Interrogatory Number __, and enter a verdict in favor of

Plaintiff on the First Count of its Complaint on the Verdict Form under the First

Count, including the amount of damages in the space provided.

**4.4    Damages for the Malpractice and Negligent Misrepresentation Claims.**

**4.4.1    Compensatory Damages.**

The purpose of the law of damages for professional malpractice and negligent misrepresentation is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the Defendant's violation of rights. If you find that the Defendant is liable to the Plaintiff for either its professional malpractice or negligent misrepresentation claim, as I have explained them, then you must award sufficient damages to compensate Plaintiff for any injury proximately caused by the Defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the Plaintiff whole -- that is, to compensate for the damage that was suffered.

I remind you that you may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by the Defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that the Plaintiff has actually suffered.

**Authority:** L. B. Sand, Modern Federal Jury Instructions, ¶77.03, Instruction 77-3

**4.4.2    Plaintiff's Damages for Professional Malpractice and Negligent Misrepresentation.**

Plaintiff seeks damages for:

- the loss of the amounts of the unsecured advances;
- the loss of unauthorized consultant payments;
- excess remuneration for certain HHRG employees; and
- costs of investigation.

You must determine whether the Defendant's misconduct proximately caused these damages, and if so, the approximate amount of the damages.

**4.4.3    Summary Instruction – Professional Malpractice Damages.**

If you find that the Defendant committed professional malpractice, and that Plaintiff has proven with reasonable certainty under the circumstances the amount of damages proximately caused by the Defendant's malpractice and suffered by

HHRG, you should respond "Yes" to Interrogatory Number __, enter a verdict in favor of Plaintiff on the Second Count of its Complaint on the HHRG Verdict Form, and enter the amount of damages in the space provided.

### 4.4.4    Summary Instruction – Negligent Misrepresentation.

If you find that the Defendant committed negligent misrepresentation, and that Plaintiff has proven with reasonable certainty under the circumstances the amount of damages proximately caused by the Defendant's negligent misrepresentation and suffered by HHRG, you should respond "Yes" to Interrogatory Number __, enter a verdict in favor of Plaintiff on the Third Count of its Complaint on the Verdict Form, and enter the amount of damages in the space provided.

**[Alternative – To the extent Plaintiff's Motion in Limine is denied.]**

## 5.    THE DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant has asserted a number of defenses to Plaintiff's claims.  If you find that Plaintiff has proven each of the elements for each claim on which it has the burden of proof, your verdict should be for Plaintiff on that claim.  However, if you also find that the Defendant has proven an affirmative defense, you must follow my instructions concerning the input the affirmative defenses will have on your assessment of damages.  I will now instruct you how you should consider these defenses.

### 5.1    Mitigation of Damages.

The Defendant has asserted as an affirmative defense that HHRG has failed to mitigate its damages.  You are instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages.  The law imposes on an injured person the duty to take advantage of reasonable opportunities he may have to prevent the aggravation of his injuries, so as to reduce or minimize the loss or damage.

If you find the Defendant is liable and that Plaintiff has suffered damages, Plaintiff may not recover for any item of damage it could have avoided through such reasonable effort.  If HHRG unreasonably failed to take advantage of an opportunity to lessen its damages, you should deny recovery for those damages which it would have avoided had it taken advantage of the opportunity.

Bear in mind that the question of whether HHRG acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts.  Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself unreasonably or incur unreasonable expense in an effort to mitigate, and it is a defendant's burden to prove that the damages reasonably could have been avoided.  In deciding whether to reduce Plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendant has satisfied its burden of proving that HHRG's conduct was not reasonable.

**Authority:**  L. B. Sand, Modern Federal Jury Instructions, ¶77.07, Instruction 77-7; Fifth Circuit:  <u>Southport Transit Company v. Avondale Marine Ways, Inc.</u>, 234 F.2d 947, 951-54 (5th  Cir. 1956); Fifth Circuit Pattern Jury Instructions Nos. 7A, 7B, 7C; <u>Holladay v. Chicago, Burlington & Quincy Railroad Company</u>, 225 F. Supp. 879, 886 (S.D. Iowa 1966).


### 5.2     <u>Indemnification</u>

#### 5.2.1     <u>Defendant's Claims.</u>

The Defendant claims that Plaintiff is required to indemnify it for any damages that the Defendant is obligated to pay Plaintiff.  Indemnity is a legal requirement of one party to reimburse another party for specific losses.  In other words, Defendant claims that Plaintiff is required to reimburse the Defendant for any losses the Defendant is liable to pay to Plaintiff.

The Defendant asserts two theories for indemnification.  First, it claims that the parties' Contract requires Plaintiff to reimburse it for any damages it caused HHRG.  Second, it claims that Plaintiff is required to indemnify it for damages it caused to HHRG under a theory I will refer to as "common law indemnity."

***Source:***  *Seventeenth, Eighteenth and Nineteenth Affirmative Defenses.*

**Authority:**  Black's Law Dictionary, "indemnify," p. 772 (7th ed., 1999) ("indemnify" is synonymous with "to reimburse").


#### 5.2.2     <u>Contractual Indemnity – Defendant's Claims.</u>

The Defendant claims that the Contract between the parties for the 1998 Audit obligated Plaintiff to indemnify the Defendant for any and all damages arising out of circumstances where there has been a knowing misrepresentation by a member of HHRG's management to Defendant, including damages arising out of the Defendant's own breach of contract or negligence. The Defendant relies on a provision that appears in both the 1997 and 1998 Engagement Letters as the basis for its defense.

### 5.2.3   Elements of Contractual Indemnity Defense.

In order to prove its defense of contractual indemnity, the Defendant must establish by a preponderance of the evidence each of the following four elements:

First, that HHRG and the Defendant, the parties to the Contract, unmistakably expressed the intention to indemnify the Defendant for damages arising from its own negligent acts;

Second, that a member of HHRG management made a knowing misrepresentation to the Defendant in connection with the Audit;

Third, that the Defendant reasonably relied on that misrepresentation; and

Fourth, that the Defendant's reliance on that misrepresentation caused the Defendant's failure to report the unsecured Panexim advances to HHRG .

**Source:**  The Defendant's Eighteenth & Nineteenth Affirmative Defense & Counterclaim.

**Authority:**     Golden West Refining Group. Ltd. v. PricewaterhouseCoopers LLP, No. 3:02CV1379(MRK), 3:02CV1572(MRK), 3:02CV1803(MRK), 2004 WL 2549730, at *1 (D. Conn. Nov. 5, 2004).

### 5.2.4   First Element  -- The Parties' Agreement.

You must construe the parties' contract using the rules of contract interpretation I gave to you for Plaintiff 's breach of contract claim.  However for this particular provision, an indemnity provision, I must provide you with further instruction.

A party seeking indemnity for losses resulting from its own negligence or breach of contract can only obtain indemnity if the parties to the indemnity contract unmistakably expressed their intention that Plaintiff would indemnify the Defendant for damages arising from the Defendant's negligent actions or breach of contract.

**Authority:**     <u>Golden West Refining Group. Ltd. v. PricewaterhouseCoopers LLP</u>,
No. 3:02CV1379(MRK), 3:02CV1572(MRK), 3:02CV1803(MRK), 2004 WL 2549730,
at *1 (D. Conn. Nov. 5, 2004).

### 5.2.4.1.     <u>Contract Construction.</u>

As I instructed you before, when determining the parties' intent in entering the
contract, you must consider the words of the contract itself.  If you cannot determine
the parties' intent from the words of the contract, you may interpret the contract
language in light of the situation of the parties and the circumstances surrounding the
making of the contract.  You may also consider the motives of the parties and the
ends that they sought to accomplish by their contract.

**Authority:**     Conn. Judicial Branch Civil Jury Instructions Nos. 3.15 (Revised to
December 31, 1998),  3.16 (Revised to December 31, 1998).

### 5.2.5   <u>Second Element -- Knowing Misrepresentation.</u>

If you find that the parties intended that the Contract provide the Defendant
with the right to indemnity regardless of whether the losses arose from its own
negligence or breach of contract, then you must determine whether individual
members of HHRG management made a knowing misrepresentation to the
Defendant in the letter to the Defendant from HHRG management at the conclusion
of the 1998 audit.

### 5.2.6   <u>Contractual Indemnity – Summary Instruction.</u>

If you determine that the Defendant has proven by a preponderance of the
evidence each of the four elements necessary to prove the application of the
contractual indemnity provision, then you should find for the Defendant on its claim
for contractual indemnity.

### 5.2.7   <u>Common Law Indemnification.</u>

Defendant claims that it is entitled to have Plaintiff indemnify it for any
damages it must pay to Plaintiff under the theory of common law indemnity.  In order
for the Defendant to prevail on its theory of common law indemnity, it must prove by
a preponderance of the evidence the following four elements:

First, that HHRG was negligent;

Second, that HHRG's negligence, rather than the Defendant's negligence, was the direct, immediate cause of HHRG's damages;

Third, that HHRG was in control of the situation to the exclusion of the Defendant; and

Fourth, that the Defendant did not know of HHRG's negligence, had no reason to anticipate it, and could reasonably rely on HHRG not to be negligent.

If you find that the Defendant has proven each of these four elements, then you may find for the Defendant on its common law indemnity defense.

**Authority:**    Fifield v. South Hill Ltd. Partnership, 20 F. Supp.2d 366, 368 (D. Conn. 1998); Kaplan v. Merberg Wrecking Co., 152 Conn. 405, 412 (1965).

**5.3    Comparative Negligence Defense.**

### 5.3.1    The Defense as Alleged.

The Defendant has alleged a defense called "comparative negligence." Specifically, the Defendant alleges that HHRG's injuries were legally caused by HHRG's own negligence and carelessness because HHRG failed to review, to obtain, or properly to analyze or construe information available to it concerning the advances made to South American companies.  HHRG denies that it caused its own damages.

This defense applies only to HHRG's claims of professional malpractice and negligent misrepresentation, and not to its claim of breach of contract.

### 5.3.2.    Elements of Comparative Negligence.

Before you can apply comparative negligence rules, you must first conclude that the Defendant has proven by a preponderance of the evidence the following three elements:

First, that HHRG had a duty to discover and prevent the violations of its own policies that resulted in the unsecured advances made to Panexim;

Second, that HHRG violated that duty; and

Third, that HHRG's violation of its duty caused its own damages.

Keep in mind, as I have instructed you previously, in order to find that HHRG caused its own damages, you must find that the Defendant has proven by a preponderance of the evidence that HHRG was both the legal cause and the proximate cause of its own damages.

**Source:**  Fourteenth Affirmative Defense.

**Authority:**  Connecticut Judicial Branch Civil Jury Instructions No. 2.37 (Revised to December 31, 1998).

### 5.3.2.1  HHRG's Liability for the Acts of Agents.

In various relationships between two or more parties, the law imposes liability upon one party for the acts of another.  Thus, where an agency is established, the principal is liable for the acts of the agent committed within the scope of his employment.  In turn, agency is the relationship that results from the manifestation of consent by one person (known as the agent) to another person (known as the principal) that the other shall act on the principal's behalf and subject to the principal's control, and consent by the agent so to act.  Furthermore, unless otherwise agreed, an agent is subject to a duty to his principal to act solely for the benefit of the principal in all matters connected with his agency.

If you find that the Defendant has proven by a preponderance of the evidence that HHRG's agents were acting solely for the benefit of HHRG in all matters connecting with their agency including employment by HHRG, then you may proceed with the inquiry into the elements of negligence I have previously described to you.  On the other hand, if you find that the Defendant has not proven by a preponderance of the evidence that HHRG's agents were acting for the benefit of HHRG in all matters connected with their agency, including employment by HHRG, you must find that HHRG's injuries were not legally caused by HHRG's own negligence and may not apply the rules of Comparative Negligence that I will describe to you.

**Authority:**    Wright & Ankerman, Conn. Jury Instructions (Civil) (4th  Ed.) § 21a (1993); Wright FitzGerald & Ankerman. Conn. Law of Torts (3rd Ed.) § 63 (1991); Restatement (Second) of Agency §§1, 387 (1958).

### 5.3.3  Audit Interference Rule.

There is an exception to the Comparative Negligence defense that I just explained to you known as the audit interference rule.  Under this rule, HHRG's alleged comparative negligence will not provide a defense to the Defendant's alleged professional malpractice and negligent misrepresentation unless the Defendant proves by a preponderance of the evidence the following additional two elements:

First, that HHRG's conduct substantially impeded the Defendant's ability to do its work; and,

Second, that the interference was a substantial factor in the Defendant's failure to comply with its duty of care as a professional accountant.

Thus, HHRG's negligence must have prevented the Defendant from performing its audit duties.  If you find that HHRG substantially impeded the Defendant as the Defendant attempted to carry out its audit responsibilities in accordance with GAAS, then you must assess responsibility to HHRG in accordance with the rules I will discuss with you.  On the other hand, if you find that HHRG did not substantially impede the Defendant's ability to carry out its audit responsibilities, then you may not assign any negligence to HHRG under the comparative negligence rule.

**Authority:**  Curtis Packaging Corp. v. KPMG, LLP, No. X06CV990156558S, 2002 WL 31015828 at *5-6 (Conn. Super. July 31, 2002); Steiner Corp. v. Johnson & Higgins of Calif., 135 F.3d 684, 688 (10th Cir. 1998); Shapiro v. Glekel, 380 F. Supp. 1053, 1057 (S.D.N.Y. 1974); Collins v. Esserman & Pelter, 681 N.Y.S. 2d 399, 402 (3rd  Dept. 1998);  National Surety Corp. v. Lybrand, 9 N.Y.S. 2nd  554, 563 (1st Dept. 1939); Lincoln Grain, Inc. v. Coopers & Lybrand, 345 N.W.2d 300, 307 (Neb. 1984); Jewelcor Jewelers and Distributors, Inc. v. Corr, 542 A.2d 72, 79-80 (Pa. 1988); Fullmer v. Wohlfeiler & Beck, 905 F.2d 1394, 1399 (10th Cir. 1990); Board of Trustees of Community College, Dist. No. 508 v. Coopers & Lybrand, 803 N.E.2d 460, 467-68 (Ill. 2003); Greenstein, Logan & Co. v. Burgess Mktg., Inc., 744 S.W.2d 170, 190 (Tex. App. Waco 1987); Comeau v. Rupp, 810 F. Supp. 1127, 1152 (D. Kan. 1992); Stroud v. Arthur Andersen & Co., 37 P. 783, 790 (Okla. 2001).

### 5.3.4   Rules of Comparative Negligence.

As I have explained, HHRG has claimed that the damages to HHRG's business were caused by the Defendant's negligence and the Defendant has claimed that they were caused by HHRG's own negligence. If you find that negligence on the part of each party was a substantial factor in causing the damages, then the law is that HHRG can recover damages from the Defendant only to the extent of the Defendant's fault and may not recover damages to the extent that HHRG itself was at fault.

If HHRG was more at fault than the Defendant, then HHRG cannot recover any damages.

Here is an example to make this rule clear: If HHRG was  20% at fault and the Defendant was 80% at fault,  HHRG recovers 80% of its damages. If HHRG was 50% at fault and the Defendant was 50% at fault, HHRG recovers 50% of its

damages. However, if HHRG was more than 50% at fault, it was more at fault than the party it has sued, and it recovers no damages.

Just as an example, suppose HHRG's total damages were $100. If HHRG was 30% at fault and the Defendant was 70% at fault, HHRG would recover 70% of the $100, or $70. HHRG would thus not receive payment for the part of its damages caused by its own negligence. Obviously, the numbers used are just for the sake of an example. I could have used $10,000 or $10 million.

**Authority:**  Connecticut Judicial Branch Civil Jury Instructions No. 2.40 (Revised to May 1, 2003).

### 5.3.5.  Summary Instruction for Comparative Negligence.

If you assign a percentage of negligence to HHRG, place the percentage of negligence so assigned in the space provided following interrogatory __ on the Jury Interrogatory Form.

## 6.    Imputation of an Agent's Knowledge and Action.

### 6.1    Corporations and Partnerships Act Through Their Agents.

Corporations, like HHRG, act through their employees, officers, directors and other agents.  Partnerships, like the Defendant, act through their employees, officers, partners, and other agents.

### 6.2    Imputation of Knowledge.

An employee's knowledge of falsity is imputed to the employee's employer when the employee was acting in the course of employment and for the benefit of the employer.  Said another way, there is to be imputed to a principal all knowledge gained by an agent while acting as the agent of the principal and within the scope of his authority.

In order to impute the knowledge of the agent to the principal, the agent must act in a matter in which he is required or authorized to act, and the information must necessarily be related to that matter and affect the liability of the company.  This requirement rests on the ground that the agent stands in the place of the principal for the particular transaction, and in effect is the principal.

However, the imputation rule is subject to a significant exception that provides that knowledge of an agent will not ordinarily be imputed to his principal when the agent is acting adversely to the principal's interest.  Where the agent in serving his own ends commits a fraud, his principal cannot be bound by his acts.

**Authority:**     3 Fed. Jury Prac. & Instr.  § 178.21 (5th Ed.);  Davis –Scofield Co. v. Agricultural Ins. Co., 109 Conn. 673, 682 (1929); E. Udolf, Inc. v. Aetna Casualty & Surety Co., 214 Conn. 741, 746 (1990); Mutual Assurance Co. of City of Norwich v. Norwich Savings Society, 128 Conn. 510, 513-14 (1942); Reardon v. Mutual Life Ins. Co., 138 Conn. 510, 516 (1952).